MORRISON & FOERSTER LLP
Stephen M. Colangelo
Tim A. O'Brien (TO – 0575)
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1888
(202) 887-1500
Attorneys for Defendants
Columbia Funds Series Trust f/k/a Nations Funds Trust
and William P. Carmichael

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DAWN LULEFF, on behalf of herself and all other similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; COLUMBIA FUNDS SERIES TRUST f/k/a NATIONS FUNDS TRUST; WILLIAM P. CARMICHAEL; and BANK OF AMERICA CORPORATION,<br><br>                Defendants. | Case No: 06-cv-1435 |

**MEMORANDUM OF DEFENDANTS NATIONS FUNDS TRUST AND
WILLIAM P. CARMICHAEL IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

dc-457012

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT .............................................................................................................. 5

I.    NEITHER NATIONS NOR CARMICHAEL IS SUBJECT TO THIS COURT'S
      PERSONAL JURISDICTION ........................................................................... 5

      A.    Nations is Not Subject to General Jurisdiction in this Court ................... 6

      B.    Nations is Not Subject to Specific Jurisdiction in this Court .................. 7

II.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY SLUSA ................................. 8

      A.    Plaintiff's Claims Are Premised on Misrepresentations and Omissions ............. 10

      B.    The Alleged Misrepresentations and Omissions Coincide with the
            Purchase of Securities ............................................................................ 12

III.  NEITHER NATIONS NOR CARMICHAEL BREACHED ANY FIDUCIARY
      DUTY OR AIDED AND ABETTED ANY SUCH BREACH OF FIDUCIARY
      DUTY ............................................................................................................... 13

      A.    Neither Nations Nor Carmichael Owe Plaintiff a Fiduciary Duty ....... 14

      B.    Neither Nations Nor Carmichael Aided or Abetted the Bank's Alleged
            Breach of Fiduciary Duty ....................................................................... 15

      C.    The Statute of Limitations for Breach of Fiduciary Duty Has Expired ............. 17

IV.   PLAINTIFF HAD NO CONTRACT WITH NATIONS OR CARMICHAEL .......... 18

V.    NEITHER NATIONS NOR CARMICHAEL HAS BEEN UNJUSTLY
      ENRICHED ...................................................................................................... 20

VI.   LULEFF'S REQUEST FOR AN INJUNCTION IS PREEMPTED BY THE
      INVESTMENT COMPANY ACT .................................................................... 21

CONCLUSION ........................................................................................................ 24

Defendants Columbia Funds Series Trust, f/k/a Nations Funds Trust ("Nations") and William P. Carmichael ("Carmichael"), respectfully submit this memorandum in support of their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

## INTRODUCTION

This suit is brought by Dawn Luleff ("Luleff"), a Missouri resident, on behalf of her daughter, also a Missouri resident, and has no connection with the State of New York. Luleff alleges that her daughter is the beneficiary of a Missouri trust maintained by the Bank of America, a North Carolina domiciliary, the assets of which were invested in Nations Funds, a Delaware statutory trust. Luleff asserts various state law claims for breach of fiduciary duty, breach of contract and unjust enrichment arising from the investment selections made by Bank of America. Despite the unique circumstances surrounding her claims, Luleff purports to bring this case as a class action.

Nations is an investment company that houses a series of mutual funds. William P. Carmichael ("Carmichael") is the Chairman of Nations' Board of Trustees. Plaintiff has not sufficiently alleged, nor can she, that Nations or Carmichael is subject to the general jurisdiction of this Court because neither Nations nor Carmichael maintains an office in New York or transacts business in New York, nor do any of the causes of action arise from acts that would subject Nations or Carmichael to this Court's long-arm jurisdiction.

Luleff's causes of action are premised on allegations of misrepresentation or omissions in connection with the purchase of securities and are, therefore, preempted by the Securities Litigation Uniform Standards Act.

dc-457012

Neither Nations nor Carmichael has a direct relationship with Luleff or her daughter, much less the relationship of trust and confidence necessary to establish a fiduciary relationship. Nor has Nations or Carmichael done anything that would provide "substantial assistance" to the Bank in its alleged breach of fiduciary duty to Luleff or her daughter. In fact, the provisions of the Investment Company Act and state law authorize the actions of which Luleff complains.

In addition, neither Nations nor Carmichael had any contractual relationship with Luleff or her daughter, and neither Luleff nor her daughter is a third-party beneficiary of contracts Nations had with others. Moreover, there is no factual allegation that Nations breached any contracts it had with others so as to cause harm to Luleff or her daughter. There is also no suggestion that Nations or Carmichael received a benefit that would be unjust for them to retain. To the contrary, Luleff complains that Nations paid too much for the services that it received.

Finally, Luleff's request for an injunction dictating the manner in which Nations selects and contracts with its investment advisors would interfere with the complex scheme regulating mutual funds and is preempted by federal law.

## STATEMENT OF FACTS

The Bank of America Corporation ("BAC") is a financial holding company with a number of subsidiaries, including the Bank of America, N.A. (the "Bank"). BAC and the Bank both maintain their principal place of business in Charlotte, North Carolina.

Nations, a Delaware statutory trust, is an investment company registered under the Investment Company Act of 1940 ("Investment Company Act"). Nations houses a family of mutual funds, now known as the Columbia Funds but formerly known as the Nations Funds. During the times at issue in the Complaint, Nations maintained its principal place of business in Charlotte, North Carolina. Contrary to Luleff's allegations, Nations does not actively conduct

business in New York.  Compl. ¶ 17; *see also* Exhibit 1 to Declaration of Tim O'Brien ("O'Brien Decl.").

Luleff complains that the Bank, acting in its fiduciary capacity in accordance with applicable state and federal laws and pursuant to the terms of the instrument creating the fiduciary account at issue, chose to invest assets from the fiduciary account in the Nations Funds. Nations has no direct relationship with Luleff or her daughter, and neither Luleff nor her daughter is a shareholder in Nations.  To the extent the Bank used funds from the fiduciary account to purchase shares of Nations Funds, the Bank as fiduciary is the shareholder in Nations.

The Investment Company Act and the SEC rules and regulations implementing it provide a detailed administrative scheme regulating investment companies such as Nations.  That administrative scheme expressly allows Nations to participate in the type of transactions that are at the root of Luleff's Complaint: the investment of trust assets into affiliated mutual fund shares.

Nations contracts with two subsidiaries of BAC to provide it with investment advisory and administrative services.[1]  These contracts, including the process by which they are approved and the fees charged for services provided, are regulated by the provisions of the Investment Company Act and the regulations promulgated by the Securities and Exchange Commission ("SEC") thereunder.  Pursuant to Delaware statute and the provisions of the Investment Company Act, Nations is governed by a Board of Trustees ("Board") elected by its shareholders and/or appointed by its Board.  *See* 15 U.S.C. § 80a-16(a); Del. Code Ann. tit. 12, § 3806.  Also,

---

[1]  O'Brien Affidavit, Exhibit 2, attached hereto, illustrates in a clear and concise manner the contractual relationships between Nations and Bank subsidiaries.  This Exhibit also illustrates that Nations is a separate and distinct legal entity.

in conformance with the Investment Company Act, no more that 60 percent of the members of the Board can be "interested persons" of the Bank.  15 U.S.C. §§ 80a-10(a) and 2(a)(19).

Nations is not part of the Bank's corporate family but instead is a public company whose shares are owned by the various individuals and entities who invest in it.  Nations uses Form N-1A designed by the SEC to register under the Investment Company Act to offer its shares to the public under the Securities Act of 1933.  Part A of Form N-1A governs the disclosures required in a prospectus.  *See* Form N-1A attached hereto as O'Brien Decl., Exhibit 3.  Among other things, part A proscribes the manner in which the fees and expenses of the fund must be disclosed.  *See* O'Brien Decl., Exhibit 3 at pp. 13-14.  It also specifies the disclosure required concerning the management of the fund, including the identity of and amounts paid to the adviser.  *See* O'Brien Decl., Exhibit 3 at pp. 17-18.

Beginning sometime prior to 2000, Luleff alleges that the Bank made a business decision to invest all fiduciary account assets in the Nations Funds.  Compl. ¶ 2.  The Bank invested the fiduciary account assets, including the trust assets to which Luleff claims her daughter is a beneficiary, in Primary A Shares of designated Nations Funds.  Primary A Shares do not have a front-end or contingent deferred sales charge (often referred to as a "Load"), are not subject to any redemption fees, and do not bear any Rule 12b-1 distribution fees.

The Bank provided beneficiaries of trust accounts with the prospectuses for the specific Nations Funds in which the Bank was investing assets.  A copy of a Nations' prospectus distributed during the relevant time period is attached hereto as O'Brien Decl., Exhibit 4.[2]  In

---

[2]  When ruling on a motion to dismiss, the Court may consider a document, such as the Nations Funds' prospectus, that is repeatedly referenced in the Complaint and is central to plaintiff's claims.  *See Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.  2001) (holding where "a
(Footnote continues on next page.)

fact, Luleff, as a co-fiduciary of her daughter's trust account, specifically authorized the Bank to invest the fiduciary account assets in the Nations Funds.  The prospectuses the Bank provided to the beneficiaries are the same prospectuses required by Form N-1A and used for the sale of shares to the general public.  Luleff admits that she received the prospectuses and other "disclosure documents" but now complains because the prospectuses did not address expense ratios of mutual funds offered by industry competitors or certain aspects of the investment advisor selection process.  *Id.* at ¶¶ 44, 32, 34.

**ARGUMENT**

**I.      NEITHER NATIONS NOR CARMICHAEL IS SUBJECT TO THIS COURT'S PERSONAL JURISDICTION**

The party seeking to invoke the jurisdiction of a federal court bears the burden to establish that personal jurisdiction exists.  *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994) (dismissing action because plaintiff failed to meet burden of proving personal jurisdiction existed).  To demonstrate personal jurisdiction, Luleff must establish either general jurisdiction, *i.e.,* that Carmichael or Nations has such continuous and systematic contacts with New York that they should reasonably be expected to be haled into court here, or specific jurisdiction, *i.e.,* that Carmichael or Nations has committed some specific act in New York that directly gives rise to her Complaint.  Luleff establishes neither.

---

(Footnote continued from previous page.)

plaintiff contends an offering prospectus contains material misrepresentations, the court may consider the prospectus as a whole despite the fact that the plaintiff did not annex the prospectus as an exhibit to its complaint").

### A.   Nations is Not Subject to General Jurisdiction in this Court

To establish general jurisdiction, Luleff must demonstrate that Nations maintained "continuous and systematic contacts" with New York. *Landoil Resources Corp. v. Alexander & Alexander Servs. Inc.,* 77 N.Y.2d 28, 33, 34, (1990). The New York Court of Appeals explains the concept as follows:

> A foreign corporation is amenable to suit in New York courts if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted ...The test for 'doing business' is a 'simple [and] pragmatic one,'...The court must be able to say from the facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'

*Id.*

Luleff fails to surmount this high bar.  In fact, Luleff fails to make a single allegation regarding how Carmichael maintained "continuous and systematic contacts" with New York, nor can she because Mr. Carmichael does not conduct business in New York, does not reside in New York and does not own, rent or otherwise use any real property in New York.  Instead, Luleff tries to obscure the fact that Nations is a distinct corporate entity separate and apart from the Bank and BAC to establish general jurisdiction.

Similarly, Nations is a Delaware statutory trust and does not have an office in New York. Throughout the Complaint, Luleff refuses to distinguish between the Bank, Nations, and Carmichael and misstates the facts while doing so.  In addition, Luleff routinely makes reference to "defendants" collectively without alleging which of the four defendants she is referring to, which makes it impossible for Nations or Carmichael to know which specific allegations apply to them.

Luleff also makes the conclusory allegation that Nations "conducts business" in New York because other entities market and sell shares of the Nations Funds in the state.[3]  Compl. ¶ 12.  But Luleff concedes that the prospectuses and other Nations Funds materials are distributed by other third-parties.  Compl. ¶ 18-19.  The marketing and sale of shares of Nations Funds by third parties in New York does not provide a basis for personal jurisdiction over Nations in New York.  *See, e.g., Campbell v. Bridgestone (USA), Inc.*, No. H-05-0872, 2005 U.S. Dist. LEXIS 36259, at *10-11 (S.D. Tex. Dec. 9, 2005) (holding no personal jurisdiction over tire-maker in forum for alleged tire defect when tire-maker did not engage in any purposeful activity in forum even though its products were sold in forum).  The contracts Nations has with service providers who may have offices in New York do not provide "continuous and systematic contacts" with New York sufficient to establish this Court's general jurisdiction over Nations.

**B.      Nations is Not Subject to Specific Jurisdiction in this Court**

Similarly, Luleff does not allege any basis for specific jurisdiction under New York's long-arm statute.  New York's long-arm statute only allows personal jurisdiction to be asserted over a non-domiciliary who: (1) transacts any business within the state…; (2) commits a tortious act within the state…; (3) commits a tortious act without the state causing injury to person or property within the state…; or (4) owns, uses or possesses any real property situated within the state.  N.Y. Civ. Prac. L. & R. § 302(a).  Jurisdiction must be based upon the act or conduct set forth in the statute, and the cause of action must arise from the nonresident defendant's contacts with New York.  *Mareno v. Rowe*, 910 F.2d 1043, 1046-47 (2d Cir. 1990) (holding specific

---

[3]  Under Luleff's apparent theory of personal jurisdiction, a public company would be subject to jurisdiction in any forum in which its shares of stock are sold.  Such a ruling would make the requirement of personal jurisdiction meaningless for any publicly-held company.

jurisdiction only exists if the claims arise out of or relate to the defendant's contacts with the forum).

In this case, Luleff cannot satisfy the requirements of New York's long-arm statute because her alleged harm from investments in the Nations Funds that forms the basis of her claims has no connection to New York.  Simply put, neither Luleff nor her daughter has any connection with New York whatsoever, and the Complaint does not point to any connection between New York and any alleged facts of this case.  Luleff, a Missouri resident, is suing the Bank, a North Carolina resident, on behalf of her daughter, another Missouri resident, for investing assets of a trust account, established and administered under Missouri law, into Nations Funds, a Delaware statutory trust.  Noticeably absent from the conduct alleged is any connection with New York.

Because Luleff's claims have no connection to New York, there is no basis for specific jurisdiction over Nations and Carmichael under New York's long-arm statute.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Mareno v. Rowe*, 910 F.2d at 1046.

## II.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY SLUSA

The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") preempts a "covered class action" based on state law alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1)(A) (1998).  Claims are preempted by SLUSA if:  (1) the action is a "covered class action;" (2) the action is based on state law; (3) the complaint alleges that the defendant misrepresented or omitted a material fact, or has used or employed any manipulative or deceptive device or contrivance; and (4) the alleged misrepresentation or omission was made in connection with the

purchase or sale of a covered security. *Id.; see also, e.g., Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002).

SLUSA requires dismissal of a complaint when the operative allegations or the "gravamen" of the complaint hinge on a theory of misrepresentation of omission. *See Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 384-85 (E.D.N.Y. 2002) (rejecting artful pleading that put state-law labels on "what are in essence securities fraud claims")[4] The Supreme Court recently held that even claims by non-purchasers, such as plaintiff here, that coincide with the purchase or sale of a security are preempted by SLUSA. *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Dabit*, No. 04-1371, 547 U.S. ___, 2006 U.S. LEXIS 2497, at *12-13 (Mar. 21, 2006).

The Complaint meets all of the requirements of SLUSA and should be dismissed. There is no dispute that the Complaint is a "covered class action" because Luleff claims that the putative class is "so numerous to make a Class Action appropriate." Compl. ¶ 55.  15 U.S.C. §§ 78bb(f)(5)(B)(i)(I) (defining "covered class action" to mean a class action seeking damages "on behalf of more than 50 persons or prospective class members").  There is no dispute that shares of the Nations Funds are covered securities under SLUSA. *See, e.g., Riley*, 292 F.3d at 1343.  Nor is there a dispute about the fact that Luleff's claims are based on state law.  Luleff asserts claims for breach of fiduciary duty, breach of contract, and unjust enrichment.  Compl.

---

[4] *See also Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp. 2d 706, 710 (S.D.N.Y. 2003); *Feitelberg v. Merrill Lynch & Co.*, 234 F. Supp. 2d 1043, 1051 (N.D. Cal. 2002), *aff'd*, 353 F.3d 765 (9th Cir. 2003) ("if it looks like a securities fraud claim, sounds like a securities fraud claim . . . and acts like a securities fraud claim, it is a securities fraud claim, no matter how you dress it up"); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002) (dismissing complaint where operative allegations hinge on a theory of misrepresentation).

Count I (Breach of Fiduciary Duty) ¶¶ 65-66; Count II (Breach of Contract) ¶¶ 67-68; and Count

III (Unjust Enrichment) ¶¶ 69-72.  Therefore, the only issues for this Court to determine are

whether Luleff's claims are premised on misrepresentations or omissions and whether those

misrepresentations or omissions coincide with the purchase or sale of a security.  *See Merrill*

*Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* No. 04-1371, 547 U.S. __, 2006 U.S. LEXIS 2497,

at *12-13 (U.S. Mar. 21, 2006) (citations omitted) ("Under our precedents, it is enough that the

fraud alleged 'coincide' with a securities transaction – whether by the plaintiff or someone

else."); *SEC v. Zandford*, 535 U.S. 813, 825 (2002).

### A.   Plaintiff's Claims Are Premised on Misrepresentations and Omissions

Luleff concedes that, as a co-fiduciary, she received a Nations Funds prospectus and was

aware that fiduciary account assets were being invested in Nations Funds.  Compl. ¶ 44.  Luleff

alleges in numerous places, however, that that Nations Funds' prospectuses and other "disclosure

documents" she received contained material misrepresentations or omissions.  For example, the

Complaint alleges:

> NFT, the Bank and BAC sent plaintiff, other co-fiduciaries and
> members of the Class deceptive Nations Funds prospectuses and
> other 'disclosure documents' which concealed material facts
> regarding the Bank's purchase of shares in Nations Funds for
> fiduciary accounts.

*Id.*

The Complaint goes on to allege that "disclosure documents" failed to

disclose:

> (1) that the Nations Funds had higher expense ratios than other
> comparable mutual funds; (2) that the Bank and BAC had chosen
> subsidiaries and affiliates of the Bank as investment advisors and
> service providers to the Nations Funds on a no-bid basis without
> making any effort to determine whether other investment advisors

> and service providers were less expensive and/or otherwise better
> suited to the needs of the Bank's fiduciary accounts; (3) that the
> Bank and BAC chose their subsidiaries and affiliates as advisors
> and service providers solely for their own benefit, and in particular
> to increase their income; ...(5) that these policies would inevitably
> be very expensive for fiduciary accounts and very lucrative for the
> Bank, its affiliates, subsidiaries and customers.

*Id.* see also *id* at ¶¶ 45-47.

In this case, Luleff has premised each cause of action on "each and every allegation" contained in the Complaint. Compl. ¶¶ 65, 67 and 69. The incorporation of these allegations of misrepresentation, omission, and deception into each claim is strong evidence that those claims are premised on those allegations, and that the claims must be dismissed. *See Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp. 2d 706, 709-710 (S.D.N.Y. 2003); *Prager v. Knight/Trimark Group*, 124 F. Supp. 2d 229, 235 (D. N.J. 2000) (breach of fiduciary duty claim preempted because allegations of misrepresentations and omissions are incorporated by reference in the fiduciary duty count); *In Re Enron Corp. Sec. Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 638 (S.D. Tex. 2003) (when "state law claims, such as breach of contract, breach of fiduciary duty, conversion or negligence . . . become part of a larger deception . . . [the] allegations are sufficient to trigger" SLUSA preemption).

In this case, Luleff's state law claims expressly rely on allegations that Nations' prospectuses were deceptive and did not disclose (or deliberately concealed) the fees and expenses charged to the fiduciary account and the Bank's motives for its "Investment Policy." Compl. ¶ 44-50.

### B.    The Alleged Misrepresentations and Omissions Coincide with the Purchase of Securities

There can also be no serious dispute about whether the alleged deception, misrepresentations and/or omissions, coincide with the purchase or sale of securities.  For example, Luleff alleges: "In response to the deceptive and unclear information provided by the Bank, co-fiduciaries and beneficiaries of the fiduciary accounts gave their uninformed and fraudulently induced 'consent' to the investment by the Bank of fiduciary assets in the Proprietary Funds." Compl. ¶ 47.  As the Supreme Court recently opined in *Dabit,* "the requisite showing, in other words, is 'deception in connection with the purchase or sale of any security,' not deception of an identifiable purchaser or seller." *Dabit*, No. 04-1371, 2006 U.S. LEXIS 2497, at *13 (citing *United States v. O'Hagan,* 521 U.S. 642, 658 (1997)).

Recently, the Court in *Spencer v. Wachovia Bank, N.A.*, Case No. 05-81016 (S.D. Fla. May 10, 2006) (attached hereto as O'Brien Decl., Exhibit 5), applied the *Dabit* holding to a case almost identical to the instant case and held that plaintiff's state law breach of fiduciary duty claims based on a bank's investment of fiduciary account assets in affiliated mutual funds were preempted by SLUSA.  *Spencer v. Wachovia Bank, N.A.*, at pp. 12-13.

The causes of action Luleff asserts in her Complaint have been held barred by SLUSA, even though the elements of those claims differ from the elements of a securities fraud claim. *See Prof'l Mgmt. Assocs. Employees' Profit Sharing Plan,*  335 F.3d at 802 (aiding and abetting breach of fiduciary duty); *Rowinski v. Salomon Smith Barney Inc.,*  398 F.3d 294, 296, 300, 305 (3d Cir. 2005) (breach of contract, unjust enrichment); *Prager v. Knight/Trimark Group, Inc.,* 124 F. Supp. 2d 229, 234-35 (D.N.J. 2000) (breach of fiduciary duty, unjust enrichment); *Dacey v. Morgan Stanley Dean Witter & Co.,* 263 F. Supp. 2d 706, 708-10 (S.D.N.Y 2003).

In *Rowinski,* the plaintiff contended that since his breach of contract claim did not involve a misrepresentation or omission, it should not be preempted. The Third Circuit Court of Appeals made short shrift of that argument, stating,

> Plaintiff's suggested distinction – between the legal and factual allegations in a complaint – is immaterial under the statute. SLUSA preempts any covered class action "alleging" a material misrepresentation or omission in connection with the purchase or sale of securities. 15 U.S.C. § 78bb(f)(1). Under this provision, preemption does not turn on whether the allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are "alleged" in one form or another. A contrary approach, under which only essential legal elements of a state law claim trigger preemption, is inconsistent with the plain meaning of the statute.

*Rowinski,* 398 F.3d at 300.

Where, as here, plaintiff attempts to dress what is essentially a securities fraud claim in state law clothing, the claims are preempted and SLUSA requires that they be dismissed. *Dabit,* No. 04-1371, 2006 U.S. LEXIS 2497, at *1. Luleff cannot pursue her state law claims as a class action in Federal Court. Accordingly, this case must be dismissed. Luleff may only pursue her state law claims on an individual basis in state court or arbitration.

### III.   NEITHER NATIONS NOR CARMICHAEL BREACHED ANY FIDUCIARY DUTY OR AIDED AND ABETTED ANY SUCH BREACH OF FIDUCIARY DUTY

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Luleff must offer "well-pleaded facts" rather than "legal theories" or "conclusory allegations." *See In re Duke Energy Corp. Sec. Litig.*, 282 F. Supp. 2d 158, 160 (S.D.N.Y. 2003) (stating "Court must take as true all well-pleaded facts, conclusory allegations must be disregarded"). Thus, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Wilson v. Tully*, 243 A.D.2d 229, 234 (1st Dep't 1998).

Here, even accepting all allegations as true and construing them in Luleff's favor, Luleff fails to state a claim. Luleff does not plead any *facts* establishing the elements of her claims against Nations or Carmichael, and instead offers only the barest of legal conclusions.[5]

## A.   Neither Nations Nor Carmichael Owe Plaintiff a Fiduciary Duty

To state a claim for breach of fiduciary duty, Luleff must first plead the facts and circumstances which created a relation of trust and confidence between her or her daughter and Nations or Carmichael. *Harrold v. Dowd*, 561 S.E.2d 914, 919-20 (N.C. Ct. App. 2002 ); *see also Terry v. Terry*, 273 S.E.2d 674, 677 (N.C. 1981) (dismissing claim because plaintiff failed to allege facts and circumstances showing fiduciary relationship with the defendant); *York Linings v. Roach*, No. 16622-NC, 1999 Del. Ch. LEXIS 160, at *5 (July 28, 1999).

Neither Nations nor Carmichael owe Luleff or her daughter a fiduciary obligation. Luleff's entire claim rests on an alleged intertwined relationship among the defendants. Compl. ¶ 24. But cursory and conclusory allegations of a fiduciary relationship cannot survive a motion to dismiss. *Synergy Fin., LLC v. Zarro*, 329 F. Supp. 2d 701, 707 (W.D.N.C. 2004); *Hunter v. Guardian Life Ins. Co. of America*, 593 S.E.2d 595, 599 (N.C. Ct. App. 2004); *Metro Ambulance, Inc. v. Eastern Med. Billing, Inc.*, No. 13929, 1995 Del. Ch. LEXIS 84, at *8 (July 5,

---

[5]  As an initial matter and a warning sign of how difficult it will be for Luleff to achieve class certification, the Complaint does not even allege sufficient facts to determine which state's law would apply to Luleff's breach of fiduciary duty claims. New York courts apply the "most significant relationship" test set forth in the Restatement (Second) of Conflicts of Laws in determining which state's law applies for breach of fiduciary duty claims. Under that test, since Nations is organized under the law of Delaware and has maintained its place of business in North Carolina, plaintiff's breach of fiduciary duty claim against Nations will be analyzed under Delaware and North Carolina Law. Restatement (Second) Conflicts of Law § 145(2). As a practical matter, it makes little difference what law is applied because plaintiff has failed to state a claim against Nations or Carmichael under any potentially applicable standard.

1995).  The only connection Luleff alleges with Nations is that her daughter was a beneficiary of accounts that owned shares in the Nations Funds.  But such indirect ownership of shares does not establish a fiduciary relationship with Nations or Carmichael.

In fact, even if Luleff or her daughter were themselves shareholders, Nations would not owe either of them a fiduciary duty.  *See, e.g.*, *State Teachers Ret. Bd. v. Fluor Corp.*, 566 F. Supp. 939, 941 (S.D.N.Y. 1982) (a corporation does not owe fiduciary duty to shareholders); *Arnold v. Soc'y for Sav. Bancorp., Inc.*, 678 A.2d 533, 539 (Del. 1996) (same).  As the Sixth Circuit explained in *Radol v. Thomas*, because the shareholders of an entity such as Nations are its owners, shareholders who bring a claim for breach of fiduciary duty against the entity in which they hold shares are effectively seeking relief from themselves.  772 F.2d 244, 258 (6th Cir. 1985).  Accordingly, "[t]here is not, and could not conceptually be any authority that a corporation as an entity has a fiduciary duty to its shareholders." *Id.*

Simply put, neither Luleff nor her daughter had a fiduciary relationship with Nations or Carmichael, and therefore, Luleff cannot allege well-pleaded facts establishing the elements of a breach of a fiduciary duty that did not exist.

### B.   Neither Nations Nor Carmichael Aided or Abetted the Bank's Alleged Breach of Fiduciary Duty

To state a claim against Nations or Carmichael for aiding and abetting the Bank's alleged breach of its fiduciary duty, Luleff must establish that Nations or Carmichael had knowledge of the alleged underlying breach of fiduciary duty by the Bank, and provided "substantial assistance" in the breach.[6]  *Blow v. Shaughnessy*, 364 S.E.2d 444, 490 (N.C. Ct. App. 1988); *see*

---

[6]  No Missouri court has ever recognized a claim for aiding and abetting a breach of a fiduciary duty.  In fact, the only Missouri district court to address such a claim stated, *in dicta*, that

(Footnote continues on next page.)

*also Malpiede v. Townson*, 780 A.2d 1075, 1097 n.77 (Del. 2001).  Luleff alleges generally, and in conclusory fashion, that the Bank's alleged breach of its fiduciary duty to her and her daughter "was aided and abetted by the other defendants."  Compl. ¶ 42.  Luleff, however, fails to state a claim because she does not allege how Nations, Carmichael or any of "the other defendants," provided "substantial assistance" in the Bank's alleged breach of its fiduciary duty to her or her daughter, or even that Nations or Carmichael knew of the alleged breach.

Luleff contends that Nations assisted the Bank by selecting the subsidiaries of BAC to provide investment advisory and other services on a "no-bid basis" and by setting advisory and other fees at high levels.  Compl. ¶¶ 40-41.  Yet all of these actions were done pursuant to the complex federal regulatory scheme governing the conduct of mutual funds.

In fact, investing trust assets into affiliated mutual funds is expressly authorized under applicable state law.  *See* Mo. Stat. Ann. § 362.550(11) (Missouri); *see also* Cal. Fin. Code § 1561.1 (California); Fla. Stat. Ann. § 737.402 (Florida); Ann. Rev. Code Wash. § 11.100.035(3) (Washington); N.M. Stat. Ann. § 46-2A-1 (New Mexico); Iowa Code § 633.123A(1) (Iowa).[7]

---

(Footnote continued from previous page.)

Missouri courts would not recognize a cause of action for aiding and abetting a breach of fiduciary duty.  *See Omaha Indem. Co. v. Royal Am. Managers, Inc.*, 755 F. Supp. 1451, 1459 (W.D. Mo. 1991).  To the extent Missouri law is applicable, this count should be dismissed because it is not a recognizable claim under Missouri law.

[7]  Although the assets of the Luleff fiduciary account were never invested in Common Trust Funds, Luleff alleges that the Bank invested assets of others it had historically invested in Common Trust Funds in the Nations Funds.  Nations and the Bank sought and received prior approval from the SEC to convert assets invested in Common Trust Funds into shares of the Nations Funds.  *See In re Nations Fund Trust, et al.*, Investment Company Act Release No. 24373, 2000 SEC LEXIS 610 (Mar. 31, 2000) (attached hereto as Exhibit 6).  In fact, SEC approval of common trust fund conversions became so frequent that the SEC amended Rule 17a-8 under the Investment Company Act to allow bank common trust funds to merge with affiliated mutual funds without specific SEC approval.  *Investment Company Mergers*, Investment Company Act Release No. 25666, 2002 SEC LEXIS 1837 (July 24, 2002).

Luleff's claim for aiding and abetting must fail because neither Nations nor Carmichael could have provided "substantial assistance" to the Bank in its alleged breach of fiduciary duty arising out of conduct that was specifically approved by the SEC, expressly authorized by federal and state law and strictly complied with the comprehensive statutory structure established to regulate investment companies.

### C.  The Statute of Limitations for Breach of Fiduciary Duty Has Expired

Section 202 of the N.Y.C.P.L.R. allows New York courts to apply New York's statute of limitations when an injury giving rise to claims occurs outside of New York. *See e.g., Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605, 611 (S.D.N.Y. 2006).  Under that Section, the claims of a plaintiff who is not a New York domiciliary are time-barred if they are untimely under the shorter of either New York's limitation period or the limitation period of the jurisdiction where the cause of action accrued. *See* N.Y.C.P.L.R. § 202.  The N.Y.C.P.L.R. does not specify a limitations period for breach of fiduciary duty, but New York courts have held that such claims are governed by a three-year statute of limitations when monetary relief is sought.  *See Carlingford Center Point Assoc. v. MR Realty Assoc.*, 772 N.Y.S. 2d 273 (App. Div. 1st Dep't 2004) (holding that a three-year statute of limitations applies to a breach of fiduciary duty claim seeking monetary damages).  Here, Luleff's claims for breach of fiduciary duty arose outside of the three-year statute of limitations.

A cause of action for breach of fiduciary duty accrues upon the occurrence of the alleged wrongful conduct. *See Hughes*, 419 F. Supp. 2d at 611.  In *Hughes*, the plaintiffs (who were represented by the same plaintiffs' counsel as in this case) alleged that LaSalle Bank breached a fiduciary duty by investing trust assets in affiliated mutual funds. *Id* at 610.  The court found that the alleged breach accrued when LaSalle first invested the trust assets in the affiliated

mutual funds. *Id* at 612.  The Court then held that because that initial investment occurred more than three years before the filing of the lawsuit that plaintiffs' cause of action for breach of fiduciary duty was time-barred and dismissed the suit.  *Id* at 620.

As in *Hughes*, Luleff's alleged breach of fiduciary duty accrued on the date that the Cobble Trust first invested in Nations Funds, which was in November 2001.  Because the first investment occurred more than three years before this action was filed (Compl. ¶ 14), Luleff's claim for breach of fiduciary duty is time-barred by New York's statute of limitations.

## IV.    PLAINTIFF HAD NO CONTRACT WITH NATIONS OR CARMICHAEL

It is elementary that in order to state a claim for breach of contract, Luleff must first plead facts establishing the existence of a valid contract.[8]  *Eli Research, Inc. v. United Commc'ns Group, LLC*, 312 F. Supp. 2d 748, 755 (M.D.N.C. 2004); *see also Rice v. West End Motors, Co.*, 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).  Here, Luleff does not allege the basis of any contract with Nations or Carmichael.  Because Luleff does not have a contractual relationship with either Nations or Carmichael, she cannot allege a breach of contract.

Luleff also casually alleges that her daughter was a third-party beneficiary of the contracts pursuant to which the Bank provided advisory and other services to Nations.  Compl. ¶ 19.  A person who is not party to a contract can only assert rights as a third-party beneficiary if

---

[8]  New York courts utilize the "most significant relationship" standard to determine choice of law for contract claims and consider several factors including: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties."  The Complaint does not provide any details about the alleged contract plaintiff had with Nations.  But because the Bank is domiciled in North Carolina and Nations has maintained its place of business there, the law of that state is applied to plaintiff's breach of contract claim.

the parties to the contract intentionally entered into it to benefit the third party directly. *Cincinnati Ins. Co. v. Centech Bldg. Corp.*, 286 F. Supp. 2d 669, 681 (M.D.N.C. 2003).  There is a strong presumption that a non-party to a contract cannot enforce the contract.  *RPR & Assocs. v. O'Brien/Atkins Assocs.*, 24 F. Supp. 2d 515, 521 (M.D.N.C. 1998) (stating "the court must construe the contract strictly against the third party seeking to enforce the contract").

In addition, the contract terms "must clearly express that the contracting parties intended the third-party to be the beneficiary of performance of the contract." *Laclede Inv. Corp. v. Kaiser*, 596 S.W.2d 36, 42 (Mo. Ct. App. 1980); *see also RPR & Assocs.*, 24 F. Supp. 2d at 521 (dismissing third-party beneficiary claims where "Plaintiff does not direct the court to, nor does the court find, a provision suggesting that [the parties to the contract] intended for Plaintiff to benefit from the rights and obligations arising under the contract").[9]  Although the third-party beneficiary need not be named in the contract, "the terms of the contract must express directly and clearly an intent to benefit the specific party or an identifiable class of which the party asserting rights as a third-party beneficiary is a member." *Laclede Inv. Corp.*, 596 S.W.2d at 42.

In this case, Luleff cannot point to a single fact that indicates Nations intentionally entered into any contracts for her daughter's direct benefit.  Nor does Luleff cite to any provisions of any contracts that identify her daughter as, or even suggest that she is, a third-party beneficiary.  Moreover, Luleff does not allege a single fact to allege that Nations breached its

---

[9]  Indeed, some states have required that the intent of the original parties to directly benefit the third-party must be shown by an express provision in the contract *specifically identifying the third party beneficiary." See, e.g., Arlington Fin. Corp. v. Ben Franklin Bank of Ill.,* No. 98 C 7068, 1999 U.S. Dist. LEXIS 1690, at *13 (N.D. Ill. Feb. 10, 1999) (emphasis added).

contracts with the Bank, or if it did, how any breach by Nations could possibly have caused any harm to Luleff or her daughter.

Simply put, Luleff cannot establish that she or her daughter had a contractual relationship with Nations or Carmichael and fails to show the essential facts necessary to recover on a third-party beneficiary theory.  Therefore, Luleff's breach of contract claim against Nations and Carmichael must be dismissed.

## V.      NEITHER NATIONS NOR CARMICHAEL HAS BEEN UNJUSTLY ENRICHED

In order to state an unjust enrichment claim against Nations or Carmichael, Luleff must establish that she conferred a benefit on Nations or Carmichael at her own expense that would be unjust for them to retain.  *Wing v. Town of Landis*, 599 S.E.2d 431, 434 (N.C. Ct. App. 2004); *see also JB Contracting, Inc. v. Bierman*, 147 S.W.3d 814, 818 (Mo. Ct. App. 2004).

But Luleff alleges only that "[a]ll defendants were unjustly enriched by the investment of the Bank's fiduciary assets in the Bank's proprietary funds."  Compl. ¶ 71.  Luleff does not explain how Nations or Carmichael were enriched by the investments, how any such enrichment was at Luleff's expense, or why it would be unjust for Nations or Carmichael to retain any such enrichment.  In fact, the gravamen of Luleff's complaint is that Nations paid too much money to the Bank for the services that it received.  Moreover, as a practical matter, Luleff's claim for unjust enrichment against Nations makes no sense whatsoever.  Nations is a mutual fund.  All of its assets are reflected in the Net Asset Value of its shares that benefit all of its shareholders.  To the extent that Luleff's daughter is a beneficiary of shares of Nations, she would participate in any benefit conferred on the funds on a pro rata basis.

## VI.    LULEFF'S REQUEST FOR AN INJUNCTION IS PREEMPTED BY THE INVESTMENT COMPANY ACT

The Investment Company Act and the applicable SEC rules and regulations provide a detailed and complex administrative scheme regulating Nations.  Notwithstanding that detailed and complex administrative scheme, Luleff requests an order "compelling" Nations to select investment advisors annually "based upon, *inter alia*, comparative investment performance…and expenses." Compl. ¶ 52 & Prayer for Relief ¶ (g).  Federal law preempts Luleff's requested relief.

Federal law preempts state law that poses "a potential frustration of the administrative scheme provided by [federal law]." *Howard v. Uniroyal, Inc.*, 719 F.2d 1552, 1562 (11th Cir. 1983).  State law is also preempted when it "interferes with the methods by which the federal statute was designed to reach [its] goal." *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 494 (1987). Here, Luleff's request would both frustrate the purposes of the Investment Company Act and interfere with the agency regulations implementing it.

The Investment Company Act and applicable SEC rules provide the precise administration and regulation sought by Luleff's request for injunctive relief.  For example, Section 15(c) of the Act requires the directors of a fund to request and evaluate the information reasonably necessary to evaluate the terms of any advisory contract.  15 U.S.C. § 80a-15(a) (2004).  The Securities and Exchange Commission has issued final rules detailing what such evaluations should involve. *See* 69 Fed. Reg. 39,798 (June 30, 2004) (to be codified at 17 C.F.R. Parts 239, 240 and 274) (attached hereto as O'Brien Decl., Exhibit 6).

The SEC rules require fund shareholder reports, prospectuses and proxy statements to disclose in "reasonable detail" the material factors and conclusions forming the board's basis for

waste. *Id.* The Seventh Circuit acknowledged that the state laws relied on by plaintiffs are "undoubtedly valid in some circumstances," but found nonetheless that "such state law remedies . . . interfere with the NRC's ability to choose the method of disposal that . . . is most appropriate." *Id.* at 1241-42. The court therefore held that plaintiffs' request for an injunction was preempted because, if granted, the injunction would stand "as an obstacle to the accomplishment of the full purposes and objectives of federal regulation of radiation hazards." *Id.* at 1242.

In *Maryland Heights Leasing,* the Missouri Court of Appeals reversed the trial court and found that the plaintiffs pleaded valid state law claims for nuisance, negligence, and trespass. 706 S.W.2d at 226. The Court of Appeals, however, limited the available remedies to compensatory and punitive damages and held that "an injunction ordering [defendant] to stop its activities would, in effect, substitute the judgment of the trial court for that of the Nuclear Regulatory Commission. Quite simply, injunctive relief here would be state regulation." *Id.* at 223.

In this case, Luleff requests an order "compelling" Nations to select investment advisors annually "based upon, *inter alia,* comparative investment performance…and expenses." Compl. ¶ 52 & Prayer for Relief ¶ (g). Just as the injunction sought in *Brown* and *Maryland Heights Leasing* would frustrate the purposes of the Atomic Energy Act and interfere with the NRC's regulations implementing it, an injunction in this case would frustrate the purposes of the Investment Company Act and interfere with the SEC's regulations implementing it because the governing federal law provides the precise administration and regulation sought by Luleff's request for injunctive relief.

## CONCLUSION

For the reasons set forth here, the Court should dismiss, with prejudice, Luleff's claims against Nations and Carmichael.

Dated:                                MORRISON & FOERSTER LLP

July 28, 2006

By: _____
                        Stephen M. Colangelo
                        Tim A. O'Brien (TO – 0575)
                        2000 Pennsylvania Avenue, N.W.
                        Washington, D.C.  20006-1888
                        (202) 887-1500

                        **Attorneys for Defendants**
                        **Columbia Funds Series Trust f/k/a Nations**
                        **Funds Trust and William P. Carmichael**

## CERTIFICATE OF SERVICE

I, Tim A. O'Brien, hereby certify that on July 28, 2006, I caused a true and correct copy of the foregoing Memorandum of Defendant Columbia Funds Series Trust in Support of Motion to Dismiss Complaint to be served via the Court's Electronic Filing System on the following:

> Daniel Cobrinik
> 2 Grand Central Tower
> 140 East 45th Street – 25th Floor
> New York, New York 10017
> *Attorneys for Plaintiff*

> Mary J. Hackett, Esq.
> Reed Smith LLP
> 435 Sixth Avenue
> Pittsburgh, PA 15219
> *Attorneys for Defendants*
> *Bank of America, N.A. and Bank of America Corporation*

Tim A. O'Brien

dc-457012                                     25