UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAWNE LULEFF on behalf of her minor daughter
DESIRE COBBLE and all others similarly situated,

                    Plaintiff,

-against-

BANK OF AMERICA, N.A.;
COLUMBIA FUNDS SERIES TRUST
f/k/a/ NATIONS FUNDS TRUST; WILLIAM
P. CARMICHAEL and BANK OF
AMERICA CORPORATION,

                    Defendants.
------------------------------------------------------------------x

Case No. 06-CV-1435 (JGK)

JURY TRIAL DEMANDED

CLASS ACTION

## AMENDED COMPLAINT

Plaintiff Dawne Luleff, on behalf of her minor daughter Desire Cobble ("Desire") and for all other persons similarly situated, alleges the following on information and belief:

1.    Plaintiff brings this Class Action on behalf of her minor daughter and all others similarly situated, (1) as beneficiaries of fiduciary accounts where (2) defendant Bank of America N.A. (the "Bank") serves or served as corporate fiduciary, and (3) the corpus of such fiduciary accounts were invested in the Bank's proprietary mutual funds (the "Columbia Funds" formerly known as the "Nations Funds"), managed by the Bank's controlled affiliate, Columbia Funds Series Trust f/k/a/ Nations Funds Trust ("Columbia").

2.    This Complaint alleges that the Bank, its corporate parent, Bank of America Corporation ("BAC") and Columbia had a corporate policy of using fiduciary accounts to capitalize and bolster their proprietary Columbia Funds, to generate additional fee income and to reduce corporate expenses, even though this use of fiduciary assets imposed unnecessary costs on fiduciary account beneficiaries. Defendants' use of fiduciary assets to benefit themselves at the expense of the fiduciary account beneficiaries is a violation of their fiduciary obligations to Desire and the members of the Class of fiduciary account beneficiaries. No claims are asserted herein pursuant to, under or related to the federal securities laws.

3.    All members of the putative Class were adversely affected by defendants' breach

of their fiduciary and contractual obligations.

Jurisdiction and Venue

    4.    The substantive claims asserted herein arise under common law.

    5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1711, the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367. The amount in controversy exceeds $5,000,000 exclusive of interest and costs and there is diversity of citizenship between plaintiff and each of the defendants.

    6.    This Court has personal jurisdiction over defendants because each of them conducted business in the Southern District of New York on a regular and continuous basis during the time period of the wrongdoing alleged herein, continuing up to today.

    7.    The Bank has multiple branches in this District.

    8.    Shares of the mutual funds issued by Columbia trade electronically in markets in this District.

    9.    BAC's common stock is traded on the New York Stock Exchange, based in this District.

    10.    Defendants have marketed the Columbia Funds in this District through controlled subsidiaries of BAC and the Bank, and by other means.

    11.    Venue is proper in this District as many of the acts and practices complained of occurred here. Further, many witnesses to defendants' wrongful acts reside in or did business within this District, and many members of the Class reside in this District.

The Parties

    12.    Dawne Luleff brings this action on behalf of her daughter, Desire Cobble ("Desire") and all other beneficiaries of the Bank's fiduciary accounts similarly situated.

    13.    Desire is a minor, and is the beneficiary of The Desire Cobble Supplemental Needs Trust established by Trust Agreement dated November 8, 2001 ("Cobble Trust").

    14.    Plaintiff is co-trustee of the Cobble Trust. Plaintiff is a resident of the City of St. Louis, in the State of Missouri.

15. The Bank is a federally chartered bank domiciled in North Carolina, and is a wholly owned subsidiary of BAC also domiciled in North Carolina.

16. Defendant Bank was the other trustee of the Cobble Trust.

17. At all relevant times, the Bank made investment decisions for Desire's trust – and for many other accounts in which it served as a fiduciary or co-fiduciary – on a unilateral basis, without consultation or consideration for the wishes of co-fiduciaries and beneficiaries.

18. Pursuant to its policy, the Bank invested Desire's trust – and other fiduciary accounts in which they were a fiduciary or co-fiduciary – in defendants' proprietary Columbia Funds.

19. At no time did plaintiff or Desire personally buy, hold or invest in Columbia Funds.

20. Defendant BAC is a Delaware holding company domiciled in North Carolina. It owns the shares of numerous subsidiaries including those of defendant Bank.

21. At all relevant times, BAC controlled the business activities of the Bank.

22. Columbia is an investment company and Delaware statutory trust which houses a "family" of more than 70 proprietary mutual funds for the Bank which, during most of the relevant period, were known as "Nations Funds" and which are now mostly known as "Columbia Funds". Collectively, all such mutual funds are referred to herein as the "Columbia Funds."

23. The Columbia Funds are nominally operated by Columbia and its Board of Trustees. Even though no more than 60% of Columbia's Board is supposed to be an "interested" person, in fact all Columbia Board members were elected and controlled by the Bank and BAC. Columbia has operated as an alter ego of the Bank, BAC and their respective subsidiaries responsible for asset management.

24. Although Columbia's principal place of business has been located at different times in Little Rock, Wilmington, New York City and Charlotte, Columbia has conducted business in this District through the Bank and through Bank-controlled brokers and dealers in securities and through various affiliated and unaffiliated vendors.

47. The Bank's investment of fiduciary assets in the Columbia Funds damaged Desire and the members of the Class by increasing their fees and expenses, reducing their level of service, and depriving them of their right to a corporate fiduciary whose primary concern was their best interests.

48. The Bank further subjected the Cobble Trust, and its other fiduciary accounts, to unnecessarily high expenses for investment advisory and administrative and related services. The contracts for these services were awarded by the Columbia Funds to Bank subsidiaries and "friends" of the Bank without competitive bidding. These no-bid contracts were very beneficial to Defendants, but required plaintiff and other members of the Class to pay higher investment advisory, administrative and other fees than they might have otherwise have been charged without a commensurate increase in services.

49. In order to disguise the Bank's "double dipping" (i.e charging fees for serving as a corporate fiduciary and charging fees through the Columbia Funds), a portion of the fees and expenses charged to the Columbia Funds were "credited" against the fees charged by the Bank for acting as a fiduciary.

50. However, these so-called "credits" were deceptive and were insufficient to cover the increased investment-related expenses charged to the Bank's fiduciary accounts, which expenses could have either been minimized by using alternative, non-proprietary mutual funds or in-house investment pools such as Common Trust Funds, which incurred no fees or expenses.

51. In many cases, there was no credit to the fiduciary account fees charged by the Bank and thus the Bank and its subsidiaries were able to fully "double dip."

52. Even after the Bank applied its "credits" against its direct fees, it was impossible for plaintiff to ascertain the true cost of owning Columbia Funds shares in the Cobble Trust.

53. The Bank performed no objective analysis to determine whether the Columbia Funds were optimal investments for the Cobble Trust, or for any other fiduciary accounts.

54. The decision to invest the Cobble Trust exclusively in the Nations Funds was intended to maximize the Bank's direct and indirect fee income and other benefits  - not to find

the most suitable investment for that Trust.

55. The Bank and its subsidiaries unjustly reaped millions of dollars in purported money management, investment advisory and other fees as a result of its investment of fiduciary accounts, including that of the Cobble Trust, in shares of Columbia Funds, in addition to trustee fees and other fiduciary fees charged to plaintiff and the members of the Class.

Class Action Allegations

56. Plaintiff brings this action on behalf of Desire Cobble and all other beneficiaries of the Bank's fiduciary accounts similarly situated pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as a class action. The Class herein is defined as: all beneficiaries of trusts or other fiduciary accounts for which the Bank acted as a fiduciary, and where the assets of the fiduciary account were invested in Columbia Funds mutual funds at any time from September 8, 1998 to the present (the "Class" and "Class Period").

57. Plaintiff seeks, inter alia: (i) an accounting for all damages caused by defendants to the Cobble Trust and the members of the Class and the extent of the unjust enrichment of the defendants from their wrongful activities, as well as repayment of such unjust enrichment and the earnings thereupon; (ii) money damages to be paid by the defendants; (iii) injunctive relief providing for the possible removal of the Bank as fiduciary for all fiduciary accounts in which members of the Class are currently beneficiaries; (iv) injunctive relief providing for new procedures and practices at the Bank which put the interests of members of the Class ahead of those of defendants and which otherwise address the ongoing conflicts of interest faced by the Bank in the investment of fiduciary assets including, inter alia, providing for the creation of a so-called "Chinese Wall" separating the Bank's fiduciary functions from all other operations; (v) injunctive relief providing for the appointment of a Special Master to oversee the Bank's fiduciary operations pending completion of the other injunctive relief ordered by the Court; and (vi) for relief incident and subordinate thereto, including substantial punitive damages as a result of defendants' egregious self-dealing.

Numerosity

58.     The Bank serves as a corporate fiduciary (i.e., trustee, guardian, executor, etc.) for many thousands of fiduciary accounts affected by the wrongdoing described herein. At relevant times hereto, it served as a Trustee for the Cobble Trust.

59.     The exact number of members of the Class is not known by plaintiff, but is within the sole knowledge of the Bank. However, the members of the Class are so numerous as to make a class action appropriate with such Class being composed of hundreds or thousands of members.

60.     The members of the Class are located in most or all fifty states, and in numerous foreign countries.

Common Issues of Law and Fact Predominate

61.     The Bank's decision to invest the assets of the Cobble Trust in the Bank's proprietary mutual funds was made pursuant to a corporate policy which affected all fiduciary accounts, and was not made on an individual basis.

62.     The Bank's refusal to divest those Columbia Funds which performed poorly was also made pursuant to the Bank's corporate policy.

63.     All members of the Class were subjected to increased and/or unnecessary fees and expenses and all members of the Class were adversely affected by the diminution of services resulting from the acquisitions of other financial institutions by BAC and the Bank.

64.     There are common questions of law and fact that relate to and affect the rights of each member of the Class including, inter alia:

    (i)     whether the Bank's business decision to invest assets of its fiduciary accounts in shares of the Columbia Funds was motivated by the best interests of the Class members or by its desire to generate management and investment advisory fees for itself, its affiliates and subsidiaries, to lower the Bank's expenses of managing fiduciary assets and to generate unjustly other benefits for all the defendants by, inter alia, "bulking-up" the assets invested in the Bank's proprietary funds;

    (ii)    whether the Bank breached fiduciary and contractual duties to the Cobble Trust and the members of the Class by failing to conduct its fiduciary operations in conformity with the requirements of the National Banking Act, the guidelines established by the Comptroller of the Currency and other applicable law and regulations, and whether the other defendants participated in and/or aided and abetted such breaches of duty;

    (iii)   whether the Bank breached its fiduciary duties to all members of the Class

by making investment decisions for the fiduciary accounts of plaintiff and the Class based upon defendants' own interests rather than the interests of the beneficiaries of such fiduciary accounts;

(iv)    Whether the Bank's refusal to divest underperforming and/or high-expense Columbia Funds from its fiduciary accounts was motivated by the best interest of Class members or by its own financial interests;

(v)     Whether the Bank's refusal to divest underperforming and/or high-expense Columbia Funds from its fiduciary accounts was a breach of its fiduciary duty to plaintiff and other members of the Class; and

(vi)    what remedies are appropriate compensation for the damages caused to plaintiff and each member of the Class.

65.     The relief sought is common to the entire Class including, inter alia:

(i)     a declaratory judgment that the Bank violated its fiduciary duties as Trustee (or other similar fiduciary role) with respect to the affected fiduciary accounts and whether the other defendants participated therein and/or aided and abetted the Bank in doing so;

(ii)    payment by the defendants of compensatory damages caused by their commission of and/or aiding and abetting breaches of fiduciary and contractual duties, together with substantial punitive damages;

(iii)   an injunction preventing the Bank from opposing petitions by fiduciary account beneficiaries to replace it as corporate fiduciary; and

(iv)    an injunction establishing appropriate procedures and safeguards to ensure that the interests of fiduciary account beneficiaries are fully protected from wrongdoing by defendants.

## Typicality and Predominance of Plaintiff's Claims

66.     The interests of plaintiff and each member of the Class have been adversely affected by the wrongdoing of the defendants as described herein.

67.     The assets of Cobble Trust, like all other fiduciary accounts of members of the Class, were invested in the Columbia Funds, pursuant to the wholesale business policy of the Bank and its senior officers.

68.     Plaintiff's claims are common to all members of the Class and predominate over any individual claims they have against the defendants.

69.     Plaintiff's claims are typical of the claims of all members of the Class. Her claims are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class.

Plaintiff Will Fairly and Adequately Represent the Class

70. Plaintiff can and will fairly and adequately protect the interests of the Class and its members.

71. Plaintiff's attorney is experienced and capable of prosecuting complex litigation such as this case. Plaintiff's attorney will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof.

Count I: Breach of Fiduciary Duty Against the Bank: Investment in Columbia Funds

72. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

73. Defendants' wholesale decision to invest fiduciary assets in shares of the Columbia Funds without regard for the best interests of fiduciary account beneficiaries was a breach of the Bank's fiduciary duty to Desire and the members of the Class.

74. As a result of this breach of fiduciary obligations, Desire and the other members of the Class have been damaged in an amount to be determined at trial.

Count II: Breach of Fiduciary Duty Against the Bank: Failure to Divest Columbia Funds

75. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This Count is asserted against all defendants.

76. The Bank had a fiduciary obligation to monitor the Cobble Trust and to divest any assets which became inappropriate for the Cobble Trust, whether by virtue of substantial underperformance or otherwise.

77. Some of the proprietary Columbia Funds substantially underperformed comparable investments and/or had excessive expense ratios rendering them inappropriate to retain them as investments for plaintiff's account.

78. Notwithstanding the aforementioned sub-par investment performance and/or excessive expense ratios, the Bank retained the investments in the Columbia Funds, and not seek out more productive investment vehicles.

79. By virtue of the Bank's breach of its fiduciary obligation to divest underproductive

and/or excessively expensive Columbia Funds, Desire and members of the Class have been damaged in an amount to be determined at trial.

### Count III: Tortious Interference With Fiduciary Duty Against BAC, Columbia and Carmichael

80.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

81.     To the extent that BAC, Columbia and Carmichael participated in the Bank's wholesale business decision to invest fiduciary accounts in shares of the Columbia Funds without regard for the best interests of fiduciary account beneficiaries, and the Bank's wholesale business decision not to divest such shares of the Columbia Funds from fiduciary accounts regardless of investment performance and expenses, those defendants tortiously interfered in the Bank's fiduciary obligation to the Cobble Trust and other members of the Class and actively participated in the wrongdoing alleged herein.

82.     By virtue of BAC's, Columbia's and Carmichael's tortious interference with and active participation in the Bank's fiduciary obligations, Desire and members of the Class were damaged in an amount to be determined at trial.

### Count IV:  Unjust Enrichment Against All Defendants: Investment in Columbia Funds

83.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

84.     By reason of their investment of fiduciary assets in the Columbia Funds to the exclusion of all other investment vehicles, and their subsequent refusal to divest those Columbia Funds which performed poorly or had inordinately high expenses, each of the defendants was unjustly enriched at the expense of Desire and the other members of the Class.

85.     Defendants have retained and invested the proceeds of the foregoing unjust enrichment and realized additional profits thereupon, all of which should be returned to the fiduciary accounts from which they were derived and/or their beneficiaries.

### Count V Against the Bank: Breach of Contract

86.     Plaintiff repeats and realleges each and every allegation contained above as if fully

set forth herein.

87. Plaintiff, her daughter and each member of the Class is a beneficiary of the trust agreements, wills and other contractual arrangements between the Bank (and/or the Acquired Banks) and those who established the underlying fiduciary relationships with it (or them).

88. By the improper self dealing and bad faith set actions described above, the Bank breached its contractual obligations to Desire and the members of the Class herein.

89. By virtue of the Bank's breach of its contractual obligations to the Cobble Trust and other fiduciary accounts, Desire and all other similarly situated members of the Class were damaged in an amount to be determined at trial.

Count VI:   Tortious Interference With Contract: Against BAC, Columbia and Carmichael

90. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

91. By their participation in the Bank's decision to reduce services to fiduciary accounts, to invest fiduciary accounts in the Columbia Funds and to refuse to divest such fiduciary investments in the Columbia Funds despite sub par performance and inordinately high expenses, BAC, Columbia and Carmichael tortiously interfered in the Bank's contractual obligations to the Cobble Trust and other members of the Class, causing them damages in an amount to be determined by the Court.

Prayer for Relief

WHEREFORE, plaintiff respectfully requests on behalf of her daughter and on behalf of all members of the Class:

(a)   certification of this action as a class action and appointment of plaintiff and her counsel to represent the Class;

(b)   entry of judgment and an award of damages on plaintiff's claims for breach of fiduciary duty in favor of plaintiff individually and as representative of the Class;

(c)   entry of judgment enjoining the Bank from opposing any petition filed by any member of the Class seeking the removal of the Bank as corporate fiduciary and requiring

the Bank to pay for all legal fees and expenses incident thereto including its own;

(d) entry of judgment compelling the defendants to account for their unjust enrichment and disgorging the amount thereof (and the profits earned thereupon) to the fiduciary accounts affected by the wrongdoing described herein and/or their beneficiaries, as appropriate;

(e) entry of judgment compelling the Bank to fully insulate its fiduciary operations from all of its other business activities and those of the other defendants;

(f) entry of judgment compelling the Bank to implement procedures to protect the interests of the members of the Class including, inter alia, the appointment of a Special Master to oversee the Bank's fiduciary operations pending completion of the other injunctive relief ordered by the Court;

(g) repayment to the affected Columbia Funds of the damages caused to them by the defendants' actions as described herein;

(h) pre-judgment and post-judgment interest at the maximum rate allowable by law;

(i) reasonable attorney's fees and reimbursement of the reasonable costs and expenses of prosecuting this litigation and distributing the recovery to members of the Class; and

(j) such other or additional relief as this Court deems appropriate.

## Jury Demand

Plaintiff hereby demands a trial by jury.

September / , 2006

Daniel Cobrinik (DC 6406)
2 Grand Central Tower
140 East 45th Street - 25th Floor
New York, New York 10017
(212) 725-6888
Counsel for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I certify that on this 30th day of August, 2006, I caused a copy of the foregoing Amended Complaint to be served upon defendants' counsel via the Court's electronic filing system, and by regular mail.

Dated: August, 2006

_____