**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

DAWNE LULEFF, on behalf of her minor daughter    :
DESIRE COBBLE and all others similarly situated,    :

    :        No. 06-CV-1435 (JGK)

                    Plaintiff,    :

    :

         v.    :

    :

BANK OF AMERICA, N.A.; COLUMBIA    :
FUNDS SERIES TRUST f/k/a NATIONS FUNDS    :
TRUST; WILLIAM P. CARMICHAEL; and    :
BANK OF AMERICA CORPORATION,    :

    :

                Defendants.    :

-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS BANK OF AMERICA, N.A. AND BANK
## OF AMERICA CORPORATION'S MOTION TO DISMISS

REED SMITH LLP

599 Lexington Avenue

New York, New York 10022

(212) 521-5400

435 Sixth Avenue

Pittsburgh, PA 15219

(412) 288-3131

Attorneys for Defendants

Bank of America, N.A. and

Bank of America Corporation

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

    I.     Only the Bank Had a Relationship With Plaintiff ..................................................2

    II.    Plaintiff, As Co-Trustee, Authorized the Investments
           She Now Challenges on Behalf of Her Daughter ....................................................3

ARGUMENT .........................................................................................................................5

    I.     The Court Should Decline Jurisdiction and Dismiss the
           Amended Complaint Pursuant to the First-Filed Rule ...........................................5

    II.    SLUSA Mandates Dismissal of Plaintiff's Class Claims ........................................7

           A.  Plaintiff alleges a covered class action ......................................................8

           B.  Plaintiff's claims are founded on state law ...............................................8

           C.  The core allegations in Plaintiff's Amended Complaint
               are that Defendants misrepresented or omitted material facts ..........................8

           D.  Plaintiff's claims are in connection with the purchase of a covered
               security ...................................................................................................11

    III.   As This Court Recently Confirmed, Plaintiff's Claims Are Barred As a
           Matter of Law Because Plaintiff Ratified and Consented to the
           Investments She Challenges ..................................................................................12

           A.  Substantive Choice-of-Law Analysis Results in Application of
               Missouri Law and Dismissal of Plaintiffs Claims ...........................................13

           B.  Based on LaSalle and Missouri Law, Plaintiff's Claims are Barred ..............15

    IV.   Plaintiff's Claims Fail Because Neither She Nor the Trust
           Has Suffered Any Loss ..........................................................................................16

    V.    Plaintiff's Claims for Breach of Fiduciary Duty and Tortious Interference are
           Time-Barred ..........................................................................................................17

    VI.   There Can Be No Breach of Fiduciary Duty Where the Trustee
           Complied With the Terms of the Trust Instrument and State Law ........................19

i

VII.   Because No Term of the Contract Has Been Breached and Because the Law Authorized the Bank's Conduct, Plaintiff's Breach of Contract Claim Fails to State a Claim ..................................................................................21

VIII.  Plaintiff's Claim For Unjust Enrichment (Count IV) Fails as a Matter of Law Because No Benefit to the Bank Was Improper or Unjust Here...............22

IX.    Because Neither Plaintiff Nor the Luleff Trust Had Any Kind of Relationship With BAC, the Remaining Counts Against BAC Should Be Dismissed .............23

X.     Plaintiff Lacks Standing to Seek Injunctive Relief................................................24

CONCLUSION...................................................................................................................25

**TABLE OF AUTHORITIES**

**Cases**

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128 (S.D.N.Y. 1994) ...............5, 6

Adam v. Jacobs, 950 F.2d 89 (2d Cir. 1991) ................................................................5

Alternate Fuels v. Cabanas, 435 F.3d 855 (8th Cir. 2006) ........................................24

American Home Assur. Co. v. Merck & Co., Inc., 329 F.Supp.2d 436 (S.D.N.Y. 2004).............13

Andres v. Metro N. Commuter R.R. Co., 882 F.2d 705 (2d Cir. 1989) ........................................19

AroChem Int'l, Inc. v. Buirkle, 968 F.2d 266 (2d Cir. 1992)........................................14

Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
459 U.S. 519 (1983)...............................................................5

Behlen v. Merrill Lynch, 311 F.3d 1087 (11th Cir. 2002)...........................................8, 9

Board of Education of the Mount Sinai Union Free School District v. New York State
Teachers Retirement System, 60 F.3d 106 (2d Cir. 1995).......................................24

Boatmen's Trust Co. v. Sugden, 827 S.W.2d 249 (Mo. App. 1992)...........................................22

Burns v. Warwick Valley Central School Dist., 166 F. Supp.2d 881 (S.D.N.Y. 2001) ...............10

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) ................................................24, 25

Denny v. Guyton, 57 S.W.2d 415 (Mo. 1932)..........................................................3

Estate of Gump v. Wells Fargo, 128 Cal.App.3d 111, 180 Cal. Rptr. 219 (1982) ........................17

Felton v. Morgan Stanley Dean Witter & Co., 429 F. Supp.2d 684 (S.D.N.Y. 2006) ....7, 8, 10, 11

First City Nat'l. Bank and Trust Co. v. Simmons, 878 F.2d 76 (2d Cir. 1989) ...............................5

First Nat'l. Bank of Kansas City v. Hyde, 363 S.W.2d 647 (Mo. 1962) ........................................19

Graves v. Berkowitz, 15 S.W. 3d 59 (Mo. Ct. App. 2000).........................................22, 23

Holland v. Morse Diesel Int'l., Inc.,, 86 Cal. App. 4th 1443 (Cal. Ct. App. 2001) ........................19

Hughes v. LaSalle Bank, N.A., 419 F.Supp. 2d 605 (S.D.N.Y. 2006).................12, 13, 16, 17, 18

Hughes v. LaSalle Bank, 2006 U.S. Dist. LEXIS 48268 (July 14, 2006) ....................................20

In re Estate of Chrisman, 746 S.W.2d 131 (Mo.App. 1988) ......................................16

In re McCune, 705 A.2d 861 (Pa. Super. 1997) .........................................................17

In re Estate of Kopf, No. O.C. 71 of 2001 Slip Op
   (Warren Cty. Orphans Ct. Dec. 31, 2001) ........................................................10, 21

In re Salomon Smith Barney Mutual Fund Fee Litigation,
   441 F. Supp. 2d 579 (S.D.N.Y. 2006)..............................................................8, 11

Insurance Co. v. Chase, 72 U.S. 509 (Mem.) (1867)..........................................3, 14, 15

Kingdom 5-KR-41, LTD. V. Star Cruises PLC, No. 01 Civ. 2946, 2004 WL 444554
(S.D.N.Y. March 10, 2004)...............................................................................10

Krock v. Lipsay, 97 F.3d 640 (2d Cir. 1996).............................................................14

Kutten v. Bank of America, 04-CV-244 slip. Op. at 4 (E.D. Mo. May 26, 2006) .................24, 25

Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101 (2d Cir. 2001) ....................................11

Lee v. Bankers Trust Co., 166 F.3d 540 (2d Cir. 1999) .................................................14

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) .....................................................25

Maryland Cas. Co. v. Continental Cas. Co., 332 F.3d 145 (2d Cir. 2003) ....................................14

Mason v. Am. Tobacco Co., 346 F.3d 36 (2d Cir. 2003) ...................................................5

Meridian Int'l Bank Ltd. v. Gov't of the Republic of Liberia, 23 F.Supp.2d 439,
   452 (S.D.N.Y. 1998) .................................................................................18

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S.Ct. 1503 (2006).....................7, 8, 11

Morrison v. Asher, 361 S.W.2d 844 (Mo.App. 1962).....................................................3, 16

Motion Picture Lab Technicians Local 780, I.A.T.S.E. v. McGregor, 804 F.2d 16
   (2d Cir. 1986)........................................................................................5

Nat'l. Surety Corp. v. Praireland Contr., Inc., 354 F. Supp.2d 1032 (E.D. Mo. 2004).................24

Padula v. Lilarn Prop. Corp., 84 N.Y.2d 519 (1994) ....................................................14

Patrowicz v. Transamerica Homefirst, Inc., 359 F.Supp.2d 140 (2d Cir. 2005) ...........................6

Press v. Quick & Reilly, Inc., 218 F.3d 121 (2d Cir. 2000) ..............................................10

Reinke v. Bank of America, No. 04-CV-1758, 2005 WL 3454428 (E.D. Mo.
   Dec. 16, 2005)....................................................................................24, 25

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000)................................................................2

Rowinski v. Salomon Smith Barney, Inc., 398 F.3d 294 (3d Cir. 2005)........................8

S&J, Inc. v. McLoud & Co., 108 S.W.3d 765 (Mo. App. 2003)....................................23

Samuels v. E.F. Drew & Co., 7 F.2d 764 (S.D.N.Y. 1924)......................................3, 15

Schultz v. Boy Scouts of Am., Inc., 65 N.Y.1d 189 (1985) ..........................................14

Scullin v. Clark, 242 S.W.2d 542 (Mo. 1951) ..............................................................16

SEC v. Zandford, 535 U.S. 813 (2002)......................................................................9, 11

Solow v. Stone, 994 F. Supp. 173, 182 (S.D.N.Y. 1998) ..............................................18

Spencer v. Wachovia Bank, N.A., No. 05-81016, 2006 U.S. Dist. LEXIS 52374
    (S.D. Fla. May 10, 2006) ..........................................................7, 8, 10, 11, 12, 17

Stuart v. Am. Cyanamid Co., 158 F.3d 622 (2d Cir. 1998) ..........................................13

Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F. 3d 119 (2d Cir. 2005).................2

Trotter's Corp. v. Ringleader Restaurants, Inc., 929 S.W.2d 935 (Mo. Ct. App. 1996) ..............21

United States v. Bonanno Organized Crime Family of La Cosa Nostra,
    879 F.2d 20 (2d Cir. 1989)......................................................................................5

Van de Kamp v. Bank of America, 204 Cal. App. 3d 819 (1988)..................................23

Volker Court, LLC v. Santa Fe Apartments, LLC, 130 S.W. 3d 607 (Mo. Ct. App. 2004)..........21

Walker v. James, 85 S.W.2d 876, 884 (Mo. 1935)........................................................16

Warth v. Seldin, 422 U.S. 490 (1975)............................................................................24

Weiner v. Klais & Co., Inc., 108 F.3d 86 (6th Cir. 1997) ............................................2

White v. ARCO/Polymers, Inc., 720 F.2d 1391 (5th Cir. 1983) ................................19

Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309 (1994)....................14

**Statutes**

15 U.S.C. §§ 77p(f)(2)(A)(i)(I).......................................................................................8

15 U.S.C. §§ 77r(b)........................................................................................................11

15 U.S.C. §§ 77bb(f)(1)-(2) ...................................................................................8

15 U.S.C. §§ 78bb(f)(5)(B)(i)(I) ...........................................................................8

Mo. Rev. Stat. § 456.520 ...............................................................................2, 20

Mo. Rev. Stat. § 469.901.2 ..................................................................................19

Mo. Rev. Ann. Stat. § 362.550(11) ..............................................................10, 20

Mo. Rev. Ann. Stat. § 469.913 ............................................................................20

N.Y. C.P.L.R. § 202 .............................................................................................17

Securities Act of 1933, Sections 18(b)(1) and (b)(2) ..........................................11

## Rules

Fed. R. Civ. P. 10(c) .............................................................................................2

Fed. R. Civ. P. 12(b) .............................................................................................1

## Other Authorities

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (1990) .................2

Restatement (Second) of Conflict of Laws § 188 ........................................15

Restatement (Second) of Trusts § 197 and § 198 cmt. b. (1959)..........................21, 22

## INTRODUCTION

This case concerns the role of Bank of America, N.A. (the "Bank") as the corporate co-trustee for a Missouri trust. Plaintiff served as co-trustee with the Bank until the trust relationship terminated in 2005. In the Amended Complaint, Plaintiff purports to bring state law claims against the Bank, its holding company, its affiliated mutual fund company, as well as one of the mutual fund company's board members, even though neither she nor her daughter had any relationship with any of these Defendants other than the Bank. Specifically, in this action, Plaintiff challenges the investment of some of the trust's assets in the Bank's affiliated mutual funds. Plaintiff brings these claims despite the undisputed facts that (1) as co-trustee, she stands in the shoes of the Bank, (2) as co-trustee and guardian, she authorized in writing each of the investments she now challenges, and (3) both the trust instrument in question and Missouri law authorized the investment of trust assets in affiliated mutual funds and the Bank's compensation.

As outlined below, each of Plaintiff's claims suffers numerous, fundamental defects and should be dismissed. Initially, this Court should decline jurisdiction and dismiss this case pursuant to the first-filed rule because Plaintiff admits that this action is identical to a previously filed action.

As to the merits, recent authority from several courts provides numerous, independent grounds for dismissal of Plaintiff's claims as a matter of law. First, based upon a recent opinion from the United States Supreme Court and a recent district court case squarely on point, the Securities Litigation Uniform Standards Act ("SLUSA") preempts every claim, mandating dismissal. Second, as this Court confirmed just a few months ago in granting a motion to dismiss in a similar case involving Plaintiff's counsel, because Plaintiff herein undisputedly authorized, ratified and consented to the investments challenged, she is barred as a matter of law from bringing these claims. Third, based upon recent decisions of two district courts in cases also squarely on point, Plaintiff lacks standing to seek injunctive relief. Finally, her claims fail for a number of additional reasons, including the fact that Plaintiff does not plead any loss because the trust did not suffer a loss. Accordingly, all counts of the Amended Complaint should be dismissed pursuant to Federal Civil Rule 12(b).

## FACTUAL BACKGROUND

### I.   Only the Bank Had a Relationship With Plaintiff

Plaintiff, Dawne Luleff, is legal guardian and co-trustee for a trust created for her minor

daughter, Desire Cobble. See Amended Complaint ¶13 (Exhibit 1, Messite Affidavit). The

Desire Cobble Trust ("Luleff Trust") was established in November 2001 by Court Order of the

Circuit Court of the City of St. Louis, Missouri. Id.; see also Exhibit 2, Messite Affidavit.[1]  As

guardian and co-trustee, Plaintiff brings this action on her daughter's behalf. See Amended

Complaint ¶12.  Plaintiff's claims are derived from investments of assets in a trust account for

which she and the Bank served as co-trustees.  The trust instrument creating the Luleff Trust

granted broad discretionary investment authority to the Bank and Plaintiff as co-trustees:

> A. General Powers.  Unless otherwise prohibited herein, in addition to the powers
> otherwise vested by law, including the statutory powers enumerated in RSMo.
> Section 456.520[2] hereby incorporated herein, as such statute may be amended,
> the Trustee of the Trust established under this instrument shall be authorized to
> take with regard to the administration, management and investment of the Trust
> funds any action deemed by the Trustee to be for the best interests of the Trust, in
> the sole and absolute discretion of the Trustee, and without procuring the
> authorization of any court.  All distributions of Trust assets must be in accordance
> with the terms and conditions of this Trust Agreement.  All decisions and actions
> taken in good faith by the Trustee shall be binding and conclusive on all parties.

Exhibit 2 at pp. 11-12, Messite Affidavit.  The trust instrument provides the co-trustees with

"sole and absolute discretion" for investment authority and does not impose any limitation on the

type of investments which could be made with the assets held in the Luleff Trust. See id.  The

---

[1]     Although Plaintiff did not attach the trust instrument or her authorization to the Amended
Complaint, the Court may consider these.  On a Motion to Dismiss, the court may consider "any
written instrument attached to the complaint as an exhibit or incorporated in the complaint by
reference, as well as documents upon which the complaint relies and which are integral to the
complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005).
This includes documents "that the plaintiff either possessed or knew about and upon which
[plaintiff] relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000).
Under Fed. R. Civ. P. 10(c), a defendant may introduce and the court may consider pertinent
documents on a motion to dismiss if a plaintiff fails to attach the documents to its complaint.
E.g., Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted); 5 Charles
A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (1990).  Otherwise,
plaintiffs with legally deficient claims could survive a motion to dismiss simply by failing to
attach a dispositive document. Weiner, 108 F.3d at 89.

[2]     Missouri Revised Statute § 456.520 was repealed in 2004 with the enactment of the
Missouri Uniform Trust Code.

trust instrument also permits the trustees (the Bank and Plaintiff) to receive compensation for services rendered as a fiduciary for the Luleff Trust.  See id. at p. 4.

Finally, the trust instrument provides that Plaintiff and the Bank were jointly vested with all the powers enumerated in the instrument.  Indeed, the trust instrument provides that "all decisions and actions taken in good faith by the Trustee shall be binding and conclusive on all parties" and that "the concurrence and joinder of the corporate Trustee and any individual Trustee shall control in all matters."  See id. at pp. 4, 11-12.  In other words, Plaintiff, as co-trustee, stood in the shoes of the Bank in all aspects of administering the Luleff Trust.[3]

The Bank, as co-trustee for the Luleff Trust, is the only defendant here that had any relationship with Plaintiff and indeed the trust instrument confirms this fact.  Plaintiff had no relationship whatsoever with Bank of America Corporation ("BAC") or the other Defendants, and she has not and cannot plead otherwise.

## II.    Plaintiff, As Co-Trustee, Authorized the Investments She Now Challenges on Behalf of Her Daughter

In her role as co-trustee, Plaintiff was responsible for making the investment decisions for the Luleff Trust and she had the same investment authority and fiduciary obligations as the Bank.  In fact, the very same day that the Luleff Trust was established, Plaintiff made her first investment decision as the co-trustee and approved, in writing, the investment of trust assets in Columbia/Nations Funds,[4] the Bank's affiliated mutual funds:

> I acknowledge receipt of the current prospectus for the Funds and a Nations Funds Fee Disclosure Statement.  As co-fiduciary for this account, I understand that the Service Providers will be paid investment advisory and other fees by the Funds.  I approve the method of reducing the investment management fees paid to the Bank by the Account.  I understand and agree that the Bank is not required to reduce the Account's fee on account of the compensation

---

[3]    See Insurance Co. v. Chase, 72 U.S. 509, 514 (Mem.) (1867) (co-trustees act jointly); Samuels v. E.F. Drew & Co., 7 F.2d 764, 765 (S.D.N.Y. 1924) (joint action by co-trustees required); Denny v. Guyton, 57 S.W.2d 415 (Mo. 1932); Morrison v. Asher, 361 S.W.2d 844, 852 (Mo.App. 1962) (where one co-trustee acquiesces in the improper acts of the other co-trustee, both trustees must bear the responsibility of the acts, or failure to act, of each).

[4]    At the time Luleff authorized the trust assets to be invested in affiliated mutual funds, the Bank's affiliated mutual funds were called "Nations Funds."  The same funds are now known as "Columbia Funds," and are referenced in Luleff's Amended Complaint as "Columbia Funds."

> paid by the Funds for services other than investment advice.  The Bank will supply me annually with a prospectus, which will disclose the maximum rates of compensation that the Service Providers may earn for services rendered to the Funds.
>
> Subject to any additional approval by me or others that may be needed under the terms of the trust or local law regarding co-fiduciary actions, I authorize the Bank to use any Fund described in the prospectus to further the Account's investment objectives.

See Luleff Authorization, November 9, 2001 (Exhibit 3, Messite Affidavit).  Moreover, the Luleff trust instrument specifically provides that any action she took as a co-trustee was binding on her as the guardian for her daughter.  (Exhibit 2, Messite Affidavit, Art. X, Sec. A).

Plaintiff, nevertheless, now claims that the prospectuses and fee disclosure form misrepresented material facts in connection with the purchase of Columbia/Nations Funds for the Luleff Trust.  See Amended Complaint ¶¶33, 36 and 37.  For example, she claims that these documents did not disclose that Bank affiliates provided services to the mutual funds and received compensation for such services.  See id. at ¶36.  Even a cursory review of the Luleff Authorization which Plaintiff signed in 2001 demonstrates that the Bank disclosed the very facts Plaintiff claims were not disclosed:

> ### Disclosure for Investment in Nations Funds
>
> Nations Funds comprises a family of mutual funds (the "Funds") for fiduciary and non-fiduciary accounts.  We may invest assets in the Account in the Funds only with your concurrence in accordance with the Account's governing document.  We believe that investment in the Funds will provide the Account with levels of diversification and liquidity that investment in individual securities may not provide.
>
> Wholly or partially owned subsidiaries of Bank of America Corporation ("Service Providers") provide various services to the Funds, for which they are compensated.  For example, NationsBanc Advisors, Inc. is the investment adviser for each of the Funds. . .  In the case of certain Funds, advisors that are not subsidiaries of Bank of America Corporation provide investment sub-advisory services and, for those services, receive a portion of the advisory fees paid by those Funds.  The accompanying Nations Funds Fee Disclosure Statement and prospectuses describe the various fees paid by each Fund and identify the recipient of those fees.

<u>See</u> Luleff Authorization, November 9, 2001 (Exhibit 3, Messite Affidavit).  Clearly, in 2001, Plaintiff knew that Bank affiliates received compensation for services provided to the mutual funds and that the affiliated mutual funds charged fees.

## ARGUMENT

When ruling on a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court may accept only the well-pled allegations in the complaint as true.  <u>See</u> <u>Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519 (1983); <u>Mason v. Am. Tobacco Co.</u>, 346 F.3d 36, 39 (2d Cir. 2003).  However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." <u>U.S. v. Bonanno Organized Crime Family of La Cosa Nostra</u>, 879 F.2d 20, 27 (2d Cir. 1989).  As outlined herein, the Amended Complaint has numerous fundamental defects warranting dismissal.

### I.    The Court Should Decline Jurisdiction and Dismiss the Amended Complaint Pursuant to the First-Filed Rule

The propriety of a forum is a threshold matter that the Court must consider before addressing the merits of an action.  <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991).  The first-filed rule allows a court to decline jurisdiction and dismiss a complaint that is substantially similar to another complaint that was previously filed.  Accordingly, this Court should consider whether, in light of the first-filed rule, this action is properly before it.  <u>See</u> <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F.Supp. 128 (S.D.N.Y. 1994) (dismissing action under first-filed rule).  Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow the first-filed rule whereby the court which first has possession of the action decides it absent a showing that the balance of convenience favors the second action.  <u>Id.</u> (citations omitted); <u>see also</u> <u>First City Nat'l. Bank and Trust Co. v. Simmons</u>, 878 F.2d 76 (2d Cir. 1989) (dismissing case pursuant to the first-filed rule.); <u>Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor</u>, 804 F.2d 16 (2d Cir. 1986).

Based upon Plaintiff's admissions, the Court should apply the first-filed rule and decline jurisdiction over this case.  First, there can be no question that the action <u>Siepel, et al. v. Bank of America, N.A., et al.</u>, 05-CV-2393 (E.D. Mo.), was filed before this case in 2005.  Second, in a

filing before this Court, Plaintiff admits that her action is "substantively similar" to the <u>Siepel</u> action.[5] Plaintiff further admits that the "only material difference between Luleff's Complaint and the … Siepel Complaint is the following five paragraphs relating to late trading and market timing transactions in Nations Funds." <u>See</u> Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay this Action, at p. 1, attached as Exhibit 4 to Messite Affidavit. Indeed, the only "material difference" to which Plaintiff referred was ***eliminated*** by Stipulation and Order of this Court withdrawing all allegations and claims in this action relating to market timing and late trading.

By Plaintiff's own admission and that of her counsel, Mr. Cobrinik, her claims are "substantially similar," and in some instances, identical to the allegations in <u>Siepel</u>. In her Amended Complaint, Plaintiff alleges that the Bank "refused to consider non-proprietary investments for fiduciary accounts." Amended Complaint ¶46. As Plaintiff also admits, in both cases, the claims are predicated on investments in Columbia/Nations Funds – the Bank's affiliated mutual funds – and on behalf of the same putative class as in <u>Siepel</u>. <u>See</u> Affidavit of Daniel Cobrinik, attached as Exhibit 5 to Messite Affidavit.[6] Indeed, Plaintiff's counsel oddly filed this action in New York for a Missouri resident and then advocated for transfer and consolidation of the <u>Luleff</u> action with the <u>Siepel</u> action in an MDL proceeding in Missouri. <u>See</u> <u>id.</u> As the MDL Panel ruled, consolidation is not the answer; dismissal is. This action should never have been filed. Accordingly, given Plaintiff's admissions and the interest of judicial economy, this action should be dismissed and the resolution adjudicated in the forum where it was first filed. <u>See</u> <u>800-Flowers</u>, 860 F.Supp. at 136.

---

[5]    Although Plaintiff will not concede this, transfer to United Stated District Court for the Eastern District of Missouri (pursuant to 28 U.S.C. §1404(a)) is inappropriate because the Missouri federal court does not have personal jurisdiction over Defendants Columbia Funds and Mr. Carmichael.

[6]    The Court may take judicial notice of this affidavit. <u>Patrowicz v. Transamerica Homefirst, Inc.,</u> 359 F.Supp.2d 140, 144 (2d Cir. 2005) (court could take judicial notice of the pleadings, orders, and judgments in prior litigation related to the instant case.)

## II.    SLUSA Mandates Dismissal of Plaintiff's Class Claims

In 1995, after determining that meritless and abusive private lawsuits were harming the nation's securities markets, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") to impose procedural and substantive restrictions on private securities suits in federal court, including heightened pleading requirements, more rigorous standards for class representation, and strict statutes of limitations.  Spencer v. Wachovia Bank, N.A., No. 05-81016, 2006 U.S. Dist. LEXIS 52374 (S.D. Fla. May 10, 2006).[7]  Seeking to avoid PSLRA's restrictions, securities class action plaintiffs began to frame their allegations of securities fraud as state law causes of action and pursue relief in state court.  Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") to close this loophole and to ensure that national, federal standards would be applied to challenges involving publicly traded securities. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S.Ct. 1503, 1511 (2006).

SLUSA provides for the immediate dismissal of certain putative class actions based on state law alleging an untrue statement or omission of a material fact made in connection with the purchase or sale of a covered security.  See Felton v. Morgan Stanley Dean Witter & Co., 429 F.Supp.2d 684, 690, 692 (S.D.N.Y. 2006) (holding that dismissal on SLUSA grounds appropriate where plaintiff's claim is a "securities fraud wolf dressed up in a breach of contract sheep's clothing.").  Preemption and dismissal under SLUSA is appropriate for any claim that meets four criteria: (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and (4) the defendant's alleged misrepresentation or omission of a material fact was made "in connection with" the purchase or sale of a "covered security."  See id. at 690-691 (citing Dabit, 126 S. Ct. at 1511-12); 15 U.S.C. § 78bb(f)(1)-(2)).  All four criteria for SLUSA

---

[7]     While SLUSA prevents Plaintiff from bringing state law claims as class claims, it does not foreclose Plaintiff from bringing individual state law claims.  Spencer v. Wachovia Bank, N.A., No. 05-81016-CIV-RYSKAMP/VITUNAC, slip op. at 16 (S.D. Fla. May 10, 2006) (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,  126 S.Ct. 1503, 1514 (2006)).

Spencer, and all other unpublished opinions cited herein are collectively attached to the Messite Affidavit at Exhibit 11.

preemption are satisfied here, and, accordingly, Plaintiff's state law claims are preempted and should be dismissed.  Spencer, 2006 U.S. Dist. LEXIS 52374 at *10; In re Salomon Smith Barney Mutual Fund Fees Litigation, 441 F.Supp.2d 579, 603-604 (S.D.N.Y. 2006) (dismissing plaintiffs' state law breach of fiduciary claims *with prejudice* applying Dabit's broad interpretation of SLUSA's "pre-emptive" sweep where allegations "coincide" with challenged securities transaction).

### A.       *Plaintiff alleges a covered class action.*

Under SLUSA, a "covered class action" is a lawsuit in which "[d]amages are sought on behalf of a class of more than 50 persons or prospective class members . . . ."  15 U.S.C. §§ 78bb(f)(5)(B)(i)(I); 77p(f)(2)(A)(i)(I).  Here, Plaintiff purports to bring various state law claims on behalf of a nationwide class of "many thousands" of beneficiaries.  See Amended Complaint ¶¶58-60 (Exhibit 1, Messite Affidavit).  Plaintiff's lawsuit meets SLUSA's definition of a covered class action.

### B.       *Plaintiff's claims are founded on state law.*

Plaintiff's claims are also clearly founded on state law, as she asserts state law claims for breach of fiduciary duty, breach of contract, unjust enrichment, "tortious interference with fiduciary duty" and tortious interference with contract.  See id. at ¶¶72-91.  See also Spencer, 2006 U.S. Dist. LEXIS 52374 at *8-9 (concluding similar claims raised herein involved state law claims).

### C.       *The core allegations in Plaintiff's Amended Complaint are that Defendants misrepresented or omitted material facts.*

The court must focus on the substance of Plaintiff's allegations and be wary of efforts to circumvent SLUSA through artful pleading.  See Felton, 429 F.Supp.2d at 692-693.  Artful pleading is a proscribed practice to avoid SLUSA preemption and courts are cautioned that the presence or absence of a key word is not determinative of SLUSA's applicability but rather the appropriate analysis is whether a reasonable reading of the complaint reveals allegations generally within SLUSA's purview.  See Rowinski v. Salomon Smith Barney, Inc., 398 F.3d 294, 304 (3d Cir. 2005); Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (holding that deletions in an amended complaint did not change the crux of complaint to avoid dismissal

under SLUSA).  When the "gravamen" of the complaint involves an untrue statement or omission of a material fact, and when that conduct coincides with a transaction involving a covered security, SLUSA mandates dismissal.  See SEC v. Zandford, 535 U.S. 813, 819 (2002).

In this case, Plaintiff's efforts to circumvent SLUSA through artful pleading are obvious.  Defendants moved to dismiss Plaintiff's Original Complaint because the numerous allegations of alleged omissions and misrepresentations in connection with the purchase of securities – shares of Nations/Columbia funds mutual funds – brought this case squarely within the scope of SLUSA preemption and confirming case law.  For example, in the Original Complaint, Plaintiff explicitly pled numerous omissions and misrepresentations, including an entire section entitled, "Defendants' Failure to Make Full and Fair Disclosure."  Exhibit 9, ¶¶44-50.

In response to Defendants' motion to dismiss, Plaintiff filed an Amended Complaint trying to replead her class claims to avoid SLUSA.  However, Plaintiff's attempt to avoid SLUSA preemption by excising "key" words such as "disclosure" from her Amended Complaint is of no moment.  Plaintiff's manipulation of allegations with semantics does not, and simply cannot, change the factual predicate that the state law claims are based upon – that is, that Defendants allegedly invested trust assets and other financial assets in Nations Funds through certain misrepresentations and omissions about the value of those investments, purported conflicts of interest and the related fees and expenses.  Indeed, in the Amended Complaint, Plaintiff still repeatedly alleges non-disclosures and omissions concerning all aspects of the mutual fund investments, including alleged misstatements and omissions in the mutual fund prospectuses and other disclosure documents.  See, e.g., at ¶37 ("The Bank never fully disclosed to plaintiff … its conflicts of interest …); ¶49 ("In order to disguise the Bank's 'double dipping' [regarding fees in connection with purchases of affiliated mutual funds]"); and ¶50 (information provided by the Bank in connection with expenses for affiliated mutual funds was "deceptive").  By way of further example, Plaintiff substitutes the word "misrepresent," and instead alleges that Defendants "disguised" information -- "deceptive" information -- from Plaintiff.  See Amended Complaint ¶¶49, 50, and 52.  Semantics cannot and should not permit Plaintiff to avoid SLUSA preemption.  Behlen, 311 F.3d at 1095.

In cases like this where Plaintiff attempts to conceal claims based on the misrepresentation or omission of material facts using state law labels, courts in this Circuit have disregarded these labels and dismissed the claims as preempted by SLUSA.  See, e.g., Felton, 429 F.Supp.2d at 692-694; Kingdom 5-KR-41, LTD. v. Star Cruises PLC, No. 01 Civ. 2946, 2004 WL 444554 at *3 (S.D.N.Y. March 10, 2004); Press v. Quick & Reilly, Inc., 218 F.3d 121, 131-32 (2d Cir. 2000).  In Spencer, precisely as in this action, the plaintiff alleged that Wachovia, the trustee, by investing trust assets in affiliated mutual funds – Evergreen Funds – without disclosing that such funds were affiliated with Wachovia, and by allegedly charging undisclosed and excessive fees against the trust assets in relation to these funds, engaged in self-dealing in breach of its duty of loyalty to trust beneficiaries.  Spencer, 2006 U.S. Dist. LEXIS 52374 at *2.  In trying to avoid SLUSA preemption, the plaintiff in Spencer argued that her claim was for breach of fiduciary duty and was not predicated on misrepresentations or omissions – no doubt the same argument Plaintiff will raise here.  Id.  In rejecting these arguments in Spencer, the Court noted that the Complaint is "replete with claims of misrepresentation."  Id. at *14.  As in Spencer, the "gravamen" of the Amended Complaint is one of misrepresentation and omission.

Plaintiff recognizes, as she must, that she cannot excise all allegations of misrepresentation or omission because otherwise she has no claim.  In other words, if Plaintiff's Amended Complaint merely alleges that the Bank invested some of the Luleff Trust assets in affiliated mutual funds, then she fails to state a claim because all fifty states authorize the use of affiliated mutual funds as investment vehicles for trust accounts.[8]  See, e.g., In re Estate of Kopf, No. O.C. 71 of 2001, slip op. (Warren Cty. Orphans' Ct. Dec. 31, 2001) (no breach of fiduciary duty because investments in affiliated mutual funds are authorized by statute), aff'd, 850 A.2d 20 (Pa. Super. Ct. 2004), Exhibit 6, Messite Affidavit.  The only basis for a claim she could plead is alleged misrepresentation or omission, which, in turn, is preempted under SLUSA.

---

[8]     See, e.g., Oh. Rev. Code Ann. §1111.13(H); Vt. Stat. Ann. Tit. 8, §14410(a).  Me. Rev. Stat. tit., 18-A §7-408(2); Md. Estates and Trusts Code Ann. §15-106(c); A.C.A. §28-71-104; Ga. Code Ann. §53-12-287; Haw. Rev. Stat. §412:8-400; Idaho Code §68-404A; 760 Ill. Comp. Stat. Ann. §5/5.2; Burns Ind. Code Ann. §28-1-12-3; Iowa Code §633.123A; La. Rev. Stat. Ann. §9:2086; Mo. Rev. Stat. §362.550.

Put simply, Plaintiff cannot escape dismissal here.  Either SLUSA applies with full force and the state law claims are preempted, or Plaintiff has artfully pled herself right out of a claim.

**D.    *Plaintiff's claims are in connection with the purchase of a covered security.***

**1. *Plaintiff's claims involve a covered security.***  There is no dispute given Plaintiff's securities laws claims that Columbia Funds are "covered" securities, which are defined as securities that satisfy the standards of the Securities Act of 1933, Sections 18(b)(1) and (b)(2), including "those securit[ies] issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." See 15 U.S.C. §§ 77p(f)(3), 77r(b); Spencer, 2006 U.S. Dist. LEXIS 52374 at *8; Felton, 429 F.Supp. 2d at 691; Dabit, 126 S.Ct. at 1512; Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 108-109 (2d Cir. 2001).

**2. *The "in connection with" requirement is met in this case.***  The Supreme Court has given a broad interpretation to the phrase "in connection with" and has held that this language is to be construed "not technically and restrictively, but flexibly to effectuate its remedial purpose," which is "to achieve a high standard of business ethics in the securities industry." Zandford, 535 U.S. at 819; see also Dabit, 126 S.Ct. 1503, 1513.  In Dabit, the Supreme Court recently affirmed that the traditional broad interpretation that has been given to this language extends to the "in connection with" phrase as it is used in SLUSA.  Specifically, the Supreme Court held that "it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else." See 126 S.Ct. at 1513.  "The requisite showing, in other words, is 'deception "in connection with the purchase or sale of any security," not deception of an identifiable purchaser or seller.'" Id. (citations omitted); see also Smith Barney, 441 F.Supp.2d at 604 ("In Dabit, the Supreme Court held that SLUSA's operative language must be read broadly ....").

Relying on this interpretation, the Court in Spencer dismissed similar state law claims on SLUSA grounds.  Precisely as in this case, in Spencer, the plaintiff asserted state law class claims for breach of fiduciary duty and unjust enrichment against Wachovia. See Spencer, 2006

U.S. Dist. LEXIS 52374 at *3.[9]  After finding that the other requirements of SLUSA were met, the court in <u>Spencer</u> addressed the "in connection with" requirement for SLUSA preemption. The court reasoned that the plaintiff was essentially alleging that Wachovia misled trust beneficiaries about its investment in affiliated funds and the expenses associated with those transactions.  <u>See</u> <u>id</u>. at *2-3.  Because Wachovia's conduct was premised on, and furthered by, the purchase of the affiliated mutual funds, the court held that the plaintiff's state law claims were "in connection with" the purchase of the shares of the affiliated funds.  <u>See</u> <u>id</u>. at 13.  The court in <u>Spencer</u>, therefore, held that SLUSA preempted plaintiff's state law class claims.

<u>Spencer</u> is squarely on point with this case.  Plaintiff here alleges what amounts to a scheme to mislead fiduciary customers about the Columbia/Nations Funds investments.  <u>See</u> Amended Complaint ¶¶1-2, 18, 25-26. 30-40, 45-55, 61-63, 67, 77, 84.  (Exhibit 1, Messite Affidavit).  The allegations and claims are premised on, and were allegedly furthered by, the purchase of shares of affiliated mutual funds for the Luleff Trust.  As such, Plaintiff's state law claims are "in connection with" a securities transaction and are preempted by SLUSA.  Precisely as the Court in <u>Spencer</u> ruled, all requirements for SLUSA preemption have been met here and, accordingly, the state law class claims in the Amended Complaint must be dismissed.

### III.  As This Court Recently Confirmed, Plaintiff's Claims Are Barred As a Matter of Law Because Plaintiff Ratified and Consented to the Investments She Challenges

In a case raising the very same claims, this Court recently granted the defendant bank/trustee's motion to dismiss.  <u>Hughes v. LaSalle Bank, N.A.</u>, 419 F.Supp.2d 605 (S.D.N.Y. 2006), <u>reconsideration denied</u>, 2006 U.S. Dist. LEXIS 48268 (July 14, 2006).  Plaintiff's counsel herein was counsel in that action.[10]  Specifically, in <u>LaSalle</u>, the plaintiffs raised similar claims against LaSalle Bank for breach of fiduciary duty and unjust enrichment in connection with

---

[9]     The <u>Spencer</u> plaintiff alleged that Wachovia, among other things, (1) violated state law by investing trust assets in affiliated funds, (2) failed to disclose certain material information relating to the investment in the affiliated funds, and (3) "devised a scheme to maximize its profits by forcing the irrevocable trusts to invest in the Evergreen Funds whether or not such investments were in the best interests of the trusts."  <u>See</u> <u>id</u>.  The allegations in <u>Spencer</u> track those in this case.

[10]    In fact, Mr. Cobrinik's co-counsel in <u>LaSalle</u> was Richard Greenfield, who has filed seven other actions against the Bank.  Five of those cases have been dismissed.

investment of trust assets in LaSalle Bank's affiliated mutual funds. Judge Mukasey granted the defendants' motion to dismiss, holding, among other things, that where the beneficiary had notice and consented to investments in affiliated mutual funds and did nothing to disaffirm, the conduct was ratified and her claims were barred. See id. at 618.

In an attempt to avoid LaSalle's harsh result, in her Amended Complaint, Plaintiff now purports to bring claims not in her capacity as co-trustee (as in her original complaint), but in her capacity as her minor daughter's legal representative. Cf. Original Complaint with Amended Complaint ¶¶1, 56 (Exhibit 10, Messite Affidavit). In creating the Luleff Trust, the Missouri Court made clear that Plaintiff was vested with the roles of both legal representative and co-trustee. Plaintiff expects this Court to ignore her conduct as a co-trustee (including her authorization of the investments she now challenges) and view her only as an oblivious guardian. Her roles are intertwined and cannot be legally separated. Moreover, as set forth in the Luleff Trust Instrument, any decisions Plaintiff made as co-trustee, she also made as guardian. See, e.g., Luleff Trust Agreement Art. X, Sec. A ("All decisions and actions taken in good faith by the Trustee *shall be binding and conclusive on all parties*") (emphasis added) (Exhibit 2, Messite Affidavit). Plaintiff's attempt to disguise her role in the very conduct she now challenges in her Amended Complaint is of no moment. The LaSalle decision applies with full force and dismissal is warranted.

As an initial matter, as in LaSalle, a choice of law analysis is required to determine the applicable state law for each of Plaintiff's claims. "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules." Stuart v. Am. Cyanamid Co., 158 F.3d 622, 626 (2d Cir. 1998).

### A.    *Substantive Choice-of-Law Analysis Results in Application of Missouri Law and Dismissal of Plaintiff's Claims.*

A federal district court sitting in diversity will use the choice of law rules of its forum state to determine applicable law. American Home Assur. Co. v. Merck & Co., Inc., 329 F.Supp.2d 436 (S.D.N.Y. 2004). Thus, this Court should apply New York's choice of law analysis to determine which state law is applicable to each of Plaintiff's state law claims.

In tort cases or actions involving "conduct regulation," such as claims for breach of fiduciary duty, tortious interference, and unjust enrichment (Counts I, II, III, IV, and VI), New York courts apply the "law of the state with the most significant interest in the litigation." Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999) (citation omitted). The purpose of this "interest analysis" is "to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation." Padula v. Lilarn Prop. Corp., 84 N.Y.2d 519, 521 (1994). Under this analysis, the significant contacts are usually the parties' domiciles and the location where the tort was committed. AroChem Int'l, Inc. v. Buirkle, 968 F.2d 266, 270 (2d Cir. 1992); Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189 (1985). Where, as here, the parties are domiciled in different states, the state in which the conduct took place has the greatest interest. Krock v. Lipsay, 97 F.3d 640, 646 (2d Cir. 1996); see also Lee, 166 F.3d at 545 (conduct regulating rules usually require application of law of place of tort).

Unfortunately, the Amended Complaint lacks any specific references to which state law is applicable to any of Plaintiff's claims. Indeed, Plaintiff vaguely alleges that her claims are brought pursuant to "common law." See Amended Complaint ¶4. Plaintiff is a resident of Missouri and the trust res for which she and the Bank shared fiduciary responsibility is located in Missouri. Most compelling is the fact that Article IX of the Luleff Trust Instrument, which is entitled "Governing Laws," specifically states that the "Trust Agreement shall be construed and its validity and effect shall be determined in accordance with the laws of the State of Missouri." See Luleff Trust Instrument p. 11 (Exhibit 2, Messite Affidavit). Neither Plaintiff nor the Luleff Trust has any connection to New York, and Plaintiff does not plead otherwise in the Amended Complaint. Presumably Plaintiff's claims spring from the administration of the Luleff Trust and under New York's "interest analysis," Missouri law applies to Plaintiff's state law claims for breach of fiduciary duty, tortious interference, and unjust enrichment.[11]

In contract actions, New York applies the "center of gravity" or "grouping of contacts" theory of conflicts of laws. See Maryland Cas. Co. v. Continental Cas. Co., 332 F.3d 145 (2d

---

[11]    As to BAC, North Carolina or Delaware law could also apply to Plaintiff's claims; however, the result would be the same whether Missouri, Delaware, or North Carolina law is applied here.

Cir. 2003).  Stated differently, New York courts apply "the law of the place which has the most significant contacts with the matter in dispute."  Id. at 151 (citations omitted).  Relying on §188 of the Restatement (Second) of Conflict of Laws, the New York Court of Appeals has identified five factors relevant in determining which state has the "most significant relationship" to a contract dispute:  (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile or place of business of the contracting parties.  See generally Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317 (1994).

Applying this "center of gravity" analysis here also results in the application of Missouri law to the contract claim.  Although Plaintiff fails to specify the existence of any contract with the Bank or BAC, the only written agreement which defined any relationship with the Plaintiff is the trust instrument creating the Luleff Trust.  See Luleff Trust Instrument (Exhibit 2, Messite Affidavit).  The Luleff Trust was created pursuant to a Missouri state court order resulting from a settlement of a civil action and which named the Bank as the corporate co-trustee.  Additionally, as set forth above, the Trust Instrument explicitly states that its construction and validity is governed by Missouri state law.  Id. at p. 11.  Accordingly, this Court should apply Missouri law to Plaintiff's breach of contract claim.

## B.    Based on *LaSalle* and Missouri Law, Plaintiff's Claims are Barred.

Where a trust instrument vests the administration of a trust in co-trustees and the powers vested by the trust instrument are undivided, the co-trustees *cannot* act separately unless separate authority is given by statute or the trust instrument.  See Insurance Co. v. Chase, 72 U.S. 509, 514 (Mem.) (1867) ("[I]n the administration of the trust, where there is more than one trustee, all must concur, but the entire body can direct one ... to transact business, which it may be inconvenient for the others to perform, and the acts of the one thus authorized, are the acts of all, and binding on all."); see also Samuels v. E.F. Drew & Co., 7 F.2d 764, 765 (S.D.N.Y. 1924) (noting that requiring joint action by joint trustees provides security and prevents "the hazard of double error and of discordant management").  The investments Plaintiff challenges could never have been made without her explicit authorization and consent.

Indeed, under Missouri law, where a co-trustee consents or concurs in a purported breach of trust, she is precluded from seeking redress against the trustee and she is jointly and severally liable for the act.  See Denny v. Guyton, 57 S.W.2d 415 (Mo. 1932); Morrison v. Asher, 361 S.W.2d 844, 852 (Mo.App. 1962) (where one co-trustee acquiesces in the improper acts of the other co-trustee, both trustees must bear the responsibility of the acts, or failure to act, of each). Moreover, a co-trustee is responsible for "omissions-breaches of trust-of his co-trustee to which he consented, or which by his own negligence he made possible for his co-trustee to commit." In re Estate of Chrisman, 746 S.W.2d 131, 135 (Mo.App.1988) (quoting Walker v. James, 85 S.W.2d 876, 884 (Mo. 1935)).

In LaSalle, the Court held that a trust beneficiary who ratifies the acts of her trustee through her later conduct cannot hold that trustee liable.  See LaSalle, 419 F.Supp.2d at 619-620. The Court further noted that the beneficiary could not escape such ratification by claiming that she was not advised of certain material facts.  Id.  When a competent beneficiary or trustee consents to a transaction, she cannot thereafter seek redress against the trustee even though the transaction may otherwise be a breach of trust.  See Scullin v. Clark, 242 S.W.2d 542, 548 (Mo. 1951) (precluding beneficiary who also served as co-trustee from challenging act which as co-trustee she had previously consented to, confirmed, and ratified).  As in LaSalle, Plaintiff clearly knew in 2001 that the investment in affiliated mutual funds charged fees, including fees paid to the Bank's affiliates and she consented to such investments.  See Exhibit 3, Messite Affidavit. Indeed, Plaintiff's authorization as co-trustee was binding on her as legal guardian for her daughter.  Luleff Trust Instrument, Art. X, Sec. A ("All decisions and actions taken in good faith by the Trustee *shall be binding and conclusive on all parties*").  Further, for five years, Plaintiff did nothing to challenge this conduct.  Following the decision in LaSalle and Missouri law, Plaintiff has not only authorized and consented to the conduct, but also ratified it.  Accordingly, her claims are barred as a matter of law.

## IV.   Plaintiff's Claims Fail Because Neither She Nor the Trust Has Suffered Any Loss

Plaintiff fails to state a claim because she has failed to plead that she or the trust has suffered any loss as a result of the investments in affiliated mutual funds.  She complains only

that Defendants made money from "increased fees and expenses" to the Luleff Trust as a result of investments in affiliated mutual funds – not that the Luleff Trust depreciated in value or lost money in any way from the investments in affiliated mutual funds. See Amended Complaint ¶¶35, 36, 39, 45, 47, 54 and 55. On this basis alone, her claims should be dismissed. See Spencer, 2006 U.S. Dist. LEXIS 52374 at *22 (holding that plaintiff failed to state a claim where she failed to allege that there was any loss or depreciation of the trust's value as a result of the affiliated mutual fund investments). Because there is no claimed loss here, Plaintiff Luleff has no damages to recover in this action and has failed to state a claim. Id. at *23; see, e.g., Estate of Gump v. Wells Fargo, 128 Cal.App.3d 111, 180 Cal. Rptr. 219 (1982) (trustee cannot be held liable where the trust beneficiaries suffered no loss); In re McCune, 705 A.2d 861, 865 (Pa. Super. 1997).

**V.      Plaintiff's Claims For Breach of Fiduciary Duty and Tortious Interference are Time-Barred**

"New York procedural law is applied to determine the applicable statute of limitations, because, where jurisdiction rests upon diversity of citizenship, a federal court in New York must apply the New York choice-of-law rules and statutes of limitations." Hughes v. LaSalle Bank, N.A., 419 F.Supp.2d 605, 611 (S.D.N.Y. 2006). Under N.Y. C.P.L.R. § 202, the claims of a plaintiff who is not a New York domiciliary are time-barred if they are untimely under the shorter of either the New York's limitation period or the limitation period of the jurisdiction where the cause of action accrued. N.Y. C.P.L.R. § 202 (McKinney 2001); see also LaSalle, 419 F.Supp.2d at 611 ("Generally, New York courts apply New York's statute of limitations, even when the injury giving rise to the claims occurred outside New York.").

"Under N.Y. C.P.L.R. § 202, when an alleged injury is purely economic, the place of injury is usually where the plaintiff resides and sustains the economic impact of the loss. Barring 'unusual circumstances,' the economic impact is felt in the state of the plaintiff's residence." LaSalle, 419 F.Supp.2d at 611. Plaintiff is a resident of Missouri and thus her claims will be governed by the shorter of the limitations periods of Missouri and New York. With respect to claims for breach of fiduciary duty, and tortious interference (Counts I, II, III, and VI), the New York statute of limitations is three years when monetary relief is sought, which is shorter than

the statutes of the jurisdiction in which the cause of action accrued.[12]  LaSalle, 419 F.Supp.2d at

612 (applying a three-year statute of limitations for breach of fiduciary duty and tortious

interference with fiduciary duty); Solow v. Stone, 994 F. Supp. 173, 182 (S.D.N.Y. 1998)

(applying a three-year statute of limitations to tortious interference with contract); Meridian Int'l

Bank Ltd. v. Gov't of the Republic of Liberia, 23 F.Supp.2d 439, 452 (S.D.N.Y. 1998) (three-

year statute of limitations applied to claim for tortious interference with a fiduciary duty).

Accordingly, the applicable statute of limitations for Plaintiff's claims for breach of fiduciary

duty and tortious interference is three years.

      In her original complaint, plaintiff pled that the Bank had an "Investment Policy"

involving the Bank's affiliated mutual funds which began "sometime prior to 2000." See

Original Complaint ¶¶2, 22 (Exhibit 9, Messite Affidavit).  Plaintiff further alleges that she was

notified "beginning in or about February 2000, if not earlier" of the "conversion" of trust assets

to Nations Funds, yet she waited until 2006 to file her complaint. See id. ¶46.  Moreover, in

2001, Plaintiff not only knew that the assets of the Luleff Trust were invested in

Columbia/Nations Funds, but indeed, she *authorized* such investments. See Exhibit 3, Messite

Affidavit.  As Defendants noted in their Motions to Dismiss the Complaint, there is no question

that Plaintiff's fiduciary duty claim is time-barred.

      To try to salvage her claims, Plaintiff deleted all timeframes from her Amended

Complaint.  This amounts to an intentional omission by Plaintiff to try to cure her obvious statute

of limitations problem and salvage her claims.  Plaintiff simply cannot amend to state

inconsistent allegations contrary to those already established by her Complaint.  Erasing dates

from the Complaint does not cure Plaintiff's statute of limitations problem because this Court

can take judicial notice of Plaintiff's admissions in her original Complaint.  United States v.

---

[12]     For example, Missouri applies a five-year statute of limitations to claims for breach of
fiduciary duty, while New York applies a three-year statute of limitations to the same claim. See
Mo. Rev. Stat. § 516.120(4).  As for Plaintiff's novel "tortious interference with fiduciary duty"
claim, New York's three-year statute of limitations must apply, since Missouri recognizes no
such cause of action. As such, the shorter, three-year statute of limitations must apply here.

McKeon, 738 F. 2d 26, 31 (2d Cir. 1984) (pleadings constitute admissible evidence and are an exception to the hearsay rule as admissions of a party opponent); see also Fed. R. Evid. 801(d).[13]

Regardless of what Plaintiff now alleges, the fact remains that the conduct about which she complains occurred in 2001, at the latest, and she waited five years to file her complaint. Under these circumstances, Plaintiff has undoubtedly missed the three-year statute of limitations, and as in LaSalle, Counts I, II, III, and VI are clearly time-barred.

## VI.    There Can Be No Breach of Fiduciary Duty Where the Trustee Complied With the Terms of the Trust Instrument and State Law

As noted above, the Luleff Trust Instrument unambiguously conferred upon the Bank and Plaintiff as co-trustees broad investment authority to invest assets of the Luleff Trust. See Exhibit 2 at pp. 11-12, Messite Affidavit. Importantly, the trust instrument does not prohibit the use of affiliated mutual funds as investments in the Luleff Trust and Plaintiff has not and cannot allege otherwise.

Under Missouri's Prudent Investor Rule, Defendants cannot be held liable for breach of fiduciary duty (or for breach of contract for that matter) where the trust instrument permits the challenged conduct. See Mo. Rev. Stat. § 469.901. 2. "A trustee is not liable to a beneficiary for the trustee's good faith reliance on these express provisions." Id.

Here, the Bank as well as Plaintiff did nothing contrary or in breach of the terms of the trust instrument in investing the trust assets in affiliated mutual funds. Further, as a result of these investments, the Bank discounted its trustee fee. Under these circumstances, the Bank complied with the terms of the trust instrument. Plaintiff does not have a claim here. Id.; see First National Bank of Kansas City v. Hyde, 363 S.W.2d 647, 655 (Mo. 1962) (When a trustee is

---

[13]    "A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version...." McKeon, 738 F.2d at 31; see also Andrews v. Metro North Commuter Railroad Co., 882 F.2d 705, 707 (2d Cir. 1989) (reversing verdict when jurors were not informed of amendment); White v. Arco/Polymers, Inc., 720 F. 2d 1391, 1396 n.5 (5th Cir. 1983) ("admissions made in the prior pleadings continue to have conclusive effect."). See also Holland v. Morse Diesel Int'l, Inc., 86 Cal. App. 4th 1443, 1447 ("If the second amended complaint contradicts or omits facts pleaded in [earlier complaints], we will take judicial notice of the earlier complaints and disregard inconsistent allegations, absent an explanation for the inconsistency.")

granted such discretion by the trust document, that discretion "is not subject to control by the court, except to prevent an abuse by the trustee of his discretion.").

Moreover, the Bank did not breach its fiduciary duty because Missouri law specifically allows the trustee to invest trust assets in affiliated mutual funds.  Indeed, under Missouri law, it is not considered actionable or self-dealing for a bank/trustee to invest trust assets in affiliated mutual funds.  Specifically, Missouri Law provides as follows:

> Notwithstanding any other provisions of law to the contrary, a bank, trust company or affiliate thereof, when acting as a trustee, investment advisor, custodian, or otherwise in a fiduciary capacity with respect to the investment and reinvestment of assets may invest and reinvest the assets, subject to the standards contained in section 456.520, RSMo., in the securities of any open-end or closed-end management investment company or investment trust registered pursuant to the federal Investment Company Act of 1940 as amended (15 U.S.C. Sections 80a-1, et seq.) (collectively "mutual funds").  Such investment and reinvestment of assets may be made notwithstanding that such bank, trust company or affiliate provides services to the investment company or trust as investment advisor, sponsor, distributor, custodian, transfer agent, registrar, or otherwise, and receives reasonable remuneration for such services.  Such bank or trust company or affiliate thereof is entitled to receive fiduciary fees with respect to such assets. For such services the bank or trust company or affiliate thereof shall be entitled only to the normal fiduciary fee but neither a bank, trust company nor affiliate shall be required to reduce or waive its compensation for services provided in connection with the investment and management of assets because the fiduciary invests, reinvests or retains assets in a mutual fund.  The provisions of this subsection apply to any trust, advisory, custody or other fiduciary relationship established before or after August 28, 1999, unless the governing instrument refers to this section and provides otherwise.

Mo. Ann. Stat. § 362.550 (11).  Additionally, the Missouri Prudent Investor Act specifically provides a safe harbor for a trustee investing trust assets as authorized by Missouri law:

> The general assembly recognizes that persons, corporations, entities or state agencies who have responsibility for investing funds may be subject to a standard that is specifically set forth in other statutes.  Under such circumstances, such persons, corporations, entities or state agencies shall comply with the standard of investment set forth in the other statute, and this act shall not modify or repeal that standard.

Mo. Ann. Stat.  § 469.913.

The Bank did not breach any duty – nor did Plaintiff as co-trustee – where it followed the law and the terms of the trust instrument.  See Hughes v. LaSalle Bank, 2006 U.S. Dist. Lexis 48268, at *12 (July 14, 2006) (trustee did not engage in self-dealing where its investments in affiliated mutual funds were authorized by law).  Indeed, where "trustees are given statutory permission to invest in affiliated mutual funds," the bank-trustee does not breach a fiduciary duty

by doing so.  See, e.g., In re Estate of Kopf, No. O.C. 71 of 2001, slip op. (Exhibit 6, Messite

Affidavit).  Where both the law and trust instrument permitted the Bank to invest in affiliated

mutual funds, there is no claim for breach of fiduciary duty.  Accordingly, Counts I and II should

be dismissed.

**VII.**    **Because No Term of the Contract Has Been Breached and Because
the Law Authorized the Bank's Conduct, Plaintiff's Breach of
Contract Claim Fails to State a Claim**

In Count V, Plaintiff appears to allege that the Bank, and only the Bank, breached certain

contractual obligations in its role as co-trustee for the Luleff Trust.  See Amended Complaint

¶88.  The only written agreement that defines the relationship Plaintiff had with the Bank is the

trust instrument creating the Luleff Trust.  See Exhibit 2, Messite Affidavit.  Notably, Plaintiff

does not point to any provision in the trust instrument which the Bank failed to follow.  Under

Missouri law, the requisite elements for a breach of contract action are: (1) the existence of an

enforceable contract between the parties; (2) mutual obligations arising under the contract terms;

(3) defendant's failure to perform the obligations imposed by the contract; and (4) resulting

damage.  See Trotter's Corp. v. Ringleader Restaurants, Inc., 929 S.W.2d 935, 941 (Mo. Ct. App.

1996).  Here, Plaintiff does not allege the existence of a valid contract nor the terms of the

contract which establish the obligation at issue.  See Volker Court, LLC v. Santa Fe Apartments,

LLC, 130 S.W.3d 607, 611 (Mo. Ct. App. 2004).  On this basis alone, her breach of contract

claim should be dismissed.

Moreover, Section 197 of the Restatement (Second) of Trusts prohibits common law

claims for breach of contract by beneficiaries against trustees: "Except as stated in § 198, the

remedies of the beneficiary against the trustee are exclusively equitable."  The comments to §197

are even more explicit in prohibiting breach of contract claims against a trustee:

> *(b) Breach of Contract.*  A trustee who fails to perform his duties as trustee is not
> liable to the beneficiary for breach of contract in the common-law actions of
> special assumpsit or covenant or in a similar action at law in State in which the
> common-law forms of action have been abolished.  ***The creation of a trust is
> conceived of as a conveyance of the beneficial interest in the trust property
> rather than as a contract.***  Moreover, questions of the administration of trusts
> have always been regarded as of a kind which can adequately be dealt with in a
> suit in equity rather than in an action at law, where questions of fact would be
> determined by a jury and not by the court.  The mere fact that there may happen to

be a promise in words by the trustee to perform the trust does not give common-law courts concurrent jurisdiction over the administration of the trust.

***The trustee by accepting the trust and agreeing to perform his duties as trustee does not make a contract to perform the trust enforceable in an action at law.*** The trustee may by contract undertake other duties than those which he undertakes as trustee, and if he does so he will be liable in an action at law for failure to perform such duties.

Restatement (Second) of Trusts § 197 cmt. b. (1959) (emphasis added).

Further, Plaintiff's claim deviates from the cardinal rule for the construction of trusts -- that the settlor's intent is controlling. See Boatmen's Trust Co. v. Sugden, 827 S.W.2d 249, 253-254 (Mo. App. 1992) ("We must adhere to the clear language contained in the trust instruments and not alter our position because of the result that occurs."). Here, the trust instrument provides broad discretionary investment authority and Missouri law permits trust assets to be invested in affiliated mutual funds. Accordingly, because Plaintiff cannot bring a breach of contract claim based on the trust instrument and, moreover, because Plaintiff has not pled any of the requisite elements for a breach of contract claim, including the existence of a valid contract, Count V should be dismissed.

## VIII. Plaintiff's Claim For Unjust Enrichment (Count IV) Fails as a Matter of Law Because No Benefit to the Bank was Improper or Unjust Here

Count IV asserts a claim against all Defendants for unjust enrichment. A plaintiff must prove three elements to succeed on an unjust enrichment claim under Missouri law: (1) plaintiff conferred a benefit on defendant; (2) appreciation by defendant of such benefit; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable [unjust] for defendant to retain the benefit without payment of the value. Graves v. Berkowitz, 15 S.W.3d 59, 61 (Mo. App. 2000).

First, Plaintiff must plead that she conferred a benefit upon each Defendant. Id. She simply has not pled this crucial element to maintain her claim for unjust enrichment. In fact, there are no allegations that Plaintiff paid fees to any Defendant other than the Bank – unjust or otherwise. Any vague allegations to the contrary are simply unwarranted given that there are no facts alleged in the Amended Complaint which suggest that there was any relationship between Plaintiff and BAC, Columbia Funds, or Mr. Carmichael pursuant to which Plaintiff conferred a benefit upon them.

In addition, a plaintiff must plead that any benefit conferred was, in fact, unjustly retained. Graves, 15 S.W.3d at 61 ("Mere receipt of benefits is not enough when there is no showing that it would be unjust for defendant to retain the benefit received."). Given that the conduct challenged here, including the collection of both trustee and mutual fund fees relating to invest trust assets in mutual funds administered by the Bank affiliates, is permitted by Missouri law, the Trust Instrument, and was authorized by Plaintiff herself, there is no basis to conclude that the fees paid to the Bank were "unjust" as a matter of law. See S&J, Inc. v. McLoud & Co., 108 S.W. 3d 765, 768 (Mo. App. 2003) (where nothing in the record indicated that defendant engaged in any wrongful conduct, a claim for unjust enrichment fails); see also Van de Kamp v. Bank of America, 204 Cal. App. 3d 819, 855 (1988) (no unjust enrichment where defendant bank derived profit from the use of plaintiff's trust funds in a manner consistent with the Probate Code and Financial Code). In this case, there was no unjust benefit conferred upon Defendants. Accordingly, Plaintiff cannot plead a claim for unjust enrichment as a matter of law, and Count IV should be dismissed.

IX.   **Because Neither Plaintiff Nor the Luleff Trust Had Any Kind of Relationship With BAC, the Remaining Counts Against BAC Should Be Dismissed**

As Plaintiff admits, BAC is a holding company. See Amended Complaint ¶15. She has not and cannot plead that she had any relationship, fiduciary, contractual or otherwise with BAC because neither she nor the Luleff Trust did. Counts III, IV, and VI fail because there is no relationship with BAC to sustain any claims against BAC as a matter of law. Defendants respectfully join in the arguments in Sections IV, V, and VI of Columbia Funds and Mr. Carmichael's memorandum in support of their motion to dismiss because Plaintiff has not stated a claim against BAC.

Plaintiff's claim for "tortious interference with fiduciary duty" (Count III) also fails because Missouri does not recognize such a cause of action.[14] Plaintiff's allegation is nothing

---

[14]   The Bank Defendants have not located *any* cases in Missouri that recognize a claim for tortious interference with fiduciary duty. Because BAC is incorporated in Delaware and has its principal place of business in North Carolina, should this Court determine that either Delaware or North Carolina law applies to this dispute, the result does not change.

more than a guised attempt to pierce the corporate veil. Knowing that she cannot possibly do so, Plaintiff is grasping for some way to sue BAC. In reality, Plaintiff cannot sustain any claim against BAC because the crux of Plaintiff's claim is based on the administration of the Luleff Trust. The Bank – and only the Bank – had a relationship with the Luleff Trust.

Plaintiff's tortious interference with contract (Count VI) also fails to state a claim upon which relief may be granted. To state a claim for tortious interference with contract against BAC, Plaintiff must demonstrate that BAC, without justification, caused damage by intentionally interfering with a business relationship of which BAC had knowledge. Alternate Fuels v. Cabanas, 435 F. 3d 855, 858 (8th Cir. 2006). The necessary elements under Missouri law are (1) a contract; (2) defendant's knowledge of a contract; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages. National Surety Corp. v. Praireland Construction, Inc., 354 F. Supp. 2d 1032, 1039 (E.D. Mo. 2004). Here, Plaintiff fails to allege a single requisite element. See Amended Complaint ¶91. Indeed, Plaintiff's one paragraph allegation under Count VI cannot and does not plead the existence of a contract, a breach thereof, or any quantifiable damages suffered by Plaintiff. Counts III and VI are woefully inadequate and should be dismissed for failure to state a claim.

## X.    Plaintiff Lacks Standing to Seek Injunctive Relief

Finally, Plaintiff seeks bizarre and over-reaching injunctive relief. Because the Bank is no longer a trustee for the Luleff Trust, Plaintiff does not have standing to seek injunctive relief. Reinke v. Bank of America, No. 04-CV-1758, 2005 WL 3454428, at *4 (E.D. Mo. Dec. 16, 2005) (dismissing complaint and holding that because plaintiffs were no longer trust customers, they lacked standing to request injunctive relief); Kutten v. Bank of America, No. 04-CV-244, slip. op. at p. 7 (same) (Exhibit 7, Messite Affidavit).

As a threshold question, a federal court must rule on whether a plaintiff has standing to sue. Warth v. Seldin, 422 U.S. 490, 498 (1975); Board of Education of the Mount Sinai Union Free School District v. New York State Teachers Retirement System, 60 F.3d 106 (2d Cir. 1995). The plaintiff bears the burden to establish standing. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). The three-prong analysis for standing requires an injury in fact that is concrete

and particularized, and actual or imminent causal connection between the injury and the

challenged action; and the likelihood, not mere speculation, that a favorable decision will redress

the injury.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (injury may not be

conjectural or hypothetical).  "In a complaint seeking injunctive relief, the 'injury in fact'

element requires the plaintiff to show that s/he faces a threat of ongoing or future harm."

Reinke, 2005 WL 3454428, at *4; see also City of Los Angeles, 461 U.S. at 111 (plaintiff's

injury was too speculative to convey standing to obtain an injunction).

There can be no dispute that Plaintiff's relationship with the Bank terminated in 2005,

and as a result, there is no threat to her or the Luleff Trust of on-going harm.  See Exhibit 8,

Messite Affidavit.  Accordingly, Plaintiff lacks standing to obtain injunctive relief.  See Kutten,

No. 04-CV-244, slip. op. at p. 7 (Exhibit 7, Messite Affidavit); Reinke, 2005 WL 3454428, at *4.

## CONCLUSION

First and foremost, this Court should decline jurisdiction and dismiss Plaintiff's case in

its entirety.  Alternatively, because Plaintiff's claims are preempted, because Plaintiff authorized

and consented to the actions she challenges here, because she pleads no loss and for the many

other reasons argued above, Bank of America, N.A. and Bank of America Corporation

respectfully request that this Court grant their motion to dismiss and dismiss Plaintiff's Amended

Complaint in its entirety and with prejudice.

Dated:  October 6, 2006

REED SMITH LLP

By: _Andrew B Messite_

Andrew B. Messite (ABM-3748)
599 Lexington Avenue, 29th Floor
New York, NY  10022
Telephone:  212.521.5400
and
REED SMITH LLP
Gregory B. Jordan
Mary J. Hackett
Sharon Rusnak, Esq.
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  412.288.3131

Attorneys for Defendants
Bank of America, N.A. and Bank of America, Corporation