MORRISON & FOERSTER LLP
Stephen M. Colangelo
Tim A. O'Brien (TO – 0575)
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1888
(202) 887-1500
Attorneys for Defendants
Columbia Funds Series Trust f/k/a Nations Funds Trust
and William P. Carmichael

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN LULEFF, on behalf of her minor daughter DESIRE COBBLE and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; COLUMBIA FUNDS SERIES TRUST f/k/a NATIONS FUNDS TRUST; WILLIAM P. CARMICHAEL; and BANK OF AMERICA CORPORATION,<br><br>Defendants. | Case No: 06-cv-1435 (JGK) |

**MEMORANDUM OF DEFENDANTS
COLUMBIA FUNDS SERIES TRUST AND WILLIAM P. CARMICHAEL
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

STATEMENT OF FACTS ...................................................................................................3

ARGUMENT........................................................................................................................6

I.     NEITHER NATIONS NOR CARMICHAEL IS SUBJECT TO THIS COURT'S
     PERSONAL JURISDICTION ....................................................................................6

     A.    Neither Nations Nor Carmichael is Subject to General Jurisdiction in this
         Court ................................................................................................................6

     B.    Neither Nations Nor Carmichael is Subject to Specific Jurisdiction in this
         Court ................................................................................................................8

II.    SLUSA PREEMPTS LULEFF'S CLAIMS ...............................................................9

     A.    SLUSA Preempts Class Actions that Allege Misrepresentations or
         Omissions that Coincide with the Purchase or Sale of a Security ..........................9

     B.    Luleff's Claims Are Premised on Misrepresentations and Omissions.................11

     C.    The Alleged Misrepresentations and Omissions Coincide with the
         Purchase of Securities ....................................................................................11

III.   NEW YORK'S STATUTE OF LIMITATIONS PRECLUDES LULEFF'S
     CLAIMS FOR BREACH OF FIDUCIARY DUTY AND TORTIOUS
     INTERFERENCE WITH FIDUCIARY DUTY AND CONTRACT ..............................13

IV.   NEITHER NATIONS NOR CARMICHAEL OWE LULEFF A FIDUCIARY
     DUTY AND DID NOT INDUCE THE BANK TO BREACH ITS FIDUCIARY
     DUTY ....................................................................................................................15

     A.    Neither Nations Nor Carmichael Owe Luleff a Fiduciary Duty .........................15

     B.    Neither Nations Nor Carmichael Induced the Bank's Alleged Breach of
         Fiduciary Duty ................................................................................................17

V.    LULEFF DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE
     WITH CONTRACT ................................................................................................19

VI.   NEITHER NATIONS NOR CARMICHAEL HAS BEEN UNJUSTLY
     ENRICHED ............................................................................................................19

CONCLUSION ................................................................................................................20

Defendants Columbia Funds Series Trust, f/k/a Nations Funds Trust ("Nations") and William P. Carmichael ("Carmichael"), respectfully submit this memorandum in support of their Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

## INTRODUCTION

This suit is brought by Dawn Luleff, a Missouri resident, on behalf of her daughter who is also a Missouri resident, (collectively "Luleff") and has no connection with the State of New York. Dawn Luleff alleges that her daughter is the beneficiary of a Missouri trust maintained by the Bank of America, a North Carolina domiciliary, the assets of which were invested in Nations Funds, a Delaware statutory trust that houses a series of mutual funds.[1] Carmichael is currently the Chairman of Nations' Board of Trustees.

The Court should dismiss Luleff's claims against Nations and Carmichael for five key reasons. First, Nations and Carmichael are not subject to this Court's jurisdiction. Neither Nations nor Carmichael maintains an office in New York or transacts business in New York, so they are not subject to the general jurisdiction of this Court. Moreover, none of the causes of action arise from acts that would subject Nations or Carmichael to this Court's specific long-arm jurisdiction.

Second, the Securities Litigation Uniform Standards Act ("SLUSA") preempts Luleff's claims. The Original Complaint made it clear that Luleff's various state law claims were premised on allegations of misrepresentations or omissions in connection with the purchase of shares of Nations Funds. Nations moved to dismiss that Complaint because it was preempted by

---

[1] Despite the unique circumstances surrounding her claims, Luleff purports to bring this case as a class action.

SLUSA and otherwise failed to state a cause of action.  Luleff, recognizing that SLUSA preempted her state law causes of action, did not respond to that motion and instead filed an Amended Complaint that removed virtually all of the allegations against Nations and Carmichael.  Despite Luleff's transparent attempt to disguise her claims, Luleff's causes of action are all premised on allegations of misrepresentation or omissions in connection with the purchase of securities and, therefore, remain preempted by SLUSA.  The fact that Luleff has deleted certain words or phrases from the Complaint does not change the underlying facts nor alter her legal theory that alleged misrepresentations or omissions in connection with the purchase of shares of Nations Funds caused her alleged harm.

Third, Luleff's breach of fiduciary duty and tortious interference with fiduciary duty and contract claims are time barred.  Because Luleff was aware that fiduciary assets were being invested in Nations Funds more than three years before filing this suit, New York's statute of limitations prohibits her from asserting those claims.

Fourth, in her haste to remove allegations of misrepresentations or omissions from the Original Complaint, Luleff deleted the already sparse allegations against Nations and Carmichael.  By removing the specific allegations that made it clear that Luleff's claims are preempted by SLUSA, the Amended Complaint is reduced to unsupported conclusory allegations that cannot meet even the most basic elements of Luleff's state law claims against Nations and Carmichael.  For example, Luleff alleges, "*To the extent* that BAC, Columbia and Carmichael participated in the Bank's wholesale business decision to invest fiduciary accounts in shares of the Columbia Funds…those defendants tortiously interfered in the Bank's fiduciary obligation."  Am. Compl. ¶ 81 (emphasis added); *see* also Exhibit 1 to Declaration of Tim O'Brien ("O'Brien

Decl."). That conclusory statement is not supported in the Amended Complaint by any details or specific facts.

Moreover, Luleff's failure to include the factual support necessary to sustain her state law claims cannot be cured by another amendment to the Complaint. Neither Nations nor Carmichael had any direct relationship with Luleff or her daughter, much less the relationship of trust and confidence necessary to establish a fiduciary duty. In addition, neither Nations nor Carmichael have acted in any manner that would "induce" the Bank to breach its alleged fiduciary duty or contractual obligations to Luleff or her daughter. In fact, the provisions of the Investment Company Act and state law authorize the actions of which Luleff complains.

Finally, there is no suggestion that Nations or Carmichael received any benefit that would be unjust for them to retain. To the contrary, Luleff complains that Nations paid too much for the services that it received from Bank of America subsidiaries.

## STATEMENT OF FACTS

The Bank of America Corporation ("BAC") is a financial holding company with a number of subsidiaries, including the Bank of America, N.A. (the "Bank"). BAC and the Bank both maintain their principal place of business in Charlotte, North Carolina.

Nations, a Delaware statutory trust, is an investment company registered under the Investment Company Act of 1940 ("Investment Company Act"). Nations houses a family of mutual funds, now known as the Columbia Funds but formerly known as the Nations Funds. During the times at issue in the Amended Complaint, Nations maintained its principal place of business in Charlotte, North Carolina. Contrary to Luleff's allegations, Nations does not regularly conduct business in New York. Am. Compl. ¶ 6.

Luleff complains that the Bank, acting in its fiduciary capacity and in accordance with applicable state and federal laws and the terms of the instrument creating the fiduciary account at

3

issue, invested assets from the fiduciary account into the Nations Funds. Nations has no direct relationship with Luleff, and Luleff is not a Nations shareholder. To the extent the Bank used funds from the fiduciary account to purchase shares of Nations Funds, the Bank, as fiduciary, is the Nations shareholder.

The Investment Company Act and the rules and regulations implementing it, provide a detailed administrative scheme regulating investment companies such as Nations. That administrative scheme expressly allows Nations to participate in the type of transactions at the root of Luleff's Amended Complaint -- the investment of trust assets into affiliated mutual fund shares. Moreover, investing trust assets into affiliated mutual funds is expressly authorized under state law. *See* Mo. Ann. Stat. § 362.550(11) (2006) (Missouri); *see also* Cal. Fin. Code § 1561.1 (2006) (California); Fla. Stat. Ann. § 737.402 (2005) (Florida); Wash. Rev. Code Ann. § 11.100.035(3) (2006) (Washington); N.M. Stat. Ann. § 46-2A-1 (2006) (New Mexico); Iowa Code § 633.123A(1) (2006) (Iowa).

Nations contracts with two subsidiaries of BAC to provide it with investment advice and administrative services.[2] These contracts, including the process by which they are approved and the fees charged for services, are regulated by the Investment Company Act and the regulations promulgated thereunder.

Nations is not part of the Bank's corporate family but rather it is a publicly held trust whose shares are owned by the various individuals and entities who invest in it. Pursuant to the Investment Company Act and Delaware statute, Nations is governed by a Board of Trustees ("Board") elected by its shareholders and/or appointed by its Board. *See* 15 U.S.C. § 80a-16(a);

---

[2]  O'Brien Affidavit, Exhibit 2, attached hereto, illustrates in a clear and concise manner the contractual relationships between Nations and the Bank subsidiaries with which it contracts. This Exhibit also illustrates that Nations is a separate and distinct legal entity.

4

Del. Code Ann. tit. 12, § 3806.  Additionally, in conformance with the Investment Company Act, no more that 60 percent of the Board members can be "interested persons" of the Bank.  15 U.S.C. §§ 80a-10(a) and 2(a)(19).

Luleff alleges that the Bank made a business decision to invest all fiduciary account assets in the Nations Funds.  Am. Compl. ¶ 2.  The Bank provided beneficiaries of trust accounts with the prospectuses for the specific Nations Funds in which the Bank invested assets.  A copy of a Nations' prospectus distributed during the relevant time period is attached hereto as O'Brien Decl., Exhibit 3.[3]  In fact, Luleff, as a co-fiduciary of her daughter's trust account, specifically authorized the Bank to invest the fiduciary account assets in the Nations Funds.  Luleff received the prospectuses and other "disclosure documents" but now complains because those materials did not address expense ratios of mutual funds offered by industry competitors or certain aspects of the investment advisor selection process.  Am. Compl. at ¶¶ 48, 50, 53, 77.

---

[3]  When ruling on a motion to dismiss, the Court may consider a document, such as the Nations Funds' prospectus, that is central to Luleff's claims.  *See Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.  2001) (holding where "a plaintiff contends an offering prospectus contains material misrepresentations, the court may consider the prospectus as a whole despite the fact that the plaintiff did not annex the prospectus as an exhibit to its complaint").

dc-464833

## ARGUMENT

### I.    NEITHER NATIONS NOR CARMICHAEL IS SUBJECT TO THIS COURT'S PERSONAL JURISDICTION

The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing personal jurisdiction. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994) (dismissing action because plaintiff failed to meet burden of establishing personal jurisdiction). To demonstrate personal jurisdiction, Luleff must establish either general jurisdiction, *i.e.*, that Carmichael or Nations have such continuous and systematic contacts with New York that they should reasonably expect to be haled into court in New York, or specific jurisdiction, *i.e.*, that Carmichael or Nations committed some specific act in New York that directly gives rise to the Amended Complaint. Luleff has failed to establish either.

### A.    Neither Nations Nor Carmichael is Subject to General Jurisdiction in this Court

To establish general jurisdiction, Luleff must demonstrate that Nations and Carmichael maintained "continuous and systematic contacts" with New York. *Landoil Resources Corp. v. Alexander & Alexander Servs. Inc.,* 77 N.Y.2d 28, 33-34 (N.Y. 1990). The New York Court of Appeals explains the concept as follows:

> A foreign corporation is amenable to suit in New York courts if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted ... The test for 'doing business' is a 'simple [and] pragmatic one,'... The court must be able to say from the facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'

*Id.*

Luleff fails to make a single allegation suggesting that Carmichael maintained "continuous and systematic contacts" with New York. For example, Luleff does not allege that Carmichael conducts business in New York, resides in New York, or owns, rents or otherwise

uses any real property in New York. Likewise, she fails to allege facts demonstrating that Nations continuously and systematically does business in New York. Instead, Luleff tries to obscure the fact that Nations is a distinct corporate entity, separate and apart from the Bank and BAC, to establish general jurisdiction. Nations is a Delaware statutory trust and does not have an office in New York.

Luleff erroneously contends that jurisdiction is proper because Nations shares trade electronically in New York. New York courts have consistently held, however, that a corporation is not "doing business" in the state for purposes of conferring jurisdiction because its shares are listed on a New York stock exchange. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000) (stating "the prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges…without thereby subjecting themselves to New York jurisdiction."); *Celi v. Canadian Occidental Petroleum Ltd.*, 804 F.Supp 465, 468 (E.D.N.Y 1992) (same); *Gilson v. Pittsburgh Forgings Co.*, 284 F.Supp. 569, 571 (S.D.N.Y. 1968) (same); *see also* 69A Am. Jur. 2d Securities Regulation § 966 (stating "a defendant does not have sufficient contact with a district merely because it is listed on a local stock exchange and its stock transfer agent and registrar are located there."). Under Luleff's erroneous theory of personal jurisdiction, a public company would be subject to jurisdiction in any forum in which its shares of stock are sold. Such a ruling would make the requirement of personal jurisdiction meaningless for any publicly-held company.

Luleff also makes the conclusory allegation that Nations "conducts business" in New York because other entities market and sell its shares in the state. Am. Compl. ¶ 10. Luleff concedes, however, that other parties market the shares. *Id.* The marketing and sale of shares of Nations Funds by third parties in New York does not provide a basis for personal jurisdiction

over Nations in New York. *See, e.g., Campbell v. Bridgestone (USA), Inc.*, No. H-05-0872, 2005 U.S. Dist. LEXIS 36259, at *10-11 (S.D. Tex. Dec. 9, 2005) (holding no personal jurisdiction over tire-maker in forum for alleged tire defect when tire-maker did not engage in any purposeful activity in forum even though its products were sold in forum). The mere fact that Nations' contracts with a large corporation domiciled in North Carolina that happens to have subsidiaries with offices in New York does not provide "continuous and systematic contacts" with New York sufficient to establish this Court's general jurisdiction over Nations.

**B.     Neither Nations Nor Carmichael is Subject to Specific Jurisdiction in this Court**

Similarly, Luleff fails to allege any basis for specific jurisdiction under New York's long-arm statute. New York's long-arm statute only allows personal jurisdiction over a non-domiciliary who: (1) transacts any business within the state…; (2) commits a tortious act within the state…; (3) commits a tortious act without the state causing injury to person or property within the state…; or (4) owns, uses or possesses any real property situated within the state. N.Y. Civ. Prac. L. & R. § 302(a). Jurisdiction must be based upon the act or conduct set forth in the statute, and the cause of action must arise from the nonresident defendant's contacts with New York. *Mareno v. Rowe*, 910 F.2d 1043, 1046-47 (2d Cir. 1990) (holding specific jurisdiction only exists if the claims arise out of or relate to the defendant's contacts with the forum).

In this case, Luleff cannot satisfy the requirements of New York's long-arm statute because her alleged harm from investments in the Nations Funds has no connection to New York. Simply put, Luleff has no connection with New York whatsoever, and the Amended Complaint does not point to any connection between New York and any alleged facts of this case. Dawn Luleff, a Missouri resident, is suing the Bank, a North Carolina domiciliary, on

8

behalf of her daughter, another Missouri resident, for investing assets of a trust established and administered under Missouri law, in the Nations Funds, a Delaware statutory trust. Noticeably absent from the conduct alleged is any connection with New York.

Because Luleff's claims have no connection to New York, there is no basis for specific jurisdiction over Nations and Carmichael under New York's long-arm statute. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Mareno v. Rowe*, 910 F.2d at 1046.

## II.     SLUSA PREEMPTS LULEFF'S CLAIMS

Even if this Court had jurisdiction, SLUSA preempts Luleff's claims.

### A.     SLUSA Preempts Class Actions that Allege Misrepresentations or Omissions that Coincide with the Purchase or Sale of a Security

SLUSA preempts a "covered class action" based on state law alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A) (1998). Claims are preempted by SLUSA if: (1) the action is a "covered class action;" (2) the action is based on state law; (3) the complaint alleges that the defendant misrepresented or omitted a material fact, or has used or employed any manipulative or deceptive device or contrivance; and (4) the alleged misrepresentation or omission was made in connection with the purchase or sale of a covered security. *Id.; see also, e.g., Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002).

SLUSA requires dismissal of a complaint when the operative allegations or the "gravamen" of the complaint hinge on a theory of misrepresentation or omission. *See Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 384-85 (E.D.N.Y. 2002) (rejecting artful

9

pleading that put state-law labels on "what are in essence securities fraud claims").[4]  The

Supreme Court recently held that SLUSA even preempts claims by non-purchasers, such as

Luleff, which coincide with the purchase or sale of a security.  *Merrill Lynch, Pierce, Fenner &*

*Smith, Inc., v. Dabit*, No. 04-1371, 547 U.S. __, 2006 U.S. LEXIS 2497, at *12-13 (Mar. 21,

2006).  In essence, the *Dabit* Court found that SLUSA preempts a claim made by <u>any plaintiff</u>,

including but not limited to a holder, which coincides with a securities transaction.

The Amended Complaint meets all of SLUSA's requirements and should be dismissed.

There is no dispute that the Amended Complaint is a "covered class action" because Luleff

claims that the putative class is "so numerous as to make a class action appropriate." Am.

Compl. ¶ 59; 15 U.S.C. §§ 78bb(f)(5)(B)(i)(I) (defining "covered class action" to mean a class

action seeking damages "on behalf of more than 50 persons or prospective class members").

Moreover, there is no dispute that shares of the Nations Funds are covered securities

under SLUSA.  *See, e.g., Riley*,  292 F.3d at 1343.  Nor is there a dispute about the fact that

Luleff's claims are based on state law.  Luleff asserts claims against Nations and Carmichael for

breach of fiduciary duty, tortious interference with fiduciary duty and contract, and unjust

enrichment.  Am. Compl. Count II (Breach of Fiduciary Duty) ¶¶ 75-79; Count III (Tortious

Interference with Fiduciary Duty) ¶¶ 80-82; Count IV (Unjust Enrichment) ¶¶ 83-85; and Count

VI (Tortious Interference with Contract) ¶¶ 90-91.  Therefore, the only issues for this Court to

determine are whether Luleff's claims are premised on misrepresentations or omissions and

---

[4]  *See also Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F. Supp. 2d 706, 710 (S.D.N.Y.
2003); *Feitelberg v. Merrill Lynch & Co.*, 234 F. Supp. 2d 1043, 1051 (N.D. Cal. 2002), *aff'd*,
353 F.3d 765 (9th Cir. 2003) ("if it looks like a securities fraud claim, sounds like a securities
fraud claim . . . and acts like a securities fraud claim, it is a securities fraud claim, no matter how
you dress it up"); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002) (dismissing
complaint where operative allegations hinge on a theory of misrepresentation).

whether those misrepresentations or omissions coincide with the purchase or sale of a security. *See Dabit,* 2006 U.S. LEXIS 2497, at \*12-13  ("Under our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction – whether by the plaintiff or someone else."); *SEC v. Zandford,* 535 U.S. 813, 825 (2002).

  **B.**  **Luleff's Claims Are Premised on Misrepresentations and Omissions**

  In the Amended Complaint, Luleff attempts to disguise her misrepresentation and omission allegations by simply rephrasing them as a failure to disclose.  For example, the Amended Complaint states, "The Bank never fully disclosed to plaintiff or to any member of the Class defined below its conflicts of interest inherent in its relationship with Columbia, the Columbia Funds and the members of Columbia's Board of Trustees, including defendant Carmichael." Am. Compl. ¶ 37.  Changing the wording of the allegations does not change the fact that those allegations are grounded on alleged misrepresentations and omissions.  In the Original Complaint, Luleff conceded that, as a co-fiduciary, she received a Nations Funds prospectus and was aware that the Bank invested fiduciary account assets in Nations Funds. Original Compl. ¶ 44.  In essence, Luleff is alleging that the disclosure documents she received were deficient because they contained material misrepresentations or omissions.  By amending the complaint, Luleff is merely making a transparent attempt to disguise the fact that her state law claims are preempted by SLUSA.

  **C.**  **The Alleged Misrepresentations and Omissions Coincide with the Purchase of Securities**

  There is no dispute about whether the alleged failure to disclose, misrepresentations, and/or omissions coincide with the purchase or sale of securities.  As the Supreme Court recently opined in *Dabit,* "the requisite showing, in other words, is 'deception in connection with the purchase or sale of any security,' not deception of an identifiable purchaser or seller." *Dabit,*

2006 U.S. LEXIS 2497, at *13 (citing *United States v. O'Hagan,* 521 U.S. 642, 658 (1997)).

Recently, the Court in *Spencer v. Wachovia Bank, N.A.*, Case No. 05-81016, 2006 U.S. Dist.

LEXIS 52374 (S.D. Fla. May 10, 2006) applied the *Dabit* holding to a case almost identical to

the instant case and held that plaintiff's state law breach of fiduciary duty claims based on a

bank's investment of fiduciary account assets in affiliated mutual funds were preempted by

SLUSA. *Spencer*, 2006 U.S. Dist. LEXIS 52374 at *18-19.

The causes of action Luleff asserts in her Amended Complaint have been held barred by

SLUSA, even though the elements of those claims differ from the elements of a securities fraud

claim. *See Prof'l Mgmt. Assocs. Employees' Profit Sharing Plan v. KPMG,* 335 F.3d 800, 802

(8th Cir. 2003) (aiding and abetting breach of fiduciary duty); *Rowinski v. Salomon Smith Barney

Inc.,* 398 F.3d 294, 296, 300, 305 (3d Cir. 2005) (breach of contract, unjust enrichment); *Prager

v. Knight/Trimark Group, Inc.,* 124 F. Supp. 2d 229, 234-35 (D.N.J. 2000) (breach of fiduciary

duty, unjust enrichment); *Dacey,* 263 F. Supp. at 708-10.

In *Rowinski,* the plaintiff contended that since his breach of contract claim did not

involve a misrepresentation or omission, it should not be preempted.  The Third Circuit Court of

Appeals made short shrift of that argument, stating,

> Plaintiff's suggested distinction – between the legal and factual
> allegations in a complaint – is immaterial under the statute.
> SLUSA preempts any covered class action "alleging" a material
> misrepresentation or omission in connection with the purchase or
> sale of securities.  15 U.S.C. § 78bb(f)(1).  Under this provision,
> preemption does not turn on whether the allegations are
> characterized as facts or as essential legal elements of a claim, but
> rather on whether the SLUSA prerequisites are "alleged" in one
> form or another.  A contrary approach, under which only essential
> legal elements of a state law claim trigger preemption, is
> inconsistent with the plain meaning of the statute.

*Rowinski*, 398 F.3d at 300.

12

Where, as here, a plaintiff attempts to dress what is essentially a securities fraud claim in state law clothing, the claims are preempted. Luleff cannot pursue her state law claims as a class action in federal court, and SLUSA requires that they be dismissed.[5] *Dabit*, 2006 U.S. LEXIS 2497, at *1.

### III. NEW YORK'S STATUTE OF LIMITATIONS PRECLUDES LULEFF'S CLAIMS FOR BREACH OF FIDUCIARY DUTY AND TORTIOUS INTERFERENCE WITH FIDUCIARY DUTY AND CONTRACT

The trust that is the subject of this action was created and the fiduciary assets from that trust were invested in Nations Funds in November 2001. Am. Compl. ¶¶ 13, 18. Luleff delayed over four years before bringing this action in February 2006. Accordingly, Luleff's claims for breach of fiduciary duty and tortious interference with fiduciary duty and contract are barred by New York's three year statute of limitations.

Section 202 of the N.Y.C.P.L.R. allows New York courts to apply New York's statute of limitations when an injury giving rise to claims occurs outside of New York. *See e.g., Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605, 611 (S.D.N.Y. 2006). Under that Section, the claims of a plaintiff who is not a New York domiciliary are time-barred if they are untimely under the shorter of either New York's limitation period or the limitation period of the jurisdiction where the cause of action accrued. *See* N.Y.C.P.L.R. § 202.

---

[5]  Although SLUSA preemption prevents Luleff from bringing these claims as a class, it does not foreclose her from bringing individual state law claims in state court. See *Dabit*, 2006 U.S. LEXIS 2497, at *30 (recognizing that SLUSA prevents plaintiffs from bringing designated claims as class actions but "does not deny any individual plaintiff, or indeed a group of fewer than 50 plaintiffs, the right to enforce any state law cause of action that may exist."). In this case, Luleff brings her claims on behalf of her daughter and on behalf of the class of alleged similarly situated persons, but she has no basis for subject matter jurisdiction in this Court on her individual claims.

The N.Y.C.P.L.R. does not specify a limitations period for breach of fiduciary duty, tortious interference with fiduciary duty or tortious interference with contract, but New York courts have held that such claims are governed by a three-year statute of limitations when the plaintiff seeks monetary relief. *See e.g., LaSalle*, 419 F. Supp. 2d at 611-13 (applying a three-year statute of limitations for breach of fiduciary duty and tortious interference with fiduciary duty); *see also Solow v. Stone*, 994 F. Supp. 173, 182 (S.D.N.Y. 1998) (applying three-year statute of limitations to tortious interference with contract claim); *Meridien Int'l Bank Ltd. v. Gov't of the Republic of Liberia*, 23 F. Supp. 2d 439, 452 (S. D.N.Y. 1998) (applying three-year statute of limitations to tortious interference with a fiduciary duty claim); *Carlingford Center Point Assoc. v. MR Realty Assoc.*, 772 N.Y.S. 2d 273 (N.Y. App. Ct. 2004) (applying three-year statute of limitations to breach of fiduciary duty claim seeking monetary damages).

A cause of action for breach of fiduciary duty and tortious interference accrues upon the occurrence of the alleged wrongful conduct. *See LaSalle*, 419 F. Supp. 2d at 611; *Solow v. Stone*, 994 F. Supp. at 182. In *LaSalle*, the plaintiffs (who were represented by the same plaintiffs' counsel as in this case) alleged that LaSalle Bank breached a fiduciary duty by investing trust assets in affiliated mutual funds. *Id.* at 610. The court found that the alleged breach accrued when LaSalle first invested the trust assets in the affiliated mutual funds. *Id.* at 612. The Court then held that because that initial investment occurred more than three years before the filing of the lawsuit the plaintiffs' cause of action for breach of fiduciary duty was time-barred and the Court dismissed the suit. *Id.* at 620.

As in *LaSalle*, Luleff's alleged breach of fiduciary duty and tortious interference claims accrued in November 2001 when the fiduciary assets were first invested in Nations Funds. Am. Compl. ¶¶ 13, 18. Because the investment in Nations Funds occurred more than three years

14

before Luleff filed this action, Luleff's claims for breach of fiduciary duty and tortious interference with fiduciary duty and contract are time-barred by New York's statute of limitations.

### IV.   NEITHER NATIONS NOR CARMICHAEL OWE LULEFF A FIDUCIARY DUTY AND DID NOT INDUCE THE BANK TO BREACH ITS FIDUCIARY DUTY

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Luleff must offer "well-pleaded facts" rather than "legal theories" or "conclusory allegations." *See In re Duke Energy Corp. Sec. Litig.*, 282 F. Supp. 2d 158, 160 (S.D.N.Y. 2003) (stating "Court must take as true all well-pleaded facts, conclusory allegations must be disregarded"). Thus, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Wilson v. Tully*, 676 N.Y.S.2d 531, 534 (N.Y. App. Ct. 1998). Here, Luleff does not plead any *facts* establishing the elements of her claims against Nations or Carmichael, and instead offers only the barest of legal conclusions.[6]

### A.   Neither Nations Nor Carmichael Owe Luleff a Fiduciary Duty

To state a claim for breach of fiduciary duty, Luleff must first plead the facts and circumstances that created a relation of trust and confidence between her or her daughter and Nations or Carmichael. *Harrold v. Dowd*, 561 S.E.2d 914, 919-20 (N.C. Ct. App. 2002); *see*

---

[6] As an initial matter and a warning sign of how difficult it will be for Luleff to achieve class certification, the Amended Complaint does not even allege sufficient facts to determine which state's law would apply to Luleff's state law claims. New York courts apply the "most significant relationship" test set forth in the Restatement (Second) of Conflicts of Laws in determining which state's law applies. Because Nations is organized under Delaware law, the Bank is domiciled in North Carolina, and Luleff is a resident of Missouri, Luleff's state law claims will be analyzed under Delaware, North Carolina and Missouri law. Restatement (Second) Conflicts of Law § 145(2). As a practical matter, it makes little difference what law is applied because Luleff has failed to state a claim against Nations or Carmichael under any potentially applicable standard.

dc-464833

*also Terry v. Terry*, 273 S.E.2d 674, 677 (N.C. 1981) (dismissing claim because plaintiff failed to allege facts and circumstances showing fiduciary relationship with defendant); *York Linings v. Roach*, No. 16622-NC, 1999 Del. Ch. LEXIS 160, at *5 (July 28, 1999) (same); *Preferred Physicians Mut. Mgt. Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 811 (Mo. App. 1996) (same).

Neither Nations nor Carmichael owe Luleff a fiduciary obligation. Luleff's entire claim rests on the alleged intertwined relationship among the defendants. Am. Compl. ¶ 37. But cursory and conclusory allegations of a fiduciary relationship cannot survive a motion to dismiss. *Synergy Fin., LLC v. Zarro*, 329 F. Supp. 2d 701, 707 (W.D.N.C. 2004); *Hunter v. Guardian Life Ins. Co. of America*, 593 S.E.2d 595, 599 (N.C. Ct. App. 2004); *Metro Ambulance, Inc. v. Eastern Med. Billing, Inc.*, No. 13929, 1995 Del. Ch. LEXIS 84, at *8 (July 5, 1995). The only connection Luleff alleges with Nations is that her daughter was a beneficiary of a trust that owned shares of Nations Funds. However, such indirect ownership of shares does not establish a fiduciary relationship with Nations or Carmichael.

In fact, even if Luleff were a Nations shareholder, Nations would not owe her a fiduciary duty. *See, e.g., State Teachers Ret. Bd. v. Fluor Corp.*, 566 F. Supp. 939, 941 (S.D.N.Y. 1982) (a corporation does not owe fiduciary duty to shareholders); *Arnold v. Soc'y for Sav. Bancorp., Inc.*, 678 A.2d 533, 539 (Del. 1996) (same). As the Sixth Circuit explained in *Radol v. Thomas*, because the shareholders of an entity such as Nations are its owners, shareholders who bring a claim for breach of fiduciary duty against the entity in which they hold shares are effectively seeking relief from themselves. 772 F.2d 244, 258 (6th Cir. 1985). Accordingly, "[t]here is not, and could not conceptually be any authority that a corporation as an entity has a fiduciary duty to its shareholders." *Id.*

Simply put, Luleff did not have a fiduciary relationship with Nations or Carmichael and cannot maintain a cause of action for a breach of a fiduciary duty that never existed.

**B.     Neither Nations Nor Carmichael Induced the Bank's Alleged Breach of Fiduciary Duty**

Luleff also asserts a claim against Nations and Carmichael for "tortious interference with fiduciary duty." Am. Compl. at ¶¶ 80-82.  No Delaware, Missouri or North Carolina court has ever recognized a cause of action for tortious interference with fiduciary duty.  While some New York courts have recognized such a claim, New York law is not applicable to this case and even if it applied, Luleff fails to meet the required elements.  Under New York law, a tortious interference with fiduciary duty claim consists of three elements: "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach." *Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 203 (2d Cir. 1998).  The Amended Complaint is completely devoid of any allegations of *how* Nations or Carmichael "knowingly induced" the Bank to allegedly breach a fiduciary duty owed to Luleff.

Any attempt by Luleff to recast her tortious interference claim as an aiding and abetting claim similarly fails.  To state a claim against Nations or Carmichael for aiding and abetting the Bank's alleged breach of its fiduciary duty, Luleff must establish that Nations or Carmichael had knowledge of the alleged underlying breach of fiduciary duty by the Bank, and provided "substantial assistance" in the breach.[7]  *Blow v. Shaughnessy*, 364 S.E.2d 444, 490 (N.C. Ct.

---

[7]  No Missouri court has ever recognized a claim for aiding and abetting a breach of a fiduciary duty.  In fact, the only Missouri district court to address such a claim stated, *in dicta*, that Missouri courts would not recognize a cause of action for aiding and abetting a breach of fiduciary duty. *See Omaha Indem. Co. v. Royal Am. Managers, Inc.*, 755 F. Supp. 1451, 1459 (W.D. Mo. 1991).  To the extent Missouri law is applicable, this count should be dismissed because it is not a recognizable claim under Missouri law.

dc-464833

App. 1988); *see also Malpiede v. Townson*, 780 A.2d 1075, 1097 n.77 (Del. 2001).  Luleff

alleges generally, and in conclusory fashion, that the Bank's alleged breach of its fiduciary duty

to her and her daughter was aided and abetted by "the other defendants."  Am. Compl. ¶ 64.

Luleff, however, fails to state a claim because she does not allege *how* Nations, Carmichael or

any of "the other defendants," provided "substantial assistance" in the Bank's alleged breach of

its fiduciary duty to her or her daughter, or even that Nations or Carmichael knew of the alleged

breach.

Luleff complains that Nations selected subsidiaries of BAC to provide investment

advisory and other services on a "no-bid basis" and set advisory and other fees at high levels.[8]

Am. Compl. ¶¶ 25-27, 48.  Yet all of these actions were done pursuant to the complex federal

regulatory scheme governing the conduct of mutual funds.

Nations uses SEC required Form N-1A to register under the Investment Company Act in

order to offer its shares to the public under the Securities Act of 1933.  Part A of Form N-1A

governs the disclosures required in a prospectus.  *See* Form N-1A attached hereto as O'Brien

Decl., Exhibit 4.  Among other things, Part A proscribes the manner in which the fund's fees and

expenses must be disclosed.  *See* O'Brien Decl., Exhibit 4 at pp. 13-14.  It also specifies the

required disclosure regarding the management of the fund, including the identity of and amounts

paid to the adviser.  *See* O'Brien Decl., Exhibit 4 at pp. 17-18.

In fact, investing trust assets into affiliated mutual funds is expressly authorized under

applicable state law.  *See* Mo. Ann. Stat. § 362.550(11) (2006) (Missouri); *see also* Cal. Fin.

Code § 1561.1 (2006) (California); Fla. Stat. Ann. § 737.402 (2005) (Florida); Wash. Rev. Code

---

[8]  The Bank invested the fiduciary account assets in Primary A Shares of designated Nations
Funds.  Primary A Shares have no front-end or contingent deferred sales charge (often referred to
as a "load"), are not subject to any redemption fees, and bear no Rule 12b-1 distribution fees.

Ann. § 11.100.035(3) (2006) (Washington); N.M. Stat. Ann. § 46-2A-1 (2006) (New Mexico);

Iowa Code § 633.123A(1) (2006) (Iowa).

Neither Nations nor Carmichael could have provided "substantial assistance" to the Bank

in its alleged breach of fiduciary duty arising out of conduct that was specifically approved by

the SEC, expressly authorized by federal and state law and strictly complied with the

comprehensive statutory structure established to regulate investment companies.

## V.   LULEFF DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

To state a claim for tortious interference with contract, Luleff must plead facts

establishing that (1) there was a valid contract between Luleff and the Bank, (2) Nations and

Carmichael knew about the contract, and (3) Nations and Carmichael intentionally and

unjustifiably induced the Bank to breach the contract. *Speedway Promoters, Inc. v. Hooter's of*

*Am., Inc.*, 123 F.Supp. 2d 956, 963 (W.D.N.C. 2000); *see also Rice v. Hodapp*, 919 S.W.2d 240,

245 (Mo. 1996). Luleff fails to state a claim because she does not identify the contract between

her and the Bank or how the Bank allegedly breached that contract. Further, Luleff does not

allege any conduct by Nations or Carmichael that would constitute intentional and unjustifiable

inducement of the Bank's alleged breach of contract.

## VI.   NEITHER NATIONS NOR CARMICHAEL HAS BEEN UNJUSTLY ENRICHED

To state an unjust enrichment claim against Nations or Carmichael, Luleff must establish

that she conferred a benefit on Nations or Carmichael at her own expense that would be unjust

for them to retain. *Wing v. Town of Landis*, 599 S.E.2d 431, 434 (N.C. Ct. App. 2004); *see also*

*JB Contracting, Inc. v. Bierman*, 147 S.W.3d 814, 818 (Mo. Ct. App. 2004). However, Luleff

alleges only that as a result of the investment of fiduciary assets in the Nations Funds "each of

the defendants was unjustly enriched." Am. Compl. ¶ 84. Luleff fails to explain how Nations or

Carmichael were enriched by the investments, how any such enrichment was at Luleff's expense, or why it would be unjust for Nations or Carmichael to retain any such enrichment.  In fact, the gravamen of Luleff's Amended Complaint is that Nations paid too much money to the Bank for the services that it received.  Am. Compl. ¶ 25.

Moreover, as a practical matter, Luleff's claim for unjust enrichment against Nations makes no sense whatsoever.  Nations is a mutual fund.  All of its assets are reflected in the Net Asset Value of its shares that benefit all of its shareholders.  To the extent that Luleff is a beneficiary of shares of Nations, she would participate in any benefit conferred on the funds on a pro rata basis.

## CONCLUSION

For the reasons set forth here, the Court should dismiss, with prejudice, Luleff's claims against Nations and Carmichael.

Dated:                                   MORRISON & FOERSTER LLP

October 6, 2006

                                   By:   _Tim O'Brien_____
                                         Stephen M. Colangelo
                                         Tim A. O'Brien (TO – 0575)
                                         2000 Pennsylvania Avenue, N.W.
                                         Washington, D.C.  20006-1888
                                         (202) 887-1500

                                         **Attorneys for Defendants
                                         Columbia Funds Series Trust f/k/a Nations
                                         Funds Trust and William P. Carmichael**

dc-464833