**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

DAWNE LULEFF, on behalf of her minor daughter     :
DESIRE COBBLE and all others similarly situated,     :

                         :        No. 06-CV-1435 (JGK)

                      Plaintiff,     :

                             :

               v.                  :

                             :

BANK OF AMERICA, N.A.; COLUMBIA         :
FUNDS SERIES TRUST f/k/a NATIONS FUNDS    :
TRUST; WILLIAM P. CARMICHAEL; and       :
BANK OF AMERICA CORPORATION,         :

                             :

                  Defendants.    :
-----------------------------------------------------------------------x

**REPLY OF DEFENDANTS BANK OF AMERICA, N.A.**
**AND BANK OF AMERICA CORPORATION IN**
**SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

REED SMITH LLP

599 Lexington Avenue

New York, New York 10022

(212) 521-5400

435 Sixth Avenue

Pittsburgh, PA 15219

(412) 288-3131

Attorneys for Defendants

Bank of America, N.A. and

Bank of America Corporation

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Introduction.................................................................................1

II.     Argument...................................................................................2

       A.      No Amount of Artful Pleading Can Save Plaintiff's
              Claims from SLUSA Preemption and Dismissal ...............................3

             1.      Plaintiff has alleged misrepresentations and
                     omissions triggering SLUSA Preemption...............................3

             2.      The Alleged Fraud Coincides with the Purchase
                    and Sale of Securities Triggering SLUSA preemption ................6

       B.      The First-Filed Rule Mandates Dismissal Here...................................7

       C.      The Defenses of Statute of Limitations, Consent, and
              Ratification Bar Plaintiff's Claims as a Matter of Law.........................8

III.    Conclusion..................................................................................10

# I. INTRODUCTION

Each of Plaintiff's arguments in opposition to Defendants' Motion to Dismiss fails for two fundamental reasons: her arguments rely upon factual contentions that are either inconsistent with or not set forth in her Amended Complaint and upon incorrect, outdated or unsupported statements of law. Numerous, independent grounds support dismissal here.

First, the Securities Litigation Uniform Standards Act ("SLUSA") preempts Plaintiff's class claims mandating dismissal. Her state law claims arise out of alleged misleading statements made in connection with the investment of her trust assets in the Bank's affiliated mutual funds thereby triggering SLUSA preemption. Plaintiff responds that SLUSA preemption is not triggered because she allegedly did not buy the shares at issue; the Bank did. As outlined below, whether she purchased the securities is not dispositive for SLUSA preemption. Plaintiff's argument is based upon outdated case law directly at odds with the Supreme Court's decision in the <u>Dabit</u> case and other case law squarely on point. Her argument is also directly at odds with Plaintiff's undisputed roles here. Plaintiff, as co-trustee, stood in the shoes of the Bank, and as guardian and co-trustee she ***authorized*** in writing the purchase of securities at issue here.

Plaintiff's next argument to try to avoid SLUSA preemption fares no better. While she claims that her claims are not premised upon alleged misrepresentations or omissions, the language in her Amended Complaint and a case squarely on point confirm otherwise. Further, recent authority from this Court further confirms that trying to excise "omission" and "misrepresentation" via amendment, as Plaintiff has unsuccessfully attempted to do here, does not change the gravamen of a complaint to bypass SLUSA.

Second, Plaintiff's attempt to avoid dismissal under the first-filed rule based upon a theory that she has "different defenses" is also of no moment. This argument may defeat class certification, but it does not defeat application of the first-filed rule. As Plaintiff concedes, she is a potential member of a putative class in what she has argued is a "substantially similar" action filed before this action. <u>See</u> Plaintiff's Brief at 3. No authority supports Plaintiff's novel theory that "different defenses" can invalidate the otherwise applicable first-filed rule.

Third, Plaintiff's claims must be dismissed because, as co-trustee, she ratified every investment she challenges here, and as guardian, her conduct is binding on her daughter, the beneficiary of the trust at issue. While Plaintiff pleads that the Bank owed various duties as co-trustee, she then incredulously claims in her brief, that as guardian and co-trustee for her daughter, she had "no role" here. She argues that this Court should ignore her role as guardian and co-trustee and hold that because of her daughter's very unfortunate condition, the Bank should have no defenses against her daughter's claims. Plaintiff cannot exercise legal authority over her daughter when it suits her - such as bringing and settling her daughter's medical malpractice claim that created the Desire Cobble Special Needs Trust at issue (the "Luleff Trust") - and feign lack of authority when she wants to avoid the results of her own conduct.

Finally, Plaintiff concedes that the claims are time-barred. However, once again, she asks this court to ignore her status and conduct as guardian for her daughter and to consider her daughter's very sympathetic circumstances to override the law. Specifically, Plaintiff argues that the limitations period should be indefinitely tolled because of her daughter's condition. Thus, it is Plaintiff's position that while she can bring claims and act on her daughter's behalf as guardian, the Bank cannot assert a statute of limitations defense. The law is, not surprisingly, to the contrary. Just as Plaintiff filed this action last February, she could have filed suit over five years ago. Defendants' Motion to Dismiss should be granted.

## II.  ARGUMENT

Knowing that the Amended Complaint, on its face, cannot survive Defendants' motion to dismiss, Plaintiff has resorted to "back-dooring" additional allegations by citing to a Declaration from her counsel. As a threshold matter, Plaintiffs' counsel is not a fact witness here, and his Declaration as to alleged facts is entirely improper and should be ignored. In re Eaton Vance Mutual Funds Fee Litigation, 380 F.Supp.2d 222, 241 (S.D.N.Y. 2005) (Koeltl, J.) (When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether *the complaint itself* is legally sufficient.") (emphasis added). Even these additional and improperly asserted facts,

however, cannot change the result:  Plaintiff has not stated a claim upon which relief can be granted.

**A.    No Amount of Artful Pleading Can Save Plaintiff's Claims from SLUSA Preemption and Dismissal**

Plaintiff disputes only two of the four factors[1] triggering SLUSA preemption and dismissal:  (a) "Desire could not possibly have been misled by misrepresentations and omissions about securities," and (b) "Desire and her mother did not buy and sell the [affiliated mutual funds]."  Plaintiff's Brief at 14.  Plaintiff's arguments are unavailing.  In arguing against SLUSA preemption, Plaintiff relies only upon authority decided before the United States Supreme Court's decision in <u>Dabit</u>, 126 S.Ct. at 1503, and upon factual arguments which are simply inconsistent with Plaintiffs' undisputed role here and the language in her Amended Complaint.

*1.    Plaintiff has alleged misrepresentations and omissions triggering SLUSA Preemption.*  Plaintiff contends that even though she at all times acted as guardian for her daughter,  this case cannot involve alleged misrepresentations because her daughter was incompetent and therefore could not have been mislead with respect to the purchase of securities for SLUSA to apply.  This contention is absurd.

First, Plaintiffs' contention once again is contrary to her Amended Complaint wherein Plaintiff repeatedly pleads alleged misrepresentations and omissions as to Plaintiff and the putative class:  "the Bank never fully disclosed to plaintiff or to any member of the Class . . . its relationship with [the affiliated mutual funds]."  <u>See</u> Amended Complaint at ¶37 (Exhibit 1 to Messite Affidavit); <u>see</u> <u>also</u> <u>id.</u> ¶¶ at 49,50, 52.

Second, Plaintiff, as guardian and co-trustee, acts on behalf of her daughter.  <u>See</u> Trust Instrument at p. 1 (Exhibit 2 to Messite Affidavit).  As co-trustee, the investments Plaintiff

---

[1]    "SLUSA provides that a state law claim must be dismissed as completely preempted" if the following four factors are met:  (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and (4) the defendant's alleged misrepresentation or omission of a material fact was made "in connection with' the purchase or sale of a covered security."  <u>Eaton Vance</u>, 380 F.Supp.2d at 241(dismissing complaint based on SLUSA preemption).

challenges could never have been made without her explicit authorization and consent.  As set forth in Defendant's Brief, where a trust instrument vests the administration of a trust in co-trustees and the powers vested by the trust instrument are undivided, the co-trustees **cannot** act separately unless separate authority is given by statute or the trust instrument.  See Insurance Co. v. Chase, 72 U.S. 509, 514 (Mem.) (1867).  According to Plaintiff, Desire's condition will unfortunately keep her from making or understanding investment decisions for the rest of her life, which is precisely the reason the court created the Trust and appointed her mother co-trustee.  But, the power vested in Plaintiff as co-trustee and guardian for her daughter cannot operate as both a shield and a sword.  Plaintiff has alleged omissions and misrepresentations on behalf of herself and a putative class.  She cannot escape her own allegations or SLUSA preemption citing to her daughter's infirmity.

Next, Plaintiff claims that "the 'gravaman' of the [Amended] Complaint is neither untrue statements nor misleading omissions about the Bank's investment of fiduciary assets in the Columbia Funds;" however, again, the Amended Complaint defeats her own argument.  Plaintiffs' Brief at 14.  Notably, Plaintiff's summary of her allegations at pages 13-20 of her Brief does not include even a single citation to the Amended Complaint.  Simply stated, Plaintiff's summary of her case in her Brief is inconsistent with the allegations in her Amended Complaint.  Indeed, the allegations in the Amended Complaint leave no doubt that the elements of SLUSA have been satisfied warranting preemption – particularly allegations that Defendants misrepresented or omitted information in connection with the purchase shares of a mutual fund:[2]

- "**The Bank never fully disclosed to plaintiff** … its conflicts of interest ….." See Amended Complaint at ¶37 (emphasis added).
- "In order to **disguise the Bank's 'double dipping'** [regarding fees in connection with purchases of affiliated mutual funds]." Id. at ¶49.

---

[2]     As set forth in Defendants' Motion to Dismiss, Plaintiff's original Complaint was replete with allegations of misrepresentations and omissions in connection with the purchase of securities.  Plaintiff then attempted to plead her way around SLUSA preemption by filing an Amended Complaint.  This litigation tactic cannot defeat the application of SLUSA preemption. See, e.g., Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (deletions in an amended complaint could not change the crux of complaint to avoid dismissal under SLUSA).

- Information provided by the Bank in connection with **expenses for affiliated mutual funds was "deceptive."** Id. at ¶50.
- "Defendants' use of fiduciary assets to bolster their Columbia Funds was **part and parcel of a larger scheme** to enrich themselves…." Id. at ¶40.

This is precisely the type of claim SLUSA is intended to preempt.[3] See Felton v. Morgan Stanley Dean Witter & Co., 429 F.Supp.2d 684, 693 (S.D.N.Y. 2006). When the "gravamen" of the complaint involves an untrue statement or omission of a material fact, and when that conduct coincides with a transaction involving a covered security, SLUSA mandates dismissal. See SEC v. Zandford, 535 U.S. 813, 819 (2002); Sofonia v. Principal Life Ins. Co. 465 F.2d 873, 879-80 (8th Cir. 2006) (rejecting plaintiffs' claims that SLUSA did not apply because the allegations of misrepresentation were merely "incidental" to the claims).

Recently, a court addressed a similar scenario where the plaintiff challenged fees in connection with the purchase of a security while disavowing that his claims were based upon alleged misleading statements to try to circumvent SLUSA. Beckett v. Mellon Inv. Servs., No. C06-5245 FDB, 2006 WL 3249189 at *4 (W.D. Wash. Nov. 8, 2006). The Court in Beckett held that plaintiff's artful pleading was of no moment and his state law claims inherently included claims of alleged misrepresentation preempted by SLUSA. Relying on Dabit and Felton, the court concluded:

> Any reasonable reading of [plaintiff's] complaint evidence allegations of misrepresentation or omission of material facts in connection with the purchase or sale of securities. The allegation of charging undisclosed fees…is an allegation of a misrepresentation or omission of material fact concerning the terms of the sale of stocks. […] This **implicitly** alleges an omission of material fact in connection with the sale or purchase of securities; i.e., that transaction and service fees would be charged against funds obtained in the sale of securities.
>
> … claims that investment advisors breached fiduciary duties in charging unauthorized fees have been held to necessarily coincide with the sale or purchase of securities and are based in part on material omissions or representations concerning the fees. … the request for recovery of allegedly unlawfully obtained

---

3      Plaintiff repeatedly requests the opportunity to amend again if the Court concludes the Amended Complaint "in its present form, is pre-empted by SLUSA." Plaintiff's Brief at 20. As this Court is well aware, there is no absolute right to amend a complaint. See Eaton Vance, 380 F.Supp.2d at 242. "A motion to amend should be denied if it would be futile. Id. Plaintiff failed to cure deficiencies in its Amended Complaint because no matter how Plaintiff tries to twist her allegations, this case falls under SLUSA. This Court should deny any further attempts to try to plead around SLUSA as futile.

fees and charges imposed on the funds of sale of securities is subject to SLUSA preemption as a misrepresentation or omission of material fact coinciding with the sale of securities.

Beckett, 2006 WL 3249189 at *4 (emphasis added).

Similarly, Plaintiff's state law class claims are premised on implicit and explicit allegations of misrepresentations and omissions. See, e.g., Amended Complaint at ¶37, 40, 49, 50. Just as in Beckett, Plaintiff's claims are based on alleged misrepresentations and omissions and are preempted by SLUSA.

**2.      _The Alleged Fraud Coincides with the Purchase and Sale of Securities Triggering SLUSA preemption._** To try to avoid SLUSA preemption, Plaintiff next claims that because she did not purchase the securities at issue, SLUSA preemption is not triggered. Once again, Plaintiff's contention is inconsistent with her Amended Complaint and contrary to law.

As Plaintiff admits, pursuant to the court-ordered Trust Agreement, Plaintiff is a co-trustee. See Trust Agreement. Plaintiff stood in the shoes of the Bank. See, e.g., Chase, 72 U.S. at 514. If the Bank made the investment decisions and purchases, as she contends, so did Plaintiff. See Defendants' Brief at 16. Second, Plaintiff does not dispute - because she cannot - that she authorized the purchases made here.

Further, whether Plaintiff herself made the purchases is not the issue here. Plaintiff equates SLUSA preemption with the standing requirement of being a purchaser under the securities laws. This is precisely the argument the Supreme Court rejected in Merrill Lynch v. Dabit. 126 S.Ct. 1503, 1515 (2006). There the Court clarified that class claims by ***non-purchasers*** that "coincide" with the purchase or sale of a covered security are preempted by SLUSA. Id. at 1513-14 ("Under our precedents, it is enough that the fraud alleged "coincide" with a securities transaction--whether by the plaintiff or by someone else."). The Court held that "for purposes of SLUSA pre-emption that distinction is irrelevant; the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale of securities.'" Id. at 1515; see also Sofonia, 465 F.2d at 879, n.4; Spencer v. Wachovia Bank, N.A., No. 05-81016, 2006 U.S. Dist. LEXIS 52374 at *19 (S.D. Fla. May 10, 2006).

On the heels of the <u>Dabit</u> decision, the Court in <u>Spencer</u> held that precisely the same claims and allegations raised here – that is, a trust beneficiary's state law claims concerning investment of trust assets in affiliated mutual funds - satisfied the "in connection with a purchase or sale of security" requirement of SLUSA warranting dismissal of the state law class claims. <u>Id.</u> The court found the plaintiff's argument in <u>Spencer</u> that as a trust beneficiary she did not purchase the affiliated mutual fund shares for the trust and therefore could avoid SLUSA to be unpersuasive. <u>Id.</u> According to the Court:

> Spencer essentially alleges that Wachovia schemed to mislead trust beneficiaries about the funds in which Wachovia intended to invest the trust assets, as well as the fees and expenses associated with those transactions. The Complaint alleges that this scheme was premised on, and furthered by, the purchase of Evergreen Funds [Wachovia's affiliated mutual funds]. Spencer is not merely a passive holder of the securities, she ties her alleged injury directly to what she sees as the "forced purchase" of the Evergreen Funds with trust assets. . . . . Thus, the alleged breach of fiduciary duty, as well as the claims for unjust enrichment and money had and received, coincide with the scheme to invest trust assets in Evergreen Funds and collect fees related to those investments. Spencer claims entitlement to any investment losses resulting from investment of trust assets in Evergreen Funds, as well as reimbursement of the "other expenses." These damages also "connect" the allegations of misrepresentations about Evergreen Funds and the fees associates with those funds, to transactions in securities.

<u>Id.</u> at *19.

In contrast, in support of her argument against preemption, Plaintiff cites only to outdated case law rendered before <u>Dabit</u> which narrowly construed the "in connection with" requirement of SLUSA to purchasers of securities, contrary to the holding in <u>Dabit</u>. Plaintiff's Brief at 14-18.

Because all four of the requisite SLUSA preemption factors are met here, Plaintiff's state law class claims must be dismissed.

## B. **The First-Filed Rule Mandates Dismissal Here**

There is no question that the action <u>Siepel, et al. v. Bank of America, N.A., et al.</u>, 05-CV-2393 (E.D. Mo.), was filed before this case in 2005. Second, Plaintiff repeatedly admits that her action is "substantively similar" to the <u>Siepel</u> action. <u>See, e.g.</u>, Plaintiff's Brief at 3. The first-filed rule is triggered and dismissal is warranted. <u>See e.g.</u>, <u>First Nat'l City Bank and Trust Co. v. Simmons</u>, 878 F.2d 76 (2d Cir. 1989); <u>800-Flowers, Inc. v. International Florist</u>, 860 F.Supp. 128, 132 (S.D.N.Y. 1994).

In opposition to dismissal on this grounds, Plaintiff argues only that the first-filed rule is inapplicable here because "although Desire's claims are substantially similar to the claims asserted in the two Missouri cases [one being Siepel], she is not necessarily subject to the same defenses." Plaintiffs' Brief at p. 21. Plaintiff fails to cite a single case to establish that the potential for different defenses has any bearing on the first-filed rule. In fact, the first-filed rule requires only that the two actions at issue involve the same parties and issues. See 800-Flowers, 860 F.Supp. at 132. Plaintiff has conceded both points here. Accordingly, this action should be dismissed, and the resolution adjudicated in the forum where it was first filed.

### C.    The Defenses of Statute of Limitations, Consent and Ratification Bar Plaintiff's Claims as a Matter of Law

Plaintiff does not and cannot deny that she first authorized the Bank's investment in the Bank's affiliated mutual funds in 2001. Instead, Plaintiff relies on her daughter's status as an "infant" and her permanent disability to argue that *Desire* could not have consented to or ratified the investments at issue. Likewise, Plaintiff erroneously relies on the argument that Plaintiff's claims are not time-barred because both New York and Missouri laws provide tolling provisions for persons under a mental disability. See Plaintiff's Brief at 9-12. Plaintiff's arguments fail because she ignores her status as court appointed co-trustee and guardian.

Plaintiff has missed the point of Defendant's argument that her claims are barred because of her consent and ratification of the investments at issue. See Hughes v. LaSalle Bank, N.A., 419 F.Supp.2d 605 (S.D.N.Y. 2006). Defendants do not take the position that Desire had the capacity to consent or authorize the investments because she clearly does not. This is precisely the reason that the Missouri state court created the Luleff Trust and appointed Plaintiff, Desire's mother, to act on her behalf. Id. It is undisputed that, as guardian and co-trustee, Plaintiff acted for her daughter and approved, ratified and consented to the investments at issue. Scheon v. Lange, 238 S.W.2d 902, 905 (Mo. Ct. App. 1951) (guardian has authority to bind ward). Under LaSalle, Plaintiff and her daughter's claims are therefore barred.[4]

---

[4]    As co-trustee, the investments Plaintiff challenges could never have been made without her explicit authorization and consent. As set forth in Defendant's Brief, where a trust

Continued on following page

Plaintiff relies on cases that are easily distinguishable from the instant case.  First and foremost, none of the cases Plaintiff cites involve a co-trustee.  Plaintiff's Brief at 12.  The cases Plaintiff cites involve a typical guardian's inability to approve large investments or settlements. Id.  The cases do not speak to the situation at hand:  a guardian **and** co-trustee whose authority was created via a court ordered Trust Agreement.  In essence, Plaintiff is asking this Court to ignore her conduct as a co-trustee (including her authorization of the investments she now challenges) and view her only as guardian.  Given that she is one in the same person, that is literally and legally impossible.  Moreover, the Luleff Trust Instrument makes clear that any decisions Plaintiff made as co-trustee, she also made as guardian.  See, e.g., Luleff Trust Agreement Art. X, Sec. A ("All decisions and actions taken in good faith by the Trustee *shall be binding and conclusive on all parties*") (emphasis added).  Plaintiff cannot conceal or ignore her role in the very conduct she now challenges.  The LaSalle decision applies with full force and dismissal is warranted.

Moreover, Plaintiff tells only half of the story concerning New York's tolling provision.[5] As this Court has held, while it is true that N.Y. Civ. Prac. L. & R. §208 "effectively tolls the statutory time in which a plaintiff, disabled by reason of infancy, insanity, or death must commence an action, the tolling provision is not without limitation." Monaghan v. SZS 33 Assoc., et al., 827 F.Supp. 233, 241 (S.D.N.Y. 1993).  The Court stated, "the underlying rationale of this §208 is to protect the rights of the disabled party *until such a time that his* business affairs, estate, and *legal rights and liabilities can be adequately and competently represented either by himself or another*." Id. at 242 (emphasis added).  Specifically, "in the case of a person rendered incompetent at the time the cause of action accrues, §208 tolls the

---

Continued from previous page
instrument vests the administration of a trust in co-trustees, the co-trustees *cannot* act separately unless separate authority is given by statute or the trust instrument. See Chase, 72 U.S. at 514.

[5]     New York's three-year statute of limitations applies to Counts I, II, III, and IV of the Amended Complaint.  Defendants' Memorandum at 17-19.

relevant statute of limitations ***until a legal guardian…is appointed*** to represent the interests of the incompetent.  Id. (emphasis added).

New York's "statute must not be read as a permissive legislative enactment allowing a plaintiff to rest upon a stale claim."  Monaghan, 827 F.Supp. at 242.  That is precisely what Plaintiff is trying to do here.  Given Desire's permanent disability, it belies logic that her claims against the Bank could be perpetually tolled, especially in light of the fact that she has long had a guardian and co-trustee – her mother.[6]  Plaintiff's position is also contrary to the primary purpose of having statutes of limitations:  to provide some fairness to the defendant.  Monaghan, 827 F.Supp. at 242.  In 2001 – at the very latest – Plaintiff knew that the assets of the Luleff Trust were invested in the Bank's affiliated funds.  See Defendant's Brief at 18.  Yet Plaintiff waited five years to file her complaint.  As such, she has undoubtedly missed the three-year statute of limitations and her claims for breach of fiduciary duty and tortious interference (Counts I, II, III and IV) are time-barred.

### III.  CONCLUSION

For all the foregoing reasons and for all of the reasons set forth in the Bank Defendants' Motion to Dismiss, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

REED SMITH LLP

By: *Andrew B Messite*
Andrew B. Messite (ABM-3748)
599 Lexington Avenue, 29th Floor
New York, NY  10022
Telephone:  212.521.5400
Facsimile:  212.521.5450

and

---

[6]     According to Plaintiff, Desire will always need a guardian because her disability prevents her from reading, writing, or understanding money.  Plaintiff's Brief at 1.  In accordance with Monaghan, Desire's legal rights have been adequately represented by Plaintiff and any applicable tolling provision has passed.

REED SMITH LLP
Gregory B. Jordan
Mary J. Hackett
Sharon L. Rusnak
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  412.288.3131
Facsimile:  412.288.3063

Attorneys for Defendants
Bank of America, N.A. and
Bank of America, Corporation

Dated:  November 20, 2006



Slip Copy

Slip Copy, 2006 WL 3249189 (W.D.Wash.)
**(Cite as: 2006 WL 3249189 (W.D.Wash.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, W.D. Washington,
at Tacoma.
Guy BECKETT, Personal Representative of the
Estate of Lois M. Beckett,
individually and on behalf of all others similarly
situated, Plaintiff,
v.
MELLON INVESTOR SERVICES, LLC, a New
Jersey limited liability company,
Defendant.
**No. C06-5245 FDB.**

Nov. 8, 2006.

Roblin John Williamson, Williamson & Williams,
Seattle, WA, for Plaintiff.

Nancy Harriss, Robert Joseph Bocko, Keesal Young
& Logan, Seattle, WA, for Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR
REMAND AND GRANTING DEFENDANT'S
MOTION TO
DISMISS

FRANKLIN D. BURGESS, District Judge.

*1 Plaintiff Guy Beckett, personal representative of
the Estate of Lois M. Beckett, individually and on behalf
of others similarly situated, brought this class action
in a Washington state court against Defendant Mellon
Investor Services, LLC (Mellon) alleging common
law claims for breach of contract, breach of fiduciary
duties and unjust enrichment, and a state law
statutory claim for breach of Washington's Consumer
Protection Act, RCW 19.86. Defendant removed the
case to this Court, asserting that Plaintiff's state law
claims are preempted by the Securities Litigation
Uniform Standards Act of 1998 (SLUSA), 15 U.S.C.
§ 78bb(f). Plaintiff moves for remand to the state
court on the ground that SLUSA does not preempt
the action. Defendant moves to dismiss the action on
the grounds that SLUSA applies and mandates
dismissal. After reviewing all materials submitted by
the parties and relied upon for authority, the Court is
fully informed and hereby denies Plaintiff's motion

for remand and grants Defendant's motion to dismiss
Plaintiff's claims.

**BACKGROUND**
Plaintiff Guy Beckett is the personal representative
of the estate of Lois M. Beckett. In early 2003,
Plaintiff wrote to Mellon in its capacity as the
transfer agent for Washington Mutual, Inc., and
requested it sell certain share of Washington Mutual
stock owned by the Estate of Lois M. Becket. Mellon
processed the security sales and charged Beckett
sales transaction service and trading fees. Theses fees
were charged against the stock sale proceeds.
Plaintiff objected to these fees and the resulting net
price realized on the stock. Plaintiff filed a state law
class action in Kitsap County Superior Court on
behalf of himself as well as on behalf of a putative
class of individuals who were paid less than the
average price of stocks on the day of transaction due
to charges against the proceeds of undisclosed trading
and service fees. Plaintiff's claims allege (1) breach
of contract, (2) breach of agency and fiduciary duties,
(3) unjust enrichment, and (4) violations of
Washington's Consumer Protection Act, RCW 19.86.
Mellon removed the action to this Court pursuant to
the Securities Litigation Uniform Standards Act of
1998 (SLUSA), 15 U.S.C. § 78bb(f).

**SECURITIES LITIGATION UNIFORM
STANDARDS ACT**
The Securities Litigation Uniform Standards Act of
1998 (SLUSA) provides for the removal and federal
preemption of certain state court class actions
alleging "a misrepresentation or omission of a
material fact in connection with the purchase or sale
of a covered security." 15 U.S.C. § 78bb(f)(1)(A).
SLUSA provides, in part:
  (1) Class action limitations
  No covered class action based upon the statutory or
  common law of any State or subdivision thereof
  may be maintained in any State or Federal court by
  any private party alleging (A) a misrepresentation
  or omission of a material fact in connection with
  the purchase or sale of a covered security; or (B)
  that the defendant used or employed any
  manipulative or deceptive device or contrivance in
  connection with the purchase or sale of a covered
  security.
*2 15 U.S.C. § 78bb(f)(1).

SLUSA is intended to completely preempt the field

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of certain types of securities class actions by essentially converting a state law claim into a federal claim and creating federal jurisdiction and venue for specified types of state securities fraud claims. If a state law class action falls under its provisions, SLUSA preempts the action. *Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294, 297-98 (3rd Cir.2005); *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F.3d 116, 123 (2nd Cir.2003); *Falkowski v. Imation Corp.,* 309 F.3d 1123, 1129 (9th Cir.2002).

SLUSA also provides that such actions may be removed to federal court:
> (2) Removal of covered class actions
> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).
> 15 U.S.C. § 78bb(f)(2).

Four conditions must be satisfied to trigger the removal and preemption provisions of the SLUSA: (1) the underlying suit must be a covered class action; (2) the action must be based on state or local law; (3) the action must concern a covered security; and (4) the defendant must have misrepresented or omitted a material fact or employed a manipulative device or contrivance in connection with the purchase or sale of that security. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. ----, 126 S.Ct. 1503, 1511-12 (2006); *Felton v. Morgan Stanley Dean Witter & Co.,* 429 F.Supp.2d 684, 690- 91 (S.D.N.Y.2006).

A "covered class action" is a lawsuit in which damages are sought on behalf of more than 50 people. A "covered security" is one traded nationally and listed on a regulated national exchange. 15 U.S.C. § 78bb(f)(5)(B) and (E); *Dabit,* 126 S.Ct. at 1512. In the instant case, Plaintiff does not dispute that both the class and securities at issue are "covered" under the SLUSA. Plaintiff also does not dispute that the action is based on state law. It is Plaintiff's assertion that the fourth condition is not present in this action. Plaintiff contends he is entitled to maintain a state law class action in state court on the basis that the allegedly wrongful conduct does not involve a "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." Plaintiff argues that the causes of action for breach of contract, breach of fiduciary duty, unjust enrichment, and Consumer Protection Act violations do not allege a misrepresentation or

omission and are not connected to the sale or purchase of securities.

Resolution of this issue begins with the recent holding of the Supreme Court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. ----, 126 S.Ct. 1503 (2006). The gist of the complaint in Dabit was that Merrill Lynch breached the fiduciary duty and covenant of good faith and fair dealing it owed its brokers by disseminating misleading research and thereby manipulating stock prices. *Id.* at 1507. The issue before the Court was whether Merrill Lynch's alleged wrongdoing occurred "in connection with the purchase or sale" of securities. *Id.* at 1512. The Dabit Court took a broad view of SLUSA and found that even though the plaintiffs lacked the requisite standing to bring a federal securities claim due to their status as holders, as opposed to purchasers or sellers of securities, their state law class action claims were still subject to dismissal under SLUSA. *Dabit,* 126 S .Ct. at 1512-15. The Court interpreted "in connection with the purchase or sale" as requiring only that the fraud 'coincide' with a securities transaction-whether by the plaintiff or by someone else. *Dabit,* 126 S.Ct. at 1513. The Court emphasized that "the magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated" and that "federal law, not state law, has long been the principal vehicle for asserting class-action securities fraud claims." *Id.* at 1509, 1514.

*3 In light of *Dabit,* regardless of the framing of the cause of action, the alleged wrongdoing asserted here, charging transaction and service fees without authorization and paying the sellers of stock less than the average sales price of the stock on the day of a sales transaction, necessarily occurred in connection with the sale or purchase of stock.

The issue then becomes whether the causes of action assert a "misrepresentation or omission" in connection with the sale or purchase. Plaintiff's causes of action allege breach of contract, breach of fiduciary duties, unjust enrichment and a Washington Consumer Protection Act claim. There is no explicit reference to any fraudulent activity such as a misrepresentation or omission of material fact. One may reasonably infer that Plaintiff has framed the pleading in an effort to avoid SLUSA preemption. See, *Felton v. Morgan Stanley Dean Witter & Co.,* 429 F.Supp.2d 684, 692 (S.D.N.Y .2006). This does not, however, end our inquiry. As stated in *Felton,* "[w]hile facially the Amended Complaint alleges a common law claim for breach of contract, the

question is whether plaintiffs are engaging in artful pleading to disguise substantive allegations that Morgan Stanley engaged in '[a] misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security,' as those words are used in SLUSA." *Id.,* at 693. Under SLUSA, the Court must look beyond the face of the complaint to analyze the substance of the allegations. *Id.,* at 692; *Dabit v. Merrill Lynch, Pierce, Fenner & Smith,* 395 F.3d 25 (2nd Cir.2005) (Dabit I); *Dudek v. Prudential Sec., Inc.,* 295 F.3d 875, 879 (8th Cir.2002); *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F.3d 116, 123 (2nd Cir.2003); *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.,* 341 F.Supp.2d 258, 265 (S.D.N.Y.2004).

In *Felton* plaintiffs alleged a breach of contract by Morgan Stanley in failing to provide objective research and recommendations. The court concluded "without difficulty that Plaintiffs' claim is a securities fraud wolf dressed up in a breach of contract sheep's clothing." *Id.,* at 693. The gravamen of the complaint was that conflicts of interest were created by Morgan Stanley's relationships with the companies Morgan Stanley analysts covered which were undisclosed to Plaintiffs. While Morgan Stanley customers believed that they were paying for and receiving informed and objective investment advice, they actually received recommendations based on Morgan Stanley's existing or desired investment banking deals. "Plaintiffs describe this conduct as a breach by Morgan Stanley of the standardized contracts with the Plaintiffs and Class members, and so it may have been, but it is also a quintessential example of a fraudulent omission of a material fact under the federal securities laws." *Id.* "Stripped to its essentials, the Amended Complaint alleges that Morgan Stanley breached its contracts with Plaintiffs by engaging in a fraudulent scheme. To regard the Amended Complaint as alleging nothing more than common law breaches of contract would reward artful pleading in a manner that the law does not permit." *Id.,* at 693. Accord, *Dabit v. Merrill Lynch, Pierce, Fenner & Smith,* 395 F.3d 25 (2nd Cir.2005).

*4 Any reasonable reading of Beckett's complaint evidences allegations of misrepresentation or omission of material facts in connection of the purchase or sale of securities. The allegation of charging of undisclosed fees and paying Plaintiff share proceeds below prevailing market prices is an allegation of a misrepresentation or omission of material fact concerning the terms of the sale of stocks.

The Eighth Circuit's decision in *Prof'l Mgmt. Assoc., Inc. Employees' Profit Sharing Plan v. KPMG, LLP,* 335 F.3rd. 800 (8th Cir.2003), also provides support for this holding. In *KPMG,* the Court determined that SLUSA preemption applied to the plaintiff's aiding and abetting claims against KPMG because the plaintiff *implicitly alleged* misrepresentations or omissions in connection with the purchase of securities. *Id.,* at 802. This decision is in line with language used by the Third Circuit in *Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294 (3rd Cir.2005), where the Court found that the plaintiff's breach of contract claim was subject to SLUSA preemption because although a misrepresentation was not an essential element of a breach of contract claim, "[w]here as here, allegations of a material misrepresentation serve as the factual predicate of a state law claim, the misrepresentation prong is satisfied under SLUSA." *Id.,* at 300. See also, *In re Salomon Smith Barney Mut. Fund Fees Litigation,* 441 F.Supp.2d 579 (S.D.N.Y.2006) (An attempt to distinguish between misrepresentations and omissions connected with the purchase of securities with an assessment of purportedly improper fees held unavailing). The thrust of these decisions can be summarized in the holding of an earlier decision of the Ninth Circuit wherein the Court held that representations, or omissions, about the value of the stock and the terms on which the plaintiffs will be able to purchase or sell the stock are properly subject to the SLUSA. *Falkowski v. Imation Corp.,* 309 F.3d 1123, 1131 (9th Cir.2002)..

Here, Plaintiff alleges that Mellon charged transaction and service fees that were not authorized by their contract. This implicitly alleges an omission of material fact in connection with the sale or purchase of securities; ie., that transaction and service fees would be charged against funds obtained in the sale of the securities. Accordingly, these state law contract claims are subject to SLUSA removal and preemption.

Plaintiff's argument in regard to breach of fiduciary duties or unjust enrichment fares no better. Claims that investment advisors breached fiduciary duties in charging unauthorized fees have been held to necessarily coincide with the sale or purchase of securities and are based in part on material omissions or the misrepresentations concerning the fees. Accordingly, breach of fiduciary duty claims are subject to SLUSA removal and preemption. *In re Franklin Mut. Funds Fee Litigation,* 388 F.Supp.2d 451, 471-73 (D.N.J.2005). See also, *Cordova v. Lehman Bros., Inc.,* 413 F.Supp.2d 1309

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(S.D.Fla.2006) (claim of breach of fiduciary duties in creating false assurances to investors of safety of investments subject to SLUSA preemption); _In re Salomon Smith Barney Mut. Fund Fees Litigation, 441 F.Supp.2d 579 (S.D.N.Y.2006)_ (claims of breach of fiduciary duties for assessment of improper fees subject to SLUSA preemption). The same is true for claims of unjust enrichment. The request for recovery of allegedly unlawfully obtained fees and charges imposed on the funds of sale of securities is subject to SLUSA preemption as a misrepresentation or omission of material fact coinciding with the sale of securities. _Rowinski v. Salomon Smith Barney, 398 F.3d 294, 305 (3rd Cir.2005); In re Franklin Mut. Funds Fee Litigation, 388 F.Supp.2d 451, 473 (D.N.J.2005)._ Finally. Plaintiff's CPA arises out of the same core factual allegations and accordingly is subject to removal and preemption as a state law claim that implicitly alleges misrepresentations or omissions in connection with the purchase of securities. See, _Rowinski,_ at 304-05.

*5 It is well established that, once a court determines that a given state law action is preempted by the SLUSA, it must be dismissed. See, _Kircher v. Putnam Funds Trust,_ 548 U.S. ----, 126 S.Ct. 2145, 2155, 165 L.Ed.2d 92 (2006) ("If the action is precluded, neither the District Court nor the state court may entertain it, and the proper course is to dismiss."). The impact of Mellon's alleged actions coincides with the sale of securities. The essence of the alleged unauthorized fees and the imposition of these charges against the payment of proceeds of the sale of securities is tied directly to the sale of securities and the misrepresentation or omission of material facts concerning the terms of the sales transaction. Accordingly, the test for SLUSA removal and preemption is met.

### CONCLUSION
For the reasons set forth above Plaintiff's Motion for Remand to State Court will be denied, and Defendant's Motion to Dismiss Under SLUSA will be granted.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff's Motion to Remand to State Court [Dkt. # 10] is **DENIED,**

(2) Defendant's Motion to Dismiss Under SLUSA [Dkt. # 9] is **GRANTED,** and this action DISMISSED with prejudice.

Slip Copy, 2006 WL 3249189 (W.D.Wash.)

**Motions, Pleadings and Filings (Back to top)**

• 3:06cv05245 (Docket) (May 4, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.