UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAWNE LULEFF on behalf of her minor daughter
DESIRE COBBLE and all others similarly situated,

               Case No. 06-CV-1435 (JGK)

               Plaintiff,

      -against-                  JURY TRIAL DEMANDED

BANK OF AMERICA, N.A. and
BANK OF AMERICA CORPORATION,          CLASS ACTION

               Defendants.
----------------------------------------------------------------x

## SECOND AMENDED COMPLAINT

Plaintiff Dawne Luleff ("Luleff"), on behalf of her minor daughter Desire Cobble ("Desire") and for all other persons similarly situated, alleges the following on information and belief:

Preliminary Statement

1.    Plaintiff brings this Class Action on behalf of her minor daughter and all others similarly situated, (1) as beneficiaries of fiduciary accounts where (2) defendant Bank of America N.A. (the "Bank") serves or served as corporate fiduciary, and (3) the corpus of such fiduciary accounts (or any portion thereof) were invested in the Bank's proprietary mutual funds (the "Columbia Funds" formerly known as the "Nations Funds"), managed by the Bank's controlled affiliate, Columbia Funds Series Trust f/k/a/ Nations Funds Trust ("Columbia").

2.    This Complaint alleges that the Bank breached its fiduciary obligations to plaintiff and members of the putative Class by adopting and implementing a self dealing corporate policy (the Bank's "Mutual Funds Policy") of investing fiduciary accounts in its proprietary mutual funds (the "Columbia Funds") without regard to the investment

performance of those funds, the expense ratios of those funds, the availability of more suitable investment vehicles, the particular needs of the beneficiaries of the Bank's fiduciary accounts or other factors relating to the best interests of the beneficiaries of such accounts.

3.     The Bank's Mutual Funds Policy created an inherent conflict of interest which pitted the interest of the Bank and its parent Bank of America Corp. ("BAC") in maximizing fees and maximizing investment in their proprietary Columbia Funds against the interests of Desire and other fiduciary account beneficiaries in having an independent fiduciary to make investment decisions based solely upon their interests in minimizing fees and expenses and maximizing investment performance.

4.     The Bank's Mutual Funds Policy ensured that in every instance, the fiduciary's financial interests trumped the beneficiaries' interests.  The Bank's proprietary Columbia Funds maximized fee income and reduced corporate expenses for the Bank and BAC, but  imposed unnecessary costs on fiduciary account beneficiaries and deprived them of any hope that investment decisions for their accounts would be made on the basis of the historic investment performance and favorable fee ratios of available investment vehicles.  In short, defendants used fiduciary assets to enrich themselves at the expense of Desire and other fiduciary account beneficiaries.

5.     This Complaint also alleges that BAC aided and abetted the Bank in breaching its fiduciary duty to Desire and other members of the Class.

6.     No claims are asserted herein pursuant to the federal securities laws or any other comparable theory of liability under state and/or common law The only claims asserted by plaintiff are those expressly set forth herein.

2

7.      All members of the putative Class were adversely affected by defendants' breach of their fiduciary and contractual obligations.

Jurisdiction and Venue

The substantive claims asserted herein arise under common law.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1711, the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367.  The amount in controversy exceeds $5,000,000 exclusive of interest and costs and there is diversity of citizenship between plaintiff and each of the defendants.

9.      This Court has personal jurisdiction over defendants because each of them conducted business in the Southern District of New York on a regular and continuous basis during the time period of the wrongdoing alleged herein, continuing up to today.

10.     The Bank has multiple branches in this District.

11.     Venue is proper in this District as many of the acts and practices complained of occurred here.  Further, many witnesses to defendants' wrongful acts reside in or did business within this District, and many members of the Class reside in this District.

The Parties

12.     Desire is a minor, and is the beneficiary of The Desire Cobble Supplemental Needs Trust established by Trust Agreement dated November 8, 2001 ("Cobble Trust"), a copy of which is attached hereto as Exhibit "A".

13.     Luleff is co-trustee of the Cobble Trust.  Luleff is a resident of the City of St. Louis, in the State of Missouri.

14.     The Bank is a federally chartered bank domiciled in North Carolina, and is a wholly owned subsidiary of BAC also domiciled in North Carolina.

15.     Defendant Bank was a co- trustee of the Cobble Trust until April 1, 2004 when it was removed by Order of the Circuit Court for the City of St. Louis.

16.     At all relevant times, the Bank made investment decisions for Desire's trust and for other accounts in which it served as a fiduciary or co-fiduciary.

17.     Pursuant to defendants' policy, when the Bank used mutual funds as an investment vehicle for fiduciary accounts, the Bank invested fiduciary assets, including all of those in Desire's trust, in defendants' proprietary mutual funds, formerly known as the Nations Funds and now known as the Columbia Funds. (the "Columbia Funds").

18.     At no time did plaintiff or Desire personally purchase, sell or hold Columbia Funds and all investments in the Cobble Trust were controlled and directed by the Bank.

19.     Defendant BAC is a Delaware holding company domiciled in North Carolina.  It owns the shares of numerous subsidiaries including those of defendant Bank.

20.     At all relevant times, BAC controlled the business activities of the Bank.

21.     The Columbia Funds are nominally operated by Columbia and its Board of Trustees.

The Bank's and BAC's Relationship to the Columbia Funds

22.     Even though no more than 60% of Columbia's Board is supposed to be an "interested" person, in fact all Columbia Board members were elected and controlled by the Bank and BAC.  Columbia has operated as an *alter ego* of the Bank, BAC and their respective subsidiaries responsible for asset management.

23.     At all relevant times, subsidiaries of defendants BAC and the Bank charged (and continue to charge) substantial fees and expenses to the Columbia Funds for their purported services.

24.     The cost of these fees and expenses is passed on to accounts in which assets are invested in the Columbia Funds, including the Cobble Trust and other fiduciary accounts. As a result, the Bank received fiduciary fees and the fees and expenses derived indirectly from BAC's proprietary funds as well as other benefits derived therefrom.

Factual Allegations

25.     Starting in or about 1997, the Bank made a business decision – which it implemented on a nation-wide basis -- to invest all fiduciary accounts in its proprietary Columbia Funds whenever possible(i.e., the "Bank's Mutual Fund Policy"). Following this business decision, the Bank divested billions of dollars from fiduciary account investments in fee and expense free Common Trust Funds and other investment vehicles, and reinvested the proceeds in its proprietary Columbia Funds,

26.     The Bank's Mutual Fund Policy enabled the Bank and BAC to enrich themselves at Desire's expense and the expense of other fiduciary account beneficiaries, by "double dipping" fees from those accounts. The Bank charged fiduciary fees for maintaining the fiduciary account for the Cobble Trust (the "Fiduciary Fees"), and other affiliated entities charged investment advisory and administrative fees for managing the Columbia Funds (the "Columbia Internal Fees"), which were the exclusive investment vehicle for the Cobble Trust. The Columbia Internal Fees were ultimately passed along to and paid by Desire and other fiduciary account beneficiaries, in the form of expense ratios and reduced investment returns.

27.     Desire and the other beneficiaries of the Bank's fiduciary accounts received no benefit in exchange for the increased cost resulting from the Bank's Mutual Funds Policy.

28.     The Bank and BAC knew at all times that the Bank's Mutual Fund Policy would enrich the Bank at Desire's expense and the expense of other fiduciary account beneficiaries.  The Bank and BAC also knew that the Bank's Mutual Fund  Policy conferred no corresponding benefits to Desire and other fiduciary account beneficiaries.

29.     The Bank's Mutual Fund  Policy was intended to, and did, promote the Bank's interest in reducing its own internal expenses for maintaining and administering fiduciary accounts while, at the same time, increasing its fee and other income at the expense of Desire and other fiduciary account beneficiaries, in violation of the Bank's fiduciary obligations to Desire and other fiduciary account beneficiaries.

32.     The Bank  breached its fiduciary obligations to plaintiff, Desire and members of the Class in the following respects.  The Bank

>       (i)     failed to consider any non-proprietary mutual funds, common trust funds (i.e., fee and expense free in-house pools of assets, similar to mutual funds) or other investment vehicles for investment of Desire's trust account and other fiduciary accounts and used the Columbia Funds as the sole investment vehicle for fiduciary accounts whenever possible;

>       (ii)    invested assets in fiduciary accounts in Columbia funds without proven investment track records or reasonable fee structures;

>       (iii)   refused to divest those proprietary mutual funds which substantially underperformed comparable investment vehicles;

>       (iv)    improperly used its voting rights as the record holder of Columbia Funds shares held for fiduciary accounts to select and elect Trustees of Columbia that were under its control and/or influence.

(v)      failed to establish written investment policies and adopt procedures for periodic review and comparison with other available funds; failed to establish an arm's length process for evaluating the prudence of investing fiduciary accounts in proprietary and bank advised mutual funds rather than in non-proprietary alternative investments. Additionally, the Bank failed to conduct  on-going comparisons of proprietary funds to peer group performance.

(vi)      failed to document management's actions with respect to transactions involving real or potential conflicts of interests, including the prudence of such transactions and to make such documentation be readily available.

(vii)      failed to annually review accounts on an individual basis to insure that the proprietary mutual fund continue to be an appropriate investment for the account.

33.      Because of the benefits that it and BAC  received from the Columbia Policy, the Bank regularly refused to consider non-proprietary investments for fiduciary accounts.  Indeed, in a letter from Bank Vice President Thomas W. Chulick dated October 1, 1999 to the Hon. Mary Ann Medler, a federal Magistrate Judge in St. Louis, and a Co-Trustee and a beneficiary of her Mother's trusts for which the Bank was corporate Trustee, the Bank reiterated its policy to only invest in its proprietary funds: "The [Investment Review] Committee [of the Bank] reiterated that the use of outside mutual funds in fiduciary accounts is in violation of our corporate policy". A copy of this letter is attached hereto and incorporated herein as Exhibit "B".

34.      The Bank never offered Desire and other fiduciary account beneficiaries an  increase in services commensurate with the increased fees which they were charged as a result of the Bank's Mutual Fund Policy.  In fact, the Bank's fiduciary services declined as a result of the Bank's abdication of its traditional fiduciary activities and the creation of "Call Centers" located in distant locales from the beneficiaries and accessible only by an 800 number.

7

35.     In violation of its fiduciary responsibilities, the Bank performed no objective analysis to determine whether the Columbia Funds were optimal investments for the fiduciary accounts of the Cobble Trust, or for any other fiduciary accounts.

36.     Rather, the decision to invest the assets of the Cobble Trust and other fiduciary accounts in the Columbia Funds was intended to maximize the Bank's direct and indirect fee income and other benefits  - not to find the most suitable investments for the Cobble Trust and other fiduciary accounts.

37.     The Bank and its subsidiaries unjustly reaped millions of dollars in purported money management, investment advisory, administrative and other fees as a result of its investment of assets in fiduciary accounts, including that of the Cobble Trust, in shares of Columbia Funds, in addition to trustee fees and other fiduciary fees charged to plaintiff and the members of the Class.

<u>Class Action Allegations</u>

38.     Plaintiff brings this action on behalf of Desire Cobble and all other beneficiaries of the Bank's fiduciary accounts similarly situated pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as a class action. The Class herein is defined as: all beneficiaries of trusts or other fiduciary accounts for which the Bank acted as a fiduciary, and where the assets of the fiduciary account were invested in Columbia Funds mutual funds at any time from September 8, 1998 to the present (the "Class" and "Class Period").

39.     Plaintiff seeks, *inter alia:* (i) an accounting for all damages caused by defendants to the Cobble Trust and the members of the Class and the extent of the unjust enrichment of the defendants from their wrongful activities, as well as repayment of such

unjust enrichment and the earnings thereupon; (ii) money damages to be paid by the defendants; (iii) injunctive relief providing for the possible removal of the Bank as fiduciary for all fiduciary accounts in which members of the Class are currently beneficiaries; (iv) for relief incident and subordinate thereto, including substantial punitive damages as a result of defendants' egregious self-dealing.

Numerosity

40.     The Bank serves as a corporate fiduciary (i.e., trustee, guardian, executor, etc.) for many thousands of fiduciary accounts affected by the wrongdoing described herein. At relevant times hereto, it served as a Trustee for the Cobble Trust.

41.     The exact number of members of the Class is not known by plaintiff, but is within the sole knowledge of the Bank. However, the members of the Class are so numerous as to make a class action appropriate with such Class being composed of many thousands of members.

42.     The members of the Class are located in most or all fifty states, and in numerous foreign countries.

Common Issues of Law and Fact Predominate

43.     The Bank's decision to invest the assets of the Cobble Trust in the Bank's proprietary mutual funds was made pursuant to a corporate policy (i.e., the Columbia Policy) which affected all fiduciary accounts in a uniform manner, and was not made on an individual basis.

44.     The Bank's refusal to divest those Columbia Funds which performed poorly was also made pursuant to the Bank's Mutual Funds Policy, and was not made on an individual basis.

45.     All members of the Class were subjected to increased and/or unnecessary fees and expenses and all members of the Class were adversely affected by the diminution of services resulting from the Bank's Mutual Fund Policy.

46.     There are common questions of law and fact that relate to and affect the rights of each member of the Class including, *inter alia:*

(i)     whether the Bank's business decision to invest assets of its fiduciary accounts in shares of the Columbia Funds was motivated by the best interests of the Class members or by the defendants' desire to generate management, investment advisory and other fees for themselves, their affiliates and subsidiaries, to lower the Bank's expenses of managing fiduciary assets and to generate unjustly other benefits for all the defendants by, *inter alia,* "bulking-up" the assets invested in the defendants' proprietary funds;

(ii)     whether the Bank breached fiduciary and contractual duties to the Cobble Trust and the members of the Class, and whether BAC participated in and/or aided and abetted such breaches of duty;

(iii)     whether the Bank breached its fiduciary duties to all members of the Class by making investment decisions for the fiduciary accounts of plaintiff and the Class based upon defendants' own interests rather than the interests of the beneficiaries of such fiduciary accounts;

(iv)     Whether the Bank's refusal to divest underperforming and/or high-expense Columbia Funds from its fiduciary accounts was motivated by the best interests of Class members or by its own financial interests;

(v)     Whether the Bank's refusal to divest underperforming and/or high-expense Columbia Funds from its fiduciary accounts was a breach of its fiduciary duty to plaintiff and other members of the Class; and

(vi)     What remedies are appropriate compensation for the damages caused to plaintiff and each member of the Class.

*47.*     The relief sought is common to the entire Class including, *inter alia:*

(i)     a declaratory judgment that the Bank violated its fiduciary duties as Trustee (or other similar fiduciary role) with respect to the affected fiduciary accounts and whether BAC participated therein and/or aided and abetted the Bank in doing so;

(ii)    payment by the defendants of compensatory damages caused by their commission of and/or aiding and abetting breaches of fiduciary and contractual duties, together with substantial punitive damages; and

(iii)    an injunction preventing the Bank from opposing petitions by fiduciary account beneficiaries to replace it as corporate fiduciary.

Typicality and Predominance of Plaintiff's Claims

48.    The interests of plaintiff and each member of the Class have been adversely affected by the wrongdoing of the defendants as described herein.

49.    The assets of Cobble Trust, like all other fiduciary accounts of members of the Class, were invested in the Columbia Funds, pursuant to the Mutual Funds Policy of the Bank and its senior officers.

50.    Plaintiff's claims are common to all members of the Class and predominate over any individual claims they have against the defendants.

51.    Plaintiff's claims are typical of the claims of all members of the Class. Her claims are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class.

Plaintiff Will Fairly and Adequately Represent the Class

52.    Plaintiff can and will fairly and adequately protect the interests of the Class and its members.

53.    Plaintiff's attorney is experienced and capable of prosecuting complex litigation such as this case. Plaintiff's attorney will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof.

Count I:  Breach of Fiduciary Duty Against the Bank: Investment in Columbia Funds

54.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

55.     Defendants' wholesale decision to invest fiduciary account assets in shares of the Columbia Funds without regard for the interests of fiduciary account beneficiaries was a breach of the Bank's fiduciary duty to Desire and the members of the Class.

56.     As a result of this breach of fiduciary obligations, Desire and the other members of the Class have been damaged in an amount to be determined at trial.

Count II:  Breach of Fiduciary Duty Against the Bank: Failure to Divest Columbia Funds

57.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This Count is asserted against all defendants.

58.     The Bank had a fiduciary obligation to monitor the Cobble Trust and to divest any assets which became inappropriate for the Cobble Trust, whether by virtue of substantial underperformance or otherwise.

59.     Some of the proprietary Columbia Funds substantially underperformed comparable investments and/or had excessive expense ratios rendering them inappropriate to retain them as investments for plaintiff's account.

60.     Notwithstanding the aforementioned sub-par investment performance and/or excessive expense ratios, the Bank retained the investments in the Columbia Funds, and failed to seek out more productive investment vehicles.

61.     By virtue of the Bank's breach of its fiduciary obligation to divest underproductive and/or excessively expensive Columbia Funds, Desire and members of the Class have been damaged in an amount to be determined at trial.

Count III: Aiding and Abetting Breach of Fiduciary Duty Against BAC

12

62.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

63.     BAC participated in the Bank's business decision to invest fiduciary accounts in shares of the Columbia Funds without regard for the best interests of fiduciary account beneficiaries.  In addition, BAC participated in the decision to keep such fiduciary accounts invested in shares of the Columbia Funds  even when a prudent investor would have divested those Columbia Funds due to poor performance and/or excessive expense ratios.  BAC actively participated in the decision to grow its proprietary mutual funds complex, the Columbia Funds, by force selling the funds to the Bank's fiduciary accounts and employing the accounts as a primary distribution channel for the Columbia Funds. In order to accomplish its objectives, BAC aided and abetted the Bank's breaches of its fiduciary obligations to the Cobble Trust and other members of the Class and actively participated in the wrongdoing alleged herein.

64.     By virtue of BAC's aiding and abetting the Bank's breach of fiduciary duties to the plaintiff, Desire and others similarly situated, Desire and members of the Class were damaged in an amount to be determined at trial.

<u>Count IV:  Unjust Enrichment Against the Bank and BAC</u>

65.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

66.     By their investment of fiduciary assets in the Columbia Funds to the exclusion of all other investment vehicles, and their subsequent refusal to divest those Columbia Funds which performed poorly and/or had inordinately high expenses, the Bank and BAC were unjustly enriched at the expense of Desire and other Class members.

67.      Defendants have retained and invested the proceeds of the foregoing unjust enrichment and realized additional profits thereupon, all of which should be returned to the fiduciary accounts from which they were derived and/or their beneficiaries.

Prayer for Relief

WHEREFORE, plaintiff respectfully requests on behalf of her daughter Desire and on behalf of all members of the Class:

(a)      certification of this action as a class action and appointment of plaintiff and her counsel to represent the Class;

(b)      entry of judgment and an award of damages on plaintiff's claims for breach of fiduciary duty in favor of plaintiff individually and as representative of the Class;

(c)      entry of judgment enjoining the Bank from opposing any petition filed by any member of the Class seeking the removal of the Bank as corporate fiduciary and requiring the Bank to pay for all legal fees and expenses incident thereto including its own;

(d)      entry of judgment compelling the defendants to account for their unjust enrichment and disgorging the amount thereof (and the profits earned thereupon) to the fiduciary accounts affected by the wrongdoing described herein and/or their beneficiaries, as appropriate;

(e)      pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)      reasonable attorney's fees and reimbursement of the reasonable costs and expenses of prosecuting this litigation and distributing the recovery to  members of the Class; and

(g)      such other or additional relief as this Court deems appropriate.

Jury Demand

Plaintiff hereby demands a trial by jury.

September    , 2007

Daniel Cobrinik (DC 6406)
2 Grand Central Tower
140 East 45th Street - 25th Floor
New York, New York 10017
(212) 725-6888
Counsel for Plaintiff and the Class