UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
DAWNE LULEFF, on behalf of her minor daughter :
DESIRE COBBLE and all others similarly situated, :
                                                  :   No. 06-CV-1435 (JGK)
                          Plaintiff,              :
                                                  :
             v.                                   :
                                                  :
BANK OF AMERICA, N.A.; COLUMBIA                   :
FUNDS SERIES TRUST f/k/a NATIONS FUNDS            :
TRUST; WILLIAM P. CARMICHAEL; and                 :
BANK OF AMERICA CORPORATION,                      :
                                                  :
                          Defendants.             :
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION'S MOTION TO DISMISS

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131
Attorneys for Defendants
Bank of America, N.A. and
Bank of America Corporation

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT......................................................................................................................1

      A. SLUSA Compels Dismissal of Plaintiff's State Law Class Claims ........................1

           1. Plaintiff's Attempt at Artful Pleading Alone Confirms that
Her Claims are Preempted by SLUSA........................................................1

           2. The Second Amended Complaint Triggers SLUSA Preemption .................4

      B. If, As Plaintiff Contends, Her Claims Are Not Preempted By SLUSA,
Then This Court Lacks Subject Matter Jurisdiction Under CAFA..........................7

III. CONCLUSION..................................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Page**

## Cases

*Araujo v. John Hancock Life Ins. Co.*,
  206 F. Supp.2d 377, (E.D. N.Y. 2002) ........................................................................... 4

*Beckett v. Mellon Investor Services, LLC*
  No. C06-5245FDB, 2006 WL 3249189, (W.D. Wash. Nov. 8, 2006) ................... 2, 3, 4, 6

*Behlen v. Merrill Lynch*,
  311 F.3d 1087 (11th Cir. 2002) ............................................................................. 2, 4, 6

*Boyce v. AIM Management Group, Inc.*,
  No. H-04-2587, 2006 U.S. Dist. LEXIS 71062, (S.D. Tex. Sept. 26, 2006) ...................... 6

*Davis v. Chase Bank, U.S.A., N.A*,
  453 F. Supp. 2d 1205 (C.D. Cal. 2006) ........................................................................... 8

*Dommert v. Raymond James Financial Services, Inc.*,
  No. 06-cv-102, 2007 WL 1018234, (E.D. Tex. March 29, 2007) ................................ 4, 5

*Dudek v. Prudential Sec., Inc.*,
  295 F.3d 875 (8th Cir. 2002) ........................................................................................ 2, 6

*Estate of Pew v. Cardarelli*,
  No. 05-1317, 2006 U.S. Dist. LEXIS 89025, (N.D. N.Y. Dec. 6, 2006) ........................ 7, 8

*Felton v. Morgan Stanley Dean Witter & Co.*,
  429 F. Supp.2d 684 (S.D.N.Y. 2006) ........................................................................... 4, 6

*In re Edward Jones Holders Litig.*,
  453 F.Supp.2d 1210 (C.D. Ca. 2006) ............................................................................... 7

*In re Franklin Mut. Funds Fee Litig.*,
  388 F. Supp.2d 451 (D.N.J. 2005) ................................................................................... 7

*In re Mutual Funds Investment Litig.*,
  437 F.Supp.2d 439 (D. Md. 2006) ................................................................................... 4

*In re Salomon Smith Barney Mutual Fund Fees Litig.*,
  441 F.Supp.2d 579 (S.D. N.Y. 2006) ............................................................................... 6

*In re Textainer P'ship Sec. Litig.*,
  No. 05-0969, 2005 U.S. Dist. LEXIS 26711, (N.D. Cal. July 27, 2005) ......................... 8

*Kurz v. Fidelity Management & Research Co.,*
  No. 07-cv-709-JPG, 2007 U.S.Dist. LEXIS 80127 (S.D. Ill. Oct. 30, 2007) .............................. 4

*LaSala v. Bank of Cypress Public Co.,*
  510 F.Supp.2d 246 (S.D.N.Y. 2007) ................................................................................. 5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,*
  547 U.S. 71 (2006) ............................................................................................................ 3, 8

*Nekritz v. Canary Capital Partners, LLC,*
  No. Civ. 03-5081 (DRD), 2004 WL 1462035 (D.N.J. Jan. 12, 2004) .................................. 6, 7

*Paru v. Mutual of America Life Ins. Co.,*
  No. 04-6907, 2006 U.S. Dist. LEXIS 28125, (S.D.N.Y. May 10, 2006) .................................. 5

*Rowinski v. Salomon Smith Barney Inc.,*
  398 F.3d 294 (3d Cir. 2005) ............................................................................................... 6

*Williams v. Texas Commerce Trust Co.,*
  No. 05-1070, 2006 U.S. Dist. LEXIS 39743 (W.D. Mo. June 15, 2006) .............................. 8, 9

### Statutes

15 U.S.C. §78bb(f)(1) ............................................................................................................. 2, 6, 9

28 U.S.C. §1332(d)(9) ............................................................................................................. 7, 8, 9

## I. INTRODUCTION

Defendants moved to dismiss Plaintiff's class claims on the ground that they are preempted under the Securities Litigation Uniform Standards Act ("SLUSA") and that if SLUSA is not triggered, there is no basis for federal jurisdiction under the Class Action Fairness Act ("CAFA"). Either way, Plaintiff has pled herself out of this Court on her class claims. In response, Plaintiff offers a vigorous defense of her artful pleading to avoid SLUSA and asserts that her claims involve a "trust agreement" that fall inside, not outside, CAFA. None of her arguments withstands reasoned analysis in light of her own pleading and the controlling law. Dismissal is appropriate and respectfully urged.

## II. ARGUMENT

### A. SLUSA Compels Dismissal of Plaintiff's State Law Class Claims

#### 1. Plaintiff's Attempt at Artful Pleading Alone Confirms that Her Claims are Preempted by SLUSA

Defendants' motion to dismiss raises two narrow jurisdictional issues dependent solely on the allegations in Plaintiff's Second Amended Complaint and the proper construction of two federal statutes. In response, Plaintiff provides unsubstantiated allegations about the hardships the trust beneficiary faces -- having nothing to do with Defendants -- and her opinions on the unlawfulness of Defendants' conduct under Missouri law. None of these allegations or opinions are relevant to the legal issues presented, and they should not be permitted to alter the decisional context in Plaintiff's favor. As to the hardships related to the beneficiary in particular, nothing in Defendants' motion deprives her of the ability to bring her individual claim in any forum she chooses. It is this Court's jurisdiction to decide her class claims that is at issue.[1]

Turning to the heart of the matter, there is no question that Plaintiff's first two complaints triggered SLUSA preemption. With respect to her operative Second Amended Complaint, the

---

[1] Plaintiff, as the co-trustee, has the power to bring this individual suit, just as she had the power to authorize or change any trust investment. Plaintiff's plea that her daughter had "no say" in how "the Bank managed her trust" omits the important fact that Plaintiff had the controlling "say."

threshold issue is whether she can artfully plead around SLUSA by excising her allegations to try to omit misrepresentations or use of a manipulative or deceptive scheme or device. *Plaintiff's Opposition* at 6; *see* 15 U.S.C. §78bb(f)(1). The unequivocal answer is that she cannot.

Plaintiff does not dispute that controlling case law forecloses a plaintiff from amending a complaint to "plead around" SLUSA by making the same allegations, but excising all references to misrepresentation and omission. *See, e.g., Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (despite plaintiff amending complaint to remove allegations of misrepresentation and omission, SLUSA still applied); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879-80 (8th Cir. 2002) (same). Instead, she tries to distance herself from the many cases rejecting attempts to plead around SLUSA by miscasting the relevant law. Her claim that the artful pleading cases are irrelevant unless she continues to expressly allege misrepresentations does not withstand analysis.

Plaintiff's treatment of *Behlen* is illustrative. Plaintiff's quotation from *Behlen*, 311 F.3d at 1094 (*Plaintiffs' Opposition* at 11), omits a key holding. Thus, as Plaintiff notes, the *Behlen* court did find that SLUSA preempted the plaintiff's allegations of express misrepresentation in the original complaint. *Id.* However, what Plaintiff fails to note is that the court went on to address whether SLUSA preempted the claims in the ***amended*** complaint where the plaintiff deleted all express allegations of misrepresentation that triggered SLUSA. *Id.* at 1095. The court held that the claims were still preempted under SLUSA because the plaintiff alleged, as Plaintiff does here, that the defendants acted wrongfully in connection with the purchase of a covered security which allowed the defendants to collect higher fees. *Id.* at 1095-96.

While she dismisses *Beckett v. Mellon Investor Services, LLC*, No. C06-5245FDB, 2006 WL 3249189 (W.D. Wash. Nov. 8, 2006), as "irrelevant," a close analysis of *Beckett's* reasoning shows its direct relevance. The plaintiffs in *Beckett* and here pressed state law class claims that the defendants charged excessive fees in connection with the investments. *See Second Amended Complaint* ¶¶ 23-24, 26, 28-29, 32, 36-37, 45. The defendants raised SLUSA preemption, and in response, the plaintiffs in both cases argued that their class claims were/are not preempted under

SLUSA because SLUSA only preempts claims based upon express allegations of misrepresentation and omission.[2] *See Beckett*, 2006 WL 3249189, at * 2; *Plaintiff's Opposition at 16-17*. The *Beckett* Court rejected this argument. *See Beckett*, 2006 WL 3249189, at ** 4-5. This Court should as well.

Starting with the Supreme Court decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006), the Court in *Beckett* confirmed SLUSA's broad preemptive reach, the Supreme Court's broad interpretation of the "in connection with" requirement, and Congress's intent to have federal law govern matters concerning covered securities. *Beckett*, 2006 WL 3249189, at *3. The Court then summarized the very same question before this Court – whether claims challenging excessive fees in connection with the purchase of a covered security are preempted under SLUSA where the plaintiff, contrary to her prior admissions, insists that she is not asserting any express claims for misrepresentation or omission:

> The issue then becomes whether the causes of action assert a "misrepresentation or omission" in connection with the sale or purchase. Plaintiff's causes of action allege breach of contract, breach of fiduciary duties, unjust enrichment and a Washington Consumer Protection Act claim. There is no explicit reference to any fraudulent activity such as a misrepresentation or omission of material fact. One may reasonably infer that Plaintiff has framed the pleading in an effort to avoid SLUSA preemption. . . . This does not, however, end our inquiry.

*Id.* at *3.

Citing to the *Felton* decision, the *Beckett* Court confirmed that whether the fact that a plaintiff expressly pleads misrepresentations or omissions does not end the inquiry on whether the "misrepresentation and omission" requirement to SLUSA preemption is not satisfied. *Id.* at *4. On the contrary, the *Beckett* Court went on to cite multiple cases where SLUSA preemption was triggered in the face of conscious efforts to edit a prior pleading. *Id.* The *Beckett* Court then held that the plaintiff's state law class claims based upon allegations that the defendant charged

---

[2] Without offering a pin cite, Plaintiff claims that *Beckett* is distinguishable because it involved "specific allegations regarding misrepresentations or omissions." *Plaintiff's Opposition* at 17. The Court in *Beckett* noted to the contrary – the *Beckett* amended complaint lacked any specific allegation of misrepresentation or omission. *2006 WL 3249189, at **4-5.*

excessive transaction fees -- precisely what Plaintiff alleges here -- were preempted under SLUSA even in the absence of express allegations of misrepresentation or omissions:

> Here, Plaintiff alleges that Mellon charged transaction and service fees that were not authorized by the contract. This implicitly alleges an omission of material fact in connection with the sale or purchase of securities; i.e., that transaction and service fees would be charged against funds obtained in the sale of the securities. Accordingly, these state law contract claims are subject to SLUSA removal and preemption.
>
> Plaintiff's argument in regard to breach of fiduciary duties or unjust enrichment fares no better. Claims that investment advisors breached fiduciary duties in charging unauthorized fees have been held to necessarily coincide with the sale or purchase of securities and are based in part on material omissions or the misrepresentations concerning the fees. Accordingly, breach of fiduciary duty claims are subject to SLUSA removal and preemption. . . . The same is true for claims of unjust enrichment. The request for recovery of allegedly unlawfully obtained fees and charges imposed on the funds of sale of securities is subject to SLUSA preemption as a misrepresentation or omission of material fact coinciding with the sale of securities.

*Id.* at *4 (numerous citations omitted).

In sum, Plaintiff asserts the same allegations, seeks the same relief and asserts the very same arguments as in *Beckett* to try to avoid SLUSA preemption. And as in *Beckett*, her artful pleading does not provide a path to bypass SLUSA. *See also Behlen,* 311 F. 3d at 1095-96; *Dudek,* 295 F.3d at 879-80; *Felton v. Morgan Stanley Dean Witter & Co.,* 429 F. Supp. 684, 692-93 (2006); *Dommert v. Raymond James Financial Services, Inc.,* No. 06-cv-102, 2007 WL 1018234, at **7-8 (E.D. Tex. March 29, 2007); *Kurz v. Fidelity Management & Research Co.,* No. 07-cv-709-JPG, 2007 U.S.Dist. LEXIS 80127 (S.D. Ill. Oct. 30, 2007); *In re Mutual Funds Investment Litig.,* 437 F.Supp.2d 439 (D. Md. 2006); *Araujo v. John Hancock Life Ins. Co.,* 206 F. Supp.2d 377, 384-85 (E.D. N.Y. 2002).

## 2. The Second Amended Complaint Triggers SLUSA Preemption

Even if the controlling law rejecting Plaintiff's artful pleading could be ignored, and there is no reason it should be, the allegations in Plaintiff's Second Amended Complaint, just like in those that preceded it, trigger SLUSA. First, Plaintiff continues to allege that Defendants maintained a policy of only investing in the Bank's affiliated mutual funds as a means to charge excessive and improper fees and to reduce the Bank's internal expenses. *See Second Amended*

*Complaint* ¶¶25-29. She contends that Defendants failed to establish investment policies and procedures, failed to document transactions, *failed to make documents relating to transactions available*, and failed to review investment accounts to ensure the appropriateness of the mutual fund investments. *See id.* at ¶32(v)-(vii). As set forth in Defendants' Opening Brief, these allegations bring Plaintiff's class claims squarely within SLUSA's preemptive reach.[3] *See, e.g., Dommert*, 2007 WL 1018234, at *8 ("The Court is unpersuaded that 'failing to disclose,' i.e., not telling, is distinguishable from 'omitted' or 'misrepresenting' in terms of SLUSA.").

Next, Plaintiff does not dispute that the gravamen of her Second Amended Complaint is that the Bank charged excessive fees in connection with the mutual fund investments. *See Second Amended Complaint* ¶¶ 23-24, 26, 28-29, 32, 36-37. The only relief she is seeking is recovery of the purported excessive fees. *Plaintiff's Memorandum in Opposition to Bank of America's Motion to Dismiss the Amended Complaint* at 5 (Docket No. 41) at 5. She argues, however, that these claims are not preempted under SLUSA because (1) she is the master of her complaint and she insists she is not pleading a claim for fraud or misrepresentation and (2) the

---

[3]    Plaintiff's cited cases, *Paru v. Mutual of America Life Ins. Co.*, No. 04-6907, 2006 U.S. Dist. LEXIS 28125, at **9-14 (S.D.N.Y. May 10, 2006) and *LaSala v. Bank of Cypress Public Co.*, 510 F.Supp.2d 246 (S.D.N.Y. 2007), do not set forth a different rule or require a different result. The only alleged breach of fiduciary duty in *Paru* – that is, permitting market timing to occur - in and of itself was detrimental to investors. *Id.* At *4. It is this very point which led the Court to conclude that the claims in *Paru* did not trigger SLUSA: "[S]ince market timing activity in a mutual fund is nonetheless detrimental to the long-term performance of a fund, whether legal or not, plaintiff's damages claims does not necessarily result from the non-disclosure of that activity. It follows that non-disclosure of market timing activity is not a necessary allegation implicit in the Complaint." *Id.* at *11. Here, the single fact of investing in mutual funds cannot alone state a claim, given the state law authorizing these investments. Plaintiff must allege more and she did so.

In *LaSala*, plaintiffs alleged that banks aided and abetted a corporate executive's theft of company funds and related acts of fraud. *LaSala*, 510 F.Supp.2d 246. Because plaintiffs' complaint showed *no nexus* between the alleged fraud and any securities transaction, the court held that the action was not covered by SLUSA. *Id.* at 273-74. But the court cautioned that its holding was narrow and case-specific: "Nothing in [these decisions] is intended to suggest that SLUSA could not preempt a claim for ... a breach of fiduciary duty" where "the defendant's conduct is alleged to be in furtherance of a securities fraud." *Id.* n.12.

cases Defendants cited asserting claims for excessive fees "all involved" express misrepresentations. *Id.* at 16-18. Both of her arguments lack merit.

Plaintiff is not the master of her complaint. SLUSA presents an express exception to the well-pleaded complaint rule because Congress has expressed its intention "to completely preempt the field of certain types of class actions by essentially converting a state law claim into a federal claim." *Felton*, 429 F.Supp.2d at 692. The key inquiry is whether a reasonable reading of the complaint implicitly evidences allegations of misrepresentation or omission. *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 304 (3d Cir. 2005). In this instance, numerous courts have held that state law class claims challenging excessive fees charged in connection with the purchase of a covered security are preempted under SLUSA. *Behlen*, 311 F. 3d at 1094; *Dudek*, 295 F.3d at 879-80; *Beckett*, 2006 WL 3249189, at *4; *Boyce v. AIM Management Group, Inc.*, No. H-04-2587, 2006 U.S. Dist. LEXIS 71062, at *22 (S.D. Tex. Sept. 26, 2006); *In re Salomon Smith Barney Mutual Fund Fees Litig.*, 441 F.Supp.2d 579 (S.D. N.Y. 2006).[4]

Finally, Plaintiff's express allegations also encompass a manipulative scheme that provides yet a third, independent ground triggering SLUSA. 15 U.S.C. §78bb(f)(1). As Plaintiff alleges, the Bank's purported "Mutual Fund Policy" "enabled" the Bank to perpetrate the alleged fraud – by allegedly making one-sided investment decisions and overcharging its trust customers with the mutual fund investments. *See* Second Amended Complaint ¶¶2, 4, 25-26, 29, 43-44. As Plaintiff thereafter alleges, the purported policy drove the Bank's conduct with respect to the mutual funds, keeping from her, as she claims, the true nature of the investments, the decisions and the costs. *Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081 (DRD), 2004 WL 1462035 (D.N.J. Jan. 12, 2004) is on point here. As in this case, in *Nekritz*, the plaintiff insisted that he was alleging only that the defendant mutual fund company had policies preventing

---

[4] While the complaint in *In re Smith Barney Mutual Fund Fees* did include express misrepresentations, the plaintiffs argued that their state law claims were based upon unlawful fees and not misrepresentations. 441 F.Supp. at 603-04. The court held that the claims, based upon either premise, were preempted by SLUSA. *Id.* at 604.

market timing, that it undertook obligations to comply with those policies and to prevent marketing timing and that it failed to meet those obligations – without deceiving investors as to its intentions. These simple breach of fiduciary duty and breach of contract claims, according to the plaintiff in *Nekritz*, did not trigger SLUSA. *Id.* at *3. The court disagreed:

> [Plaintiff's] allegations could also be read to give rise to an inference of deception on Janus's part. The Complaint does not simply describe a sequence of events in which Janus made a promise and then breached it; rather, it depicts a continuing scheme in which Janus purported to maintain its policy against market timing even after it had ceased to enforce that policy for preferred customers. A strong argument can be made that deception was clearly, and necessarily, part of the alleged market timing arrangement: the scheme could not have continued if ordinary investors had known how they were being taken advantage of. In describing such continuing exploitation of a position of trust, Plaintiff appears to allege deception sufficiently for his claims to be removable under SLUSA, setting forth facts that 'give rise to a strong inference' of fraudulent intent.

*Id.* (citations omitted).

As in *Nekritz*, the lack of clear information led Plaintiff to retain the investments. Further, if Plaintiff had known of the Bank's "policy," the "conflicts" and the purported excessive fees, presumably she would not have done so. This case is on all fours with *Nekritz*. While "fraudulent consent" is excised, the Second Amended Complaint includes the same "policy" as the linchpin of the purported deceptive scheme. *See also In re Edward Jones Holders Litig.*, 453 F.Supp.2d 1210, 1215 (C.D. Ca. 2006); *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp.2d 451 (D.N.J. 2005).

### B. If, As Plaintiff Contends, Her Claims Are Not Preempted By SLUSA, Then This Court Lacks Subject Matter Jurisdiction Under CAFA

If, as Plaintiff contends, her claims are not preempted by SLUSA because they involve a simple state law breach of fiduciary duty concerning a covered security, then CAFA compels her to bring those state law class claims in state court. CAFA's carve out provisions in 28 U.S.C. §1332(d)(9) intended to ensure that CAFA does not disturb SLUSA. As this Court noted in *Estate of Pew v. Cardarelli*:

> [W]hile the reach of CAFA is extremely broad, subdivision (d)(9) of section 1332 carves out a substantial exception for state law securities and business-related claims. This is the only category of claims that CAFA exempts based on the

> specific subject-matter of the litigation. The three subparagraphs of subdivision (d)(9), read together, evince an overall legislative intention to maintain federal protection of "the integrity and efficient operation" of the market for nationally traded securities, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 126 S.Ct. 1503, 1509, 164 L. Ed. 2d 179 (2006), while preserving the significant role played by states in the regulation of business entities and securities that are not nationally traded.

No. 05-1317, 2006 U.S. Dist. LEXIS 89025, at **17-18 (N.D. N.Y. Dec. 6, 2006); *see also In re Textainer P'ship Sec. Litig.*, No. 05-0969, 2005 U.S. Dist. LEXIS 26711, at **14-15 (N.D. Cal. July 27, 2005).

Two of CAFA's carve out exceptions apply here. Section 1332(d)(9)(A) deprives this Court of jurisdiction under CAFA because Plaintiff is asserting claims solely "concerning a covered security[.]"[5] Section 1332(d)(9)(C) excludes any class action from CAFA's reach involving a fiduciary obligation related to a security. Plaintiff does not dispute that the affiliated mutual funds at issue are a covered security or that this case involves an alleged breach of fiduciary duty. *See, e.g., Plaintiff's Opposition* at 4.[6] In offering six instances of the Bank's alleged wrongful conduct, every one revolves around the mutual fund investments. *Id.* Plaintiff claims that her case nevertheless falls inside of CAFA because it involves "a trust instrument." The court in *Williams v. Texas Commerce Trust Co.*, No. 05-1070, 2006 U.S. Dist. LEXIS 39743 (W.D. Mo. June 15, 2006), however, rejected the same argument Plaintiff presses. In *Williams*, the plaintiffs, debenture holders pursuant to a trust indenture, brought a class action alleging that the defendant trustees breached their fiduciary duties resulting in the debentures being rendered

---

[5]   Plaintiff states that Defendants "miscite" *Pew* and *In re Textainer*, but those cases were cited to explain the interplay between CAFA and SLUSA. Dismissal of Plaintiff's claims for lack of subject matter jurisdiction is compelled not by those cases but by the plain language of section 1332(d)(9)(A).

[6]   Plaintiff's reliance on *Davis v. Chase Bank, U.S.A., N.A.* is misplaced. As Plaintiff concedes, *Davis* involved section 1332(d)(9)(C) ***not*** section 1332(d)(9)(A). *See Davis v. Chase Bank, U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1208-09 (C.D. Cal. 2006). Moreover, *Davis* does not support Plaintiff's contention that section 1332(d)(9)(C) does not apply here. The court found that section 1332(d)(9)(C) did not apply because a credit card agreement was not a "covered security" under CAFA. *Id.* at 1209. The *Davis* plaintiff also asserted numerous claims, many of which did not relate to or arise from the alleged security at issue. *Id.* Here, all of Plaintiff's claims relate to or arise from the affiliated mutual funds investments.

virtually worthless. *Id.* at *3-6. The defendants removed the case under CAFA, and the plaintiffs moved to remand.

The plaintiffs contended that CAFA's exceptions applied because their claims were based on the defendants' breach of fiduciary duty arising from the trust indenture and relating to the debentures (a covered security). *Id.* at *13. In opposition, the defendants argued – as Plaintiff does here – that the plaintiffs' claims arose out of the trust indenture, not the covered security itself. *Id.* at **16-17. According to the defendants, the plaintiffs' claims were "one step removed" from the security and consequently were not "relating to or created by or pursuant to a security." *Id.* at **7-8. The court rejected that argument, concluding that although the trust indenture was not itself a covered security, it was "related to" to the issuance of the security. *Id.* *17, 26-27. The court held that section 1332(d)(9)(C) applied and the court did not have jurisdiction under CAFA. *Id.* at **17-18. So it is here. While Plaintiff's allegations certainly implicate her "trust instrument," they also all concern the investments in mutual funds. Consequently, Plaintiff's claims too fall within CAFA's exceptions.

### III.  CONCLUSION

Plaintiff cannot have it both ways.  Plaintiff's artful pleading does not provide a basis to shield her state law class claims from SLUSA's preemptive reach.  Plaintiff's rebuttal argument to avoid SLUSA, that her claims involve a simple breach of fiduciary duty arising from the Bank's decision to invest her trust assets in affiliated mutual funds, triggers CAFA's jurisdictional exceptions.  Accordingly, Defendants' motion to dismiss should be granted.

REED SMITH LLP

By: <u>Andrew B. Messite</u>
Andrew B. Messite (ABM-3748)
599 Lexington Avenue, 29th Floor
New York, NY  10022
Telephone:  212.521.5400
Facsimile:  212.521.5450

and

Gregory B. Jordan
Mary J. Hackett
K. Issac DeVyver
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone:  412.288.3131

December 3, 2007

Attorneys for Defendants
Bank of America, N.A. and
Bank of America Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was served this 3rd day of December, 2007 upon the following counsel of record by the Court's electronic filing system:

>Daniel Cobrinik, Esq.
>2 Grand Central Tower
>140 East 45th Street, 25th Floor
>New York, New York  10017

/s/ Andrew B. Messite
Andrew B. Messite (ABM-3748)